| | |
|---|---|
| 1 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| 2 | SHAWN A. WILLIAMS (213113) |
| | Post Montgomery Center |
| 3 | One Montgomery Street, Suite 1800 |
| | San Francisco, CA 94104 |
| 4 | Telephone: 415/288-4545 |
| | 415/288-4534 (fax) |
| 5 | shawnw@rgrdlaw.com |
| |       – and – |
| 6 | ROBBINS GELLER RUDMAN |
| |   & DOWD LLP |
| 7 | DANIELLE S. MYERS (259916) |
| | BRIAN E. COCHRAN (286202) |
| 8 | JENNIFER N. CARINGAL (286197) |
| | MICHAEL ALBERT (301120) |
| 9 | JUAN CARLOS SANCHEZ (301834) |
| | 655 West Broadway, Suite 1900 |
| 10 | San Diego, CA 92101 |
| | Telephone: 619/231-1058 |
| 11 | 619/231-7423 (fax) |
| | dmyers@rgrdlaw.com |
| 12 | bcochran@rgrdlaw.com |
| | jcaringal@rgrdlaw.com |
| 13 | malbert@rgrdlaw.com |
| | jsanchez@rgrdlaw.com |

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>BERKELEY LIGHTS, INC., et al.,<br><br>                  Defendants. | Case No. 5:21-cv-09497-HSG<br><br><u>CLASS ACTION</u><br><br>NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE: May 26, 2022<br>TIME: 2:00 p.m.<br>CTRM: 2, 4th Floor<br>JUDGE: Hon. Haywood S. Gilliam, Jr. |

4886-3594-1644.v1

| | |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD |
| 3 | PLEASE TAKE NOTICE that on May 26, 2022 at 2:00 p.m., or as soon thereafter as the |
| 4 | matter may be heard before the Honorable Haywood S. Gilliam, Jr., Pompano Beach Police & |
| 5 | Firefighters' Retirement System (the "Retirement System") will and hereby does move this Court |
| 6 | pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u- |
| 7 | 4(a)(3)(B), for an order appointing the Retirement System as Lead Plaintiff and approving its |
| 8 | selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  This Motion is made on the |
| 9 | grounds that the Retirement System is the "most adequate plaintiff" to serve as lead plaintiff |
| 10 | pursuant to the PSLRA.  In support of this Motion, the Retirement System submits herewith a |
| 11 | Memorandum of Points and Authorities and the Declaration of Jennifer N. Caringal ("Caringal |
| 12 | Decl."). |
| 13 | **MEMORANDUM OF LAW** |
| 14 | **I.    INTRODUCTION** |
| 15 | The action was brought on behalf of purchasers of Berkeley Lights, Inc. ("Berkeley Lights" |
| 16 | or the "Company") common stock between July 17, 2020 and September 14, 2021, inclusive (the |
| 17 | "Class Period") against the Company and certain of its former and current senior executives.  The |
| 18 | PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable |
| 19 | of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The |
| 20 | Retirement System should be appointed lead plaintiff because it timely filed this Motion, has a |
| 21 | substantial financial interest in the outcome of this litigation, and otherwise satisfies Rule 23's |
| 22 | typicality and adequacy requirements.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the |
| 23 | Retirement System's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel |
| 24 | should be approved because the Firm possesses extensive experience prosecuting securities class |
| 25 | actions and will adequately represent the interests of all class members.  *See* §IV.B., *infra*. |
| 26 | **II.   STATEMENT OF ISSUES TO BE DECIDED** |
| 27 | 1.    Whether the Court should appoint the Retirement System as lead plaintiff pursuant to |
| 28 | 15 U.S.C. §78u-4(a)(3)(B); and |

2.     Whether the Court should approve the Retirement System's selection of Robbins Geller as lead counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Berkeley Lights is a biotechnology company headquartered in Emeryville, California. Berkeley Lights owns and operates a proprietary platform for analyzing and processing cell data for use in the development and commercialization of biotherapeutics and other cell-based products, focusing on the markets of antibody therapeutics, cell therapy, and synthetic biology. The centerpiece of the Berkeley Lights platform is the Company's advanced automation system, the Beacon. The Beacon is a fully automated, high throughput system designed to allow detailed cell analysis at scale. The Beacon is used by Berkeley Lights' customers for tasks such as antibody discovery and cell line development.

The complaint alleges that throughout the Class Period defendants made false and misleading statements and failed to disclose that: (i) Berkeley Lights' flagship instrument, the Beacon, suffered from numerous design and manufacturing defects including breakdowns, high error rates, data integrity issues, and other problems, limiting the ability of biotechnology companies and research institutions to consistently use the machines at scale; (ii) Berkeley Lights had received numerous customer complaints regarding the durability and effectiveness of Berkeley Lights' automation systems, including complaints related to the design and manufacturing; (iii) the actual market for Berkeley Lights' products and services was a fraction of the $23 billion represented to investors because of, among other things, the relatively high cost of Berkeley Lights' instruments and consumables and inability to provide the sustained performance necessary to justify these high costs; and (iv) as a result, defendants' statements to investors during the Class Period regarding Berkeley Lights' business, operations, and financial results were materially false and misleading.

On September 15, 2021, research analyst firm Scorpion Capital issued a scathing investigative report, titled "Fleecing Customers And IPO Bagholders With A $2 Million Black Box That's A Clunker, While Insiders and Silicon Valley Bigwigs Race To Dump Stock. Just Another VC Pump at 27X Sales. Target Price: $0," which criticized Berkeley Lights' technology and questioned the durability of Berkeley Lights' most important business relationships and its business

growth plan. Although Scorpion Capital stated it was short Berkeley Lights, the information contained in the Scorpion Capital report was purportedly based on extensive proprietary research and analysis, including 24 research interviews with former Berkeley Lights employees, industry scientists, and end users across 14 of Berkeley Lights' largest customers. Among other findings, the report detailed a "trail of customers who allege they were 'tricked,' misled, or over-promised into buying a $2 million lemon" and concluded that the "reality is so far from BLI's grandiose hype that we believe its product claims and practices may constitute outright fraud." ECF No. 1 at ¶35. On this news, the price of Berkeley Lights common stock fell by nearly 30% over two trading days, closing at $23.53 on September 16, 2021, damaging investors.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of Berkeley Lights' common stock, the Retirement System and other class members have suffered significant losses and damages.

## IV. ARGUMENT

### A. The Retirement System Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Specifically, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Retirement System meets each of these requirements and should be appointed as Lead Plaintiff.

### 1. This Motion Is Timely

On December 8, 2021, the statutory notice was published on *Business Wire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by February 6, 2022. *See* Caringal Decl., Ex. A. February 6, 2022 was a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is February 7, 2022. Because the Retirement System's Motion has been timely filed, it is eligible for appointment as lead plaintiff.

### 2. The Retirement System Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Retirement System purchased 3,685 shares of Berkeley Lights common stock and suffered approximately $97,396 in losses. *See* Caringal Decl., Exs. B, C. To the best of the Retirement System's counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Retirement System Is Typical and Adequate of the Putative Class

In addition to possessing the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

The test of typicality is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). The adequacy requirement is met if no conflicts exist between the representative and class interests and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4).

Like all putative class members, the Retirement System purchased Berkeley Lights common stock during the Class Period and suffered harm as a result of defendants' alleged misconduct. As such, the Retirement System suffered the same injuries as the other putative class members as a result of the same alleged conduct by defendants and has claims based on the same legal issues. In addition, the Retirement System has a substantial stake in the outcome of the case, providing the requisite incentive to vigorously represent the class's claims. The Retirement System has not conflated its own financial interest with the Berkeley Lights transactions of any third-party entities in which the Retirement System may have invested. And, as discussed below, the Retirement System has selected qualified counsel experienced in securities litigation.

Finally, as an institutional investor, the Retirement System is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

Accordingly, the Court should find that the Retirement System has made a *prima facie* showing of typicality and adequacy.

### B. The Court Should Approve the Retirement System's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice"); *Cavanaugh*, 306 F.3d at 732-35. The Retirement System has selected Robbins Geller as lead counsel in this case.

Robbins Geller attorneys regularly practice complex securities litigation before this Court.[1]

---

[1] For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

The Firm's securities practice group includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including in this District, have noted Robbins Geller's reputation for excellence and appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Twitter Inc. Sec. Litig.*, 326 F.R.D. 619 (N.D. Cal. 2018).

In the last two years alone, Robbins Geller has recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits.[2] And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement System's selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[2] *See, e.g.*, *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery for the class is the largest securities recovery in the Tenth Circuit; Robbins Geller attorneys also created a mechanism that allowed class members to share an additional $250 million recovered by the SEC); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

## V. CONCLUSION

The Retirement System has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Retirement System respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED: February 7, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
BRIAN E. COCHRAN (286202)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

SUGARMAN & SUSSKIND, P.A.
ROBERT A. SUGARMAN
PEDRO A. HERRERA
100 Miracle Mile, Suite 300
Coral Gables, FL 33134
Telephone: 305/529-2801
305/447-8115 (fax)
sugarman@sugarmansusskind.com
herrera@sugarmansusskind.com

Additional Counsel for Proposed Lead Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 7, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: jcaringal@rgrdlaw.com

4886-3594-1644.v1

# Mailing Information for a Case 4:21-cv-09497-HSG Ng v. Berkeley Lights, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Daniel Robert Gherardi**
  daniel.gherardi@lw.com,daniel-gherardi-6013@ecf.pacerpro.com,#SVLITIGATIONSERVICES@lw.com

- **Michele D. Johnson**
  Michele.Johnson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Matthew Rawlinson**
  matt.rawlinson@lw.com,zoila.aurora@lw.com,matthew-rawlinson-3894@ecf.pacerpro.com,#SVLitigationServices@lw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`