ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
BRIAN E. COCHRAN (286202)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BERKELEY LIGHTS, INC., et al., <br><br> Defendants. | Case No. 4:21-cv-09497-HSG <br><br> CLASS ACTION <br><br> POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S RESPONSE TO COMPETING LEAD PLAINTIFF MOTIONS <br><br> DATE: May 26, 2022 <br> TIME: 2:00 p.m. <br> CTRM: 2, 4th Floor <br> JUDGE: Hon. Haywood S. Gilliam, Jr. |

4872-4461-9023.v1

Pompano Beach Police & Firefighters' Retirement System (the "Retirement System") and five other movants timely filed motions in this case seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (i) Michael Damelio; (ii) Connectra Technologies, Inc. ("Connectra"), Sookham Singh, and Taiki Yamaguchi (the "Berkeley Lights Investor Group"); (iii) Dong Liu; (iv) Glenn H. Kovary; and (v) Jubie Cho Pei Chan. *See* ECF Nos. 21, 25, 26, 38, 41, 46. On February 22, 2022, Dong Liu, Glenn H. Kovary, and Jubie Cho Pei Chan filed notices of non-opposition to the competing motions for lead plaintiff, each recognizing that they did not have the "largest financial interest." *See* ECF Nos. 49, 50, 51.

The PSLRA provides that the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The "'most capable' plaintiff-and hence the lead plaintiff- is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of [Federal Rule of Civil Procedure] 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).[1] If that movant does not meet the typicality and adequacy requirements, "the court turns to the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. The court repeats this process until it selects a presumptive lead plaintiff." *In re Cloudera, Inc. Sec. Litig.*, 2019 WL 6842021, at *2 (N.D. Cal. Dec. 16, 2019).

Here, based on the submissions, Michael Damelio claims the largest financial interest in the relief sought by the class:

| Movant | Financial Interest |
|---|---|
| Michael Damelio | $124,348.14 |
| The Retirement System | $97,396.61 |
| Connectra | $73,616.58 |
| Dong Liu | $73,577.43 |
| Glenn H. Kovary | $51,587.22 |
| Taiki Yamaguchi | $33,479.97 |
| Sookham Singh | $7,540.11 |
| Jubie Cho Pei Chan | $6,842 |

---

[1] Unless otherwise noted herein, all emphasis is added and citations are omitted.

*See* ECF Nos. 25-3, 26-4, 38-3, 21-3, 43-3, 46-3.

Nonetheless, "those plaintiffs not selected as the presumptive lead plaintiff may 'rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.'" *Cloudera*, 2019 WL 6842021, at *3. "This is done by showing that the presumptive lead plaintiff either 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id.* The Retirement System is unaware of information suggesting that Mr. Damelio "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

However, the Retirement System respectfully notes that "[c]ourts have indeed recognized that, '[i]n enacting the PSLRA, Congress unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors.'" *Koffsmon v. Green Dot Corp.*, 2021 WL 3473975, at *3 (C.D. Cal. Aug. 6, 2021), *recons. denied by* 2022 WL 170636 (C.D. Cal. Jan. 19, 2022); *see also Lloyd v. CVB Fin. Corp.,* 2011 WL 13128303, at *5 (C.D. Cal. Jan. 21, 2011) ("By emphasizing financial stake, the Reform Act establishes a preference that sophisticated institutional investors direct the course of securities cases."); *Tumolo v. Cymer, Inc.*, 1999 WL 1567741, at *2 (S.D. Cal. Jan. 22, 1999) ("One of the primary purposes of the lead plaintiff provisions of the PSLRA was to encourage a meaningful investor with a substantial stake in the litigation, preferably a large institutional investor, to initiate and control the litigation (and the lawyers who are behind it)."). If the Court determines that Mr. Damelio is incapable or inadequate to represent the class in this litigation, the Retirement System satisfies the Rule 23 requirements (*see* ECF No. 26 at 4-5) and stands ready and willing to serve as lead plaintiff in this case. *See generally In re eHealth Inc. Sec. Litig.*, No. 4:20-cv-02395-JST, ECF No. 85 (N.D. Cal. Jan. 10, 2022) (ordering republication of notice and filing of new lead plaintiff motions after suggestion of death filed for existing lead plaintiff).

Although there is one other movant (the Berkeley Lights Investor Group) that claims to have suffered a larger loss than the Retirement System, the Berkeley Lights Investor Group should not be

allowed to aggregate their losses under the PSLRA, as it is clear that this group was cobbled together to artificially create the largest financial interest and leapfrog other investors with a larger individual loss, including the Retirement System (a preferred institutional investor). Here, all of the separate members of the Berkeley Lights Investor Group suffered a smaller loss than the Retirement System:[2]

| Movant | Financial Interest |
| --- | --- |
| The Retirement System | $97,396.61 |
| Connectra | $73,616.58 |
| Taiki Yamaguchi | $33,479.97 |
| Sookham Singh | $7,540.11 |

*See* ECF Nos. 26-4, 38-3.

While the PSLRA contemplates the appointment of a "person or group of persons" as lead plaintiff (15 U.S.C. §78u-4(a)(3)(B)(iii)), this Court has acknowledged that "'courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff.'" *Markette v. XOMA Corp.*, 2016 WL 2902286, at *7 (N.D. Cal. May 13, 2016); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) (explaining that if a court "were to determine that the movant 'group' with the largest losses had been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel, it could well conclude, based on this history, that the members of that 'group' could not be counted on to monitor counsel in a sufficient manner"). Indeed, courts in this District have declined to appoint groups of unrelated entities brought together to serve as lead plaintiff. *See, e.g.*, *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016) (citing *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal. Aug. 22, 2008)); *Cloudera*, 2019 WL 6842021, at *6-*8 (finding that a "group" of two unrelated investors could not be "'the most adequate plaintiffs' where the members were 'unrelated to each other' until introduced by their lawyers").[3]

---

[2] Although Arsh Saini, the Director of Operations at Connectra, and Sookham Singh are married, even if the Court were to aggregate their losses, their cumulative loss of $81,156 is still smaller than the Retirement System's loss of $97,396.

[3] While this Court has previously approved as lead plaintiff groups of unrelated investors, the Retirement System respectfully submits that those cases are readily distinguishably from the case at hand. In *Mulquin v. Nektar Therapeutics*, 2019 WL 1170774, at *1 (N.D. Cal. Mar. 13, 2019) and

POMPANO BEACH POLICE & FIREFIGHTERS' RETIREMENT SYSTEM'S RESPONSE TO
COMPETING LEAD PLAINTIFF MOTIONS - 4:21-cv-09497-HSG                                                    - 3 -
4872-4461-9023.v1

There is no justification here for the aggregation of the Berkeley Lights Investor Group's losses. The Berkeley Lights Investor Group is comprised of three individual members – who reside on two different continents and are separated by fifteen time zones – represented by two separate law firms. The Berkeley Lights Investor Group's Joint Declaration reveals Arsh Saini and Sookham Singh had no pre-existing relationship with Taiki Yamaguchi, and only became aware of each other when their respective law firms "informed us about one another, including that we all had substantial losses." ECF No. 38-4 at ¶16. And while the Berkeley Lights Investor Group claims that "it made sense for us to jointly move for appointment as Lead Plaintiff," (*id.*), they do not explain why it made sense to do so, nor why the group must be represented by two firms beyond mere boilerplate assertions that the individual movants have "different backgrounds and individual experiences" and that the two law firms have "experience and ability" to prosecute this action. *Id.* at ¶¶19, 21. *See In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) (group's claim that the members "'thoughtfully opted to join together'" did "not explain why joinder is necessary or beneficial to this litigation").

The Court's decision in *Markette* is analogous to the situation here. In *Markette*, the presumptive lead plaintiff was a group comprised of a married couple and two additional unrelated investors. 2016 WL 2902286, at *8. The Court noted that if the married couple had moved for lead plaintiff only with each other, "the Court would aggregate their claims without concern," but "[s]tanding on their own . . . the married couple did not incur enough loss to be the presumptive lead plaintiff." *Id.* Accordingly, this Court had to determine whether or not to aggregate the married couple's losses with the two unrelated investors, and the Court used the "rule of reason approach" to ascertain whether the group had "made a sufficient showing of sophistication and cohesiveness among its unrelated investor-members to justify a finding of adequacy." Similar to the Berkeley

*In re NVIDIA Corp. Sec. Litig.*, 2019 WL 1960341, at *1 (N.D. Cal. May 2, 2019), the groups were unopposed by any other movants for appointment as lead plaintiff. Similarly, in *Vataj v. Johnson*, 2020 WL 532981, at *2 (N.D. Cal. Feb. 3, 2020), the movants who sought appointment as co-lead plaintiffs were unopposed. And in *In re Aqua Metals Sec. Litig.,* 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018), the group submitted a detailed joint declaration demonstrating that they "'can function cohesively'" (unlike here) and the Court further noted that one of the members of the group, a large institutional investor, was an experienced lead plaintiff in other similar actions (unlike here).

Lights Investor Group's Joint Declaration here, the joint declaration in *Markette* contained "generalities" from the group members "stating that they would actively participate in the litigation and communicate with their counsel." *Id.* at \*9.  As a result, this Court declined to appoint the group in *Markette* as lead plaintiff, finding that it was "clear that Xoma Group was 'created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel and, as such, are "groups" of the sort district courts in this circuit and throughout the country look upon with disfavor.'"  *Id.*

The Berkeley Lights Investor Group here is no different than the Xoma Group.  Given the 15-hour time difference between Arsh Saini and Sookham Singh with Taiki Yamaguchi, the Joint Declaration does little to confirm the Berkeley Lights Investor Group's ability to monitor and direct the litigation, and although the group members claim to "plan to convene joint calls whenever there are significant legal or factual developments in the case . . . [and] agreed to regularly communicate via email with each other" (ECF No. 38-4 at ¶17), this  generic language fails to "clarify how the group will tackle the massive coordination and strategic issues that are certain to arise in this litigation. Simply stated, this conclusory declaration has little or no substance." *Eichenholtz*, 2008 WL 3925289, at \*9.  It is clear that the Berkeley Lights Investor Group is nothing more than a lawyer-driven artificially created group that was cobbled together solely for the purpose of claiming the largest financial interest and there is no proof that the group can function cohesively.  The Berkeley Lights Investor Group's motion should be denied.[4]

---

[4]    *See, e.g.*, *Pardi v. Tricida, Inc*., 2021 WL 1381271, at \*1 (N.D. Cal. Apr. 2, 2021) ("[R]ather than function as a cohesive group, the Tricida Investor Group 'ha[s] been created by the efforts of lawyers hoping to ensure their eventual appointment as lead counsel.'"); *Wasa Med. Holdings v. Sorrento Therapeutics, Inc*., 2021 WL 533518, at \*5 (S.D. Cal. Feb. 12, 2021) ("When unrelated investors are cobbled together, the clear implication is that counsel, rather than the parties, are steering the litigation."); *Chauhan v. Intercept Pharm*., 2021 WL 235890, at \*5 (S.D.N.Y. Jan. 25, 2021) ("The facts thus contradict their contention that they were not 'cobbled together' by counsel simply to win the position of lead plaintiff and lead counsel, and not because they believed as a group they could best serve the class."); *Tan v. NIO Inc*., 2020 WL 1031489, at \*4 (S.D.N.Y. Mar. 3, 2020) ("the group's testimony about the members' involvement in the case thus far and their plans for cooperation moving forward . . . represent little more than the type of 'conclusory assurances' the courts have repeatedly rejected as inadequate"); *Williams v. Block.One*, 2020 WL 4505569, at \*3 (S.D.N.Y. Aug. 4, 2020) ("The Williams Group has failed also to explain why the putative class would benefit from having five lead plaintiffs authorized to make decisions on its behalf. While large leadership groups occasionally may offer advantages, the application here creates an unnecessary risk of having too many cooks in the kitchen – or, perhaps worse, a risk of having disinterested cooks."); *Haideri v. Jumei Int'l Holding Ltd*., 2020 WL 5291872, at \*5 (N.D. Cal. Sept. 4, 2020) ("The Court therefore does not find the Huang Group to be an adequate lead plaintiff. The

Finally, the remaining movants also allege smaller losses than the Retirement System:

| Movant | Financial Interest |
|---|---|
| The Retirement System | $97,396.61 |
| Dong Liu (*filed notice of non-opposition*) | $73,577.43 |
| Glenn H. Kovary (*filed notice of non-opposition*) | $51,587.22 |
| Jubie Cho Pei Chan (*filed notice of non-opposition*) | $6,842 |

*See* ECF Nos. 26-4, 21-3, 43-3, 46-3.

Consequently, the Court cannot consider their motions unless the presumption in favor of appointment of the Retirement System as lead plaintiff is rebutted. *See Cavanaugh,* 306 F.3d at 732 (court considers other motions "if and only if" the presumptive lead plaintiff is "found inadequate or atypical"). However, "other than pointing out [the Retirement System's] relatively low[er]financial stake in the litigation," it is unlikely that the other movants will make any argument against the Retirement System's appointment. *Tsirekidze v. Syntax-Brillian Corp*., 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (disqualifying three movants with financial interests between $155,000 and $300,000 and appointing single movant with $28,800 loss despite the fact that it did not suffer the greatest financial interest because it "is the first [movant] to meet [the PSLRA's] standards").

---

evidence of record reflects that it is not a client-driven group but rather a lawyer-driven one."); *McDermid v. Inovio Pharm., Inc*., 467 F. Supp. 3d 270, 279 (E.D. Pa. 2020) (declining to appoint group as lead plaintiff after observing that "lawyers seemingly shepherded some members into the Inovio Group"); *In re Stitch Fix, Inc. Sec. Litig*., 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019) ("To permit aggregation and lead plaintiff status for such a group undercuts the goal of having the plaintiffs and not the lawyers call the shots in securities class actions. . . . Consequently, the Court declines to aggregate the Stitch Fix Investor Group members' losses or to consider their individual losses.").

Accordingly, in the event that the Court declines to appoint Mr. Damelio as lead plaintiff, the Retirement System is ready and willing to serve as Lead Plaintiff.

DATED:  February 22, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
BRIAN E. COCHRAN (286202)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

SUGARMAN & SUSSKIND, P.A.
ROBERT A. SUGARMAN
PEDRO A. HERRERA
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  305/529-2801
305/447-8115 (fax)
sugarman@sugarmansusskind.com
herrera@sugarmansusskind.com

Additional Counsel for Proposed Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 22, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4872-4461-9023.v1

# Mailing Information for a Case 4:21-cv-09497-HSG Ng v. Berkeley Lights, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Melissa Ann Fortunato**
  fortunato@bespc.com,ecf@bespc.com

- **Daniel Robert Gherardi**
  daniel.gherardi@lw.com,daniel-gherardi-6013@ecf.pacerpro.com,#SVLITIGATIONSERVICES@lw.com

- **Lucas E. Gilmore**
  lucasg@hbsslaw.com,lisan@hbsslaw.com,sf_filings@hbsslaw.com

- **Michele D. Johnson**
  Michele.Johnson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,khadijah-fields-2405@ecf.pacerpro.com

- **Reed R. Kathrein**
  reed@hbsslaw.com,sf_filings@hbsslaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jennifer Pafiti**
  jpafiti@pomlaw.com,jalieberman@pomlaw.com,ahood@pomlaw.com,lobas@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,fgravenson@pomlaw.

- **Marion Curry Passmore**
  passmore@bespc.com,ecf@bespc.com

- **Matthew Rawlinson**
  matt.rawlinson@lw.com,zoila.aurora@lw.com,matthew-rawlinson-3894@ecf.pacerpro.com,#SVLitigationServices@lw.com

- **Juan Carlos Sanchez**
  jsanchez@rgrdlaw.com,e_file_SD@rgrdlaw.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com,mkuwashima@rgrdlaw.com

- **Wesley Aaron Wong**
  wesleyw@hbsslaw.com,sf_filings@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)