Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
         passmore@bespc.com

*Counsel for the BLI Investors*
*and Proposed Lead Counsel for the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BERKELEY LIGHTS, INC., ERIC D. HOBBS, SHAUN M. HOLT and KURT WOOD,<br><br>Defendants. | Case No. 4:21-cv-09497-HSG<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN FURTHER SUPPORT OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br>Date:        May 12, 2022<br>Time:        2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge: Honorable Haywood S. Gilliam, Jr. |

## MEMORANDUM OF POINTS AND AUTHORITIES

Connectra Technologies, Inc. ("Connectra"), Sookham Singh, and Taiki Yamaguchi (collectively, the "Berkeley Lights Investor Group," "BLI Investors," or "Movant") respectfully submit this Memorandum of Points and Authorities in Opposition to Competing Motions for Lead Plaintiff and Approval of Counsel and in Further Support of their Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") and Bernstein Liebhard, LLP ("Bernstein Liebhard") as Co-Lead Counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3).

## PRELIMINARY STATEMENT

On February 7, 2022, six movants timely filed motions for appointment as lead plaintiff and approval of lead counsel in this Action.[1]  Only two competing motions for appointment as lead plaintiff remain before the Court.[2]  Under the PSLRA, the presumptive lead plaintiff is the movant or movant group with the largest financial interest in the action who has made a *prima facie* showing of Fed. R. Civ. P. 23 ("Rule 23") typicality and adequacy.  Here, that presumptive lead plaintiff is unmistakably the BLI Investors.

Movant suffered losses of over $117,380 as a result of the alleged fraud in this Action, which are the largest losses of any qualified movant before the Court.  Movant also made the requisite *prima facie* showing of Rule 23 adequacy and typicality.  As detailed in their motion, the BLI Investors is a small, cohesive group of sophisticated investors, including a husband and wife, with wide-ranging business and employment backgrounds.  The BLI Investors members have no conflicts with the proposed Class, understand the role of a lead plaintiff, are dedicated to the vigorous prosecution of this

---

[1] Motions were also made by (i) Michael Damelio ("Damelio"); (ii) Pompano Beach Police & Firefighters' Retirement System; (iii) Dong Liu ("Liu"); (iv) Glenn Kovary ("Kovary"); and (v) Jubie Cho Pei Chan ("Chan").  "BLI" or the "Company" means Defendant Berkeley Lights, Inc.  Otherwise undefined terms have the definitions set forth in the BLI Investors' opening motion (the "Opening Motion").  ECF No. 38.

[2] On February 22, 2022, Chan, Liu, and Kovary each filed a notice of non-opposition to the competing lead plaintiff motions (ECF Nos. 49, 50, and 51, respectively).

Action, and have selected qualified counsel. Accordingly, they are entitled to the PSLRA's "strong" presumption of being appointed lead plaintiff. Once the presumptive lead plaintiff movant is identified, it is well established that the Court should not engage in a beauty contest among the movants. *See infra* at 6. The only way for competing movants to unhinge the PSLRA's "strong" presumption is to present "proof" that the BLI Investors are somehow inadequate. No such proof exists here. Accordingly, the Court should grant Movants' motion and deny the motions of the other competing movants.

One competing movant, Damelio, purports to have a larger financial interest than the BLI Investors, but Damelio's loss figure has been artificially inflated by improperly including losses from a joint account for which he has not demonstrated standing or consent to pursue claims for. Courts require a lead plaintiff movant to demonstrate standing for all claims it asserts. *See infra* 7. Here, Damelio did not provide the name of the other person or entity on his joint account or any indicia of consent of the joint account holder to pursue his motion. Damelio likewise has not demonstrated his standing to act alone on behalf of the joint account. Accordingly, losses from the joint account cannot be included as part of Damelio's losses. With the losses from the joint account removed from his loss figure, Damelio's financial interest drops nearly 25% – from a purported $124,348 to $93,111 – substantially less than that of the BLI Investors. Accordingly, even if the Court is still willing to consider Damelio's motion, which it should not do for several reasons discussed below, Damelio does not have the largest financial interest in the Action, the BLI Investors do.

Damelio is also inadequate to represent the Class for a host of other reasons. Unlike the BLI Investors, Damelio failed to provide any background information on his educational or, more importantly, investment experience to demonstrate *prima facie* adequacy. This dooms Damelio's motion. *See infra* at 8. And Damelio should not be allowed to belatedly cure the deficiencies in his motion – the failure to present basic biographical information in his initial motion is fatal. *Cf. Perez v. Hexo Corp.*, No. 19 Civ. 10965 (NRB), 2020 WL 905753, at *3 (S.D.N.Y. Feb. 20, 2020) (*"Hexo"*) ("given Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this [case]"), *reconsideration denied sub nom. In re HEXO Corp. Sec. Litig.*, No. 19 Civ. 10965 (NRB), 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020).

Damelio also runs afoul of the PSLRA because he signed his certification on October 1, 2021 – over two months *before* the complaint in this Action was filed by another law firm. *See* ECF Nos. 1, 25-2. The PSLRA requires that a plaintiff review a complaint that is going to be filed and that a lead plaintiff movant review the complaint (or one of the complaints) *filed* – not some unspecified draft complaint from months earlier – if that even occurred here. Indeed, since Damelio's counsel did not file a complaint here, it is unclear what, if any, complaint Damelio reviewed when he signed his certification. Any draft complaint he may have reviewed may have contained very different allegations than those ultimately filed in the complaint here.

Finally, Damelio moved on behalf of the wrong class. *Compare* Ng Compl. ¶¶1, 50 (defining Class as purchasers of Berkeley Lights common stock) *with* Damelio Mot. (ECF No. 25) at pgs. 2, 5, 6 (defining class as purchasers of Berkeley Lights securities). Damelio stated in his motion that he would "adequately represent the Class [as] movant's interest is clearly aligned with the members of the Class because his claim is identical to the claims of the Class who made investments in BLI securities." *Id*. at 6. But it is hard to "adequately represent" the wrong class. This is not merely academic as, under the current Class definition, purchasers of options, bonds, or any other securities other than common stock are not – *contra* Damelio – included.

For these reasons and those discussed below and in their earlier submission, the BLI Investors' motion for appointment as Lead Plaintiff and approval of Co-Lead Counsel should be granted, and all competing motions should be denied.

## ARGUMENT

### I.   THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### A.   BLI Investors Are the Presumptive Lead Plaintiff Because They Have the Largest Financial Interest of Movants Who Satisfy Rule 23

Under the PSLRA, the presumptive lead plaintiff is the "person or group of persons" who suffered the largest financial interest and satisfies Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). It is well-settled that each movants' approximate losses are used to determine their financial interest. *See, e.g.*, *Mulquin v. Nektar Therapeutics*, No. 18-cv-06607-HSG, 2019 WL 1170774, at *2 (N.D. Cal. Mar. 13, 2019) (Gilliam, J.). As the chart below shows, the BLI Investors

have the largest financial interest of all remaining competing movants – and Damelio is out of the running because, in addition to inflating his losses with an account for which he has not demonstrated standing or consent to pursue claims for, he has not made a *prima facie* showing that he meets Rule 23's adequacy and typicality requirements:

| The **BLI Investors** | **Financial Interest** |
|---|---|
| | |
| Connectra Technologies | $76,361 |
| Sookham Singh | $7,540 |
| Taiki Yamaguchi | $33,480 |
| **BLI Investors Totals** | **$117,381[3]** |
| | |
| **Pompano Beach Police & Firefighters' Retirement System** | **$97,396.00** |
| | |
| ~~Michael Damelio - Joint Acct.~~ | ~~$31,237~~ |
| ~~Michael Damelio - IRA~~ | ~~$93,111~~ |
| ~~**Michael Damelio - Total**~~ | ~~**$93,111**~~ |

The BLI Investors' substantial financial interest here ensures that they will prosecute this action diligently and vigorously for the benefit of the proposed Class. *See Williams v. Block One*, No. 20-CV-2809 (LAK), 2020 WL 4505569, at *3 n.19 (S.D.N.Y. Aug. 4, 2020) ("The theory of these provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff . . . would be motivated to act like a 'real' client, carefully choosing counsel and

---

[3] In their initial motion, the BLI Investors made a typographical error asserting that its losses were $114,636 when, in fact, their losses are slightly higher, $117,280. The cause of this was that Connectra's summary loss chart inadvertently listed its financial interest as $73,616 while Yamaguchi's summary loss chart correctly listed Connectra's financial interest as $76,360. *See* ECF No. 38-3 at 2, 5. It is well established that a minor typographical error of this nature does not bear on a movant's adequacy. *See, e.g.*, *Scheller v. Nutanix, Inc.*, No. 19-cv-01651-WHO, 2021 WL 2410832, at *6 n.6 (N.D. Cal. June 10,2021) ("May clarifies that the omission of the four trades from the 2019 certification was inadvertent and that the omission understated May's losses…. Accordingly, the error was not made in bad faith and would not render May atypical or inadequate."). Nor does it alter the fact that the BLI Investors have the largest financial interest in this Action.

monitoring counsel's performance to make sure that adequate representation was delivered at a reasonable price.").

### B.      The BLI Investors Also Satisfy Rule 23 Requirements

In addition to having the largest financial interest, Movant made a *prima facie* showing of its typicality and adequacy under Rule 23.   The BLI Investors' members are typical of other Class members because they bought Berkeley Lights common stock during the Class Period and were significantly harmed by the same alleged misstatements and omissions as other Class members.  The BLI Investors has also met the PSLRA's *prima facie* adequacy requirements in that the members have no conflicts with other Class members; selected experienced counsel; and provided detailed information about their business backgrounds and investing experience.[4]  The BLI Investors' members have also sworn that they understand the lead plaintiff role and will take the lead plaintiff role seriously and litigate the case vigorously for the proposed Class.  *See id*. ¶20.  As a small, cohesive group,

---

[4] *See* Joint Decl. (ECF No. 38-4) at ¶¶ 16-17 ("When Bernstein Liebhard and BES informed us about one another, including that we all had substantial losses, we decided it made sense for us to jointly move for appointment as Lead Plaintiff.  We have exchanged contact information and been in communication with one another.  If we are appointed as lead plaintiff, we have agreed to actively manage the prosecution of this case, including reviewing documents, having joint calls, discussing significant developments, and participating in discovery.  At a minimum, we plan to convene joint calls whenever there are significant legal or factual developments in the case.  We also agree that either of us can request a joint call, with or without counsel's participation or knowledge, to discuss the case at any time.  We have also agreed to regularly communicate via email with each other and/or co-lead counsel as needed.  Further, we agree to quarterly communications with one another and our counsel to discuss the progress of the litigation and have requested our counsel to provide us with regular status reports").

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN FURTHER SUPPORT OF THE BERKELEY INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

including a married couple, the BLI Investors' members have extensive business experience and have been investing for years, all demonstrating that they are well-suited to manage this litigation.[5]

Because the BLI Investors have the largest financial interest of any qualified movants and satisfy the relevant Rule 23 requirements, it is entitled to the PSLRA's strong presumption that it is the most adequate plaintiff to lead this action.

**C.    There is No Proof to Rebut the Strong Presumption in Favor of Appointing the BLI Investors as Lead Plaintiff**

To rebut the BLI Investors' lead plaintiff status, competing movants must offer "proof" that Movant does not satisfy Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such proof exists here. Because Movant has the largest financial interest and satisfies Rule 23, the Court can end its analysis there and appoint the BLI Investors as lead plaintiff.  *See, e.g.*, *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (once a court determines which plaintiff has the largest stake, the court must appoint that plaintiff as lead unless it finds that he does not satisfy the typicality or adequacy requirements); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (once the adequacy "presumption is triggered, the question is not whether another movants might do a better job of protecting the interests of the class").  In other words, the lead plaintiff process is not a "beauty contest" – the qualified movant with the largest financial interest is the presumptive lead plaintiff, period.

---

[5] Group movants are expressly allowed by the terms of the PSLRA.  Moreover, this Court has repeatedly appointed small, cohesive lead plaintiff groups like the BLI Investors.  *See, e.g.*, *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 WL 532981, at n.1 (N.D. Ca. Feb. 3, 2020) (appointing two person group and co-lead counsel, noting that "this Court has held that a group of previously-unrelated investors may show that it is an adequate class representative if it demonstrates that the group is small and cohesive, and that the individual members have demonstrated an ability to work together effectively on behalf of the class"); *In re Aqua Metals Sec. Litig.*, No. 17-CV-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (this Court appointed group comprised of husband and wife's private company, together with an institution, finding that their joint declaration sufficiently demonstrated that the group was "fully capable of representing the class's interests effectively."); *In re NVIDIA Corp. Sec. Litig.*, No. 18-cv-07669-HSG, 2019 WL 1960341, at *2 (N.D. Ca. May 2, 2019) (this Court appointed group of two unrelated investors).

MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN FURTHER SUPPORT OF THE BERKELEY INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL

**D.      Damelio Cannot Serve As Lead Plaintiff Because He Has Failed To Demonstrate His *Prima Facie* Adequacy and Typicality Under Rule 23**

**1.      Damelio Has Not Demonstrated His Standing to Litigate on Behalf of a Joint Account in Which 25% of His Losses Were Incurred**

Damelio is the only other movant that purports to have a larger financial interest than the BLI Investors, but that is not actually the case, and Damelio is otherwise inadequate to serve as lead plaintiff in this Action anyway.  Damelio lists on his certification Berkeley Lights trades from an individual account as well as from a joint account.  *See* ECF No. 25-2.  Damelio, however, has not demonstrated that he can include the losses from the joint account as part of his financial interest figure.

A lead plaintiff movant seeking appointment based on losses suffered in a joint account must demonstrate standing to pursue such claims.  *See, e.g.*, *Abadilla v. Precigen*, No. 20-cv-06936-BLF, 2021 WL 1312746, at *3 (N.D. Cal. Apr. 8, 2021) (appointing movant on behalf of joint account where, in addition to providing background information about his investment experience, he demonstrated standing to pursue such claims in a declaration).  Damelio has not demonstrated such standing here. Damelio provided no information about who the other party on his joint account is or whether that party has consented to pursuing this case.  Damelio likewise has not established that he has sole authority to act on behalf of the joint account.  Damelio, therefore, cannot include the losses stemming from the joint account in his financial interest calculation.  *Abadilla*, 2021 WL 1312746, at *3.  With the joint account trades backed out, Damelio's purported $124,938 financial interest drops significantly to $93,111 – over $20,000 below that of the BLI Investors.  Accordingly, Damelio does not have the largest financial interest in this Action – the BLI Investors do.

**2.      Damelio Provided No Information About His Investing or Educational Background and Cannot Satisfy *Prima Facie* Adequacy**

Presumptive lead plaintiff movants must satisfy the typicality and adequacy provisions of Rule 23 before being appointed as lead plaintiff.  *See* 15 U.S.C. § 78u-4; *Rosi v. Alcaris Therapeutics, Inc.*, No. 19-CV-7118 (LTS) (JLC), 2019 WL 5778445, at *3 (S.D.N.Y. Nov. 6, 2019).  Part of analyzing adequacy is determining whether the proposed lead plaintiff and his counsel "have any conflicts of interest with other class members" and whether the class representative and its counsel will "prosecute

the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). To intelligently perform the adequacy analysis, courts must have sufficient information about each movant. Sufficient information includes investment experience and educational background. *See, e.g.*, *Hexo*, 2020 WL 905753, at *3.

Damelio provided no information about his investing experience or educational background, which is fatal to his motion. *Hexo* is instructive. There, the court denied the motion of the movant with the largest financial interest because, *inter alia*, he provided no information about his investing experience or educational background in his initial motion:

> While there is no dispute that Wong has the largest financial interest in this proceeding, . . . Medley and Sweeney maintain that Wong has failed to demonstrate his prima facie adequacy under Rule 23. They note, for example, that Wong's initial motion "provided no information about himself whatsoever, e.g., his investment history, educational background, etc.," thereby precluding the necessary inquiry into whether Wong has any conflicts with other class members…. [G]iven Wong's failure to provide any information regarding his experience in his preliminary motion, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action.

*Hexo*, 2020 WL 905753, at *3. In addition, the fact that Wong belatedly described his background in a reply memorandum did not lessen the court's skepticism about his adequacy and his ability to manage the action. *See id.*

After rejecting Wong as inadequate under Rule 23, the *Hexo* Court appointed the movants with the next largest financial interest, a two-person group that submitted a detailed declaration – similar to that submitted by the BLI Investors here – describing their backgrounds:

> By contrast, Medley and Sweeney, who are next in line to become lead plaintiff given their claimed losses . . . have submitted a joint declaration that offers detailed information in support of their adequacy under Rule 23. In light of their claimed losses and the additional information provided regarding their capacity to manage this litigation, the Court concludes that Medley and Sweeney are presumptively the lead class plaintiffs.

2020 WL 905753, at *3. *See also Sabbagh v. Cell Therapeutics, Inc.*, No. C10-414MJP, 2010 WL 3064427, at *6 (W.D. Wash. Aug. 2, 2010) (appointing a group of investors as lead plaintiff where they provided, *inter alia*, information about "their . . . investment experience"); *In re Conseco, Inc. Sec.*

*Litig.*, 120 F. Supp. 2d 729, 733 (S.D. Ind. 2000) (rejecting individual movant and citing lack of information about background and qualifications).

### 3.   Damelio Is Subject to Unique Defenses Because He Signed His Certification Two Months Before the Complaint Was Filed

If a lead plaintiff movant is "subject to unique defenses that could render him incapable of adequately representing the putative class[,]" that movant cannot be appointed as lead plaintiff. *In re Snap Inc. Sec Litig.*, No. 2:17-cv-03679j-SVW-AGR, 2019 WL 2223800, at *2 (C.D. Cal. Apr. 1, 2019).

The PSLRA provides that (i) a plaintiff must review a copy of the complaint before filing it and (ii) a proposed lead plaintiff must review a copy of that complaint (or another filed complaint) before moving for lead plaintiff:

> The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.
>
> (2)   Certification filed with complaint
>
>    (A)In general
>
>    Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that—
>
>    (i) states that the plaintiff has reviewed ***the complaint*** and authorized its filing….
>
>    (iv) sets forth all of the transactions of the plaintiff in the security that is the subject of ***the complaint during the class period specified in the complaint***

15 U.S.C. § 78u-4(a)(1) and (a)(2) (emphasis added).  By moving for lead plaintiff, Damelio is clearly "seeking to serve as a representative party on behalf of a class." *See id*.  Thus, this provision applies to him (and all lead plaintiff movants).

Damelio signed his certification on October 1, 2021. *See* ECF No. 25-2.  Plaintiff Ng filed the complaint in this case on December 8, 2021 – over two months later and with different counsel than Damelio's.  Thus, Damelio could not have signed his certification after reviewing the complaint filed in this action.  Indeed, Damelio's statement in his certification that he has "reviewed a complaint alleging securities fraud against Berkeley Lights, and several of its officers and directors, and

authorized its filing" (ECF No. 25-2) is different from the usual language in the lead plaintiff context, *e.g.*, "Plaintiff has reviewed the complaint in this action."[6]  Because Damelio could not have reviewed the complaint filed by Ng, Damelio runs afoul of the PSLRA and cannot serve as lead plaintiff.  Indeed, it is unclear what, if anything, Damelio reviewed in connection with the filing of his motion.

### 4. Damelio Is Inadequate to Serve as Lead Plaintiff Because He Moved on Behalf of the Wrong Class

Damelio also moved for lead plaintiff on behalf of a class of those who purchased Berkeley Lights securities – but that is not the right class.  *Compare* Ng Compl. ¶¶1, 50 (defining class as purchasers of Berkeley Lights common stock) *with* Damelio Mot. (ECF No. 25) at 2, 5, 6 (repeatedly defining class as purchasers of Berkeley Lights "securities").  Damelio stated that he would "adequately represent the Class" and that his "interest is clearly aligned with the members of the Class because his claim is identical to the claims of the Class who made investments in BLI securities." *Id*. at 6.  But the class is not comprised of purchasers of securities, it is comprised of purchasers of Berkeley Lights common stock.  Damelio moved on behalf of many investors who are not currently part of the case, *e.g.*, those who bought Berkeley Lights options, puts, calls, and possibly bonds.  This significant error further undermines Damelio's adequacy to serve in a representative capacity as lead plaintiff.

### CONCLUSION

For the foregoing reasons and those given in their Opening Motion, the BLI Investors respectfully request that this Court: (1) appoint the BLI Investors as Lead Plaintiff for the Class in the Action; (2) approve BES and Bernstein Liebhard as Co-Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

---

[6] *See*, *e.g.*, the BLI Investors' Opening Motion (ECF No. 38-2) (Connectra and Singh "reviewed the complaint" filed in this matter and authorized the filing of a motion for appointment as lead plaintiff); *id*. (Yamaguchi "reviewed the complaint"); Pompano certification, ECF No. 26-3 (Pompano "reviewed a complaint filed and adopts its allegations"); ECF No. 21-2 (Liu "reviewed a complaint filed in the action").

Dated: February 22, 2022                    Respectfully submitted,

                                           **BRAGAR EAGEL & SQUIRE, P.C.**

                                           */s/ Melissa A. Fortunato*
                                           Melissa A. Fortunato (SBN #319767)
                                           Marion C. Passmore (SBN #228474)
                                           **BRAGAR EAGEL & SQUIRE, P.C.**
                                           580 California Street, Suite 1200
                                           San Francisco, California 94104
                                           Telephone: (415) 568-2124
                                           Facsimile: (212) 214-0506
                                           Email: fortunato@bespc.com
                                                      passmore@bespc.com

                                           *Counsel for the BLI Investors and Proposed*
                                           *Co- Lead Counsel for the Class*

                                           **BERNSTEIN LIEBHARD LLP**
                                           Laurence J. Hasson
                                           Joseph R. Seidman, Jr.
                                           10 East 40th Street
                                           New York, NY 10016
                                           Telephone: (212) 779-1414
                                           Facsimile: (212) 779-3218
                                           Email: lhasson@bernlieb.com
                                                      seidman@bernlieb.com

                                           *Counsel for the BLI Investors and Proposed*
                                           *Co- Lead Counsel for the Class*

Case No. 4:21-cv-09497-HSG
MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
COUNSEL, AND IN FURTHER SUPPORT OF THE BERKELEY INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL