Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
Wesley A. Wong (314652)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*Michael Damelio*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. NG, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., ERIC D. HOBBS, SHAUN M. HOLT, and KURT WOOD,<br><br>Defendants. | No.  4:21-cv-09497-HSG<br><br><u>CLASS ACTION</u><br><br>**MICHAEL DAMELIO'S REPLY IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL**<br><br>Date: Thursday, May 26, 2022<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr.<br><br>ORAL ARGUMENT REQUESTED |

011048-11/1812068 V4

## I.   INTRODUCTION

Amongst the five competing movants, only the so-called BLI Investor Group – an artificial collection of investors cobbled together by multiple law firms who even in the aggregate do not claim the largest loss – challenges Mr. Damelio's appointment as lead plaintiff. ECF No. 54.[1]  The BLI Investor Group's opposition is baseless.

Mr. Damelio is undisputedly the presumptive lead plaintiff, having claimed the largest loss and made a *prima facie* showing of adequacy and typicality. As the Ninth Circuit recently affirmed, this presumption may be rebutted "***only upon proof***" that Mr. Damelio "will not fairly and adequately protect the interests of the class; or [ ] is subject to unique defenses that render [him] incapable of adequately representing the class." *Mersho v. U.S. Dist. Ct.*, 6 F.4th 891, 899 (9th Cir. 2021) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb)) (emphasis added). The BLI Investor Group offers no new evidence providing "proof" of Mr. Damelio's inadequacy.

Instead, without legal or factual basis, the BLI Investor Group claims that Mr. Damelio is disqualified because his claimed financial interest includes losses on trades from a joint account. ECF No. 54 at 2, 7. On this fact alone, the BLI Investor Group takes the giant speculative leap of arguing that Mr. Damelio has artificially inflated his financial interest and does not have standing to pursue these losses.  *Id*. But the account in question is a joint account that Mr. Damelio owns together with his wife. *See* Exhibit A to the Declaration of Lucas E. Gilmore, submitted herewith ("Damelio Reply Decl."), ¶ 3. The BLI Investor Group's own authorities recognize that Mr. Damelio has an ownership interest in the securities claims arising from this joint account and, thus, may properly seek to be appointed lead plaintiff on the basis of his losses. ECF NO. 54 at 7, citing *Abadilla v. Precigen, Inc.*, 2021 WL 1312746, at *3 (N.D. Cal. Apr. 8, 2021) ("*Precigen*") (appointing movant who properly included losses stemming from joint account shared with movant's wife); *see also In re Regions Morgan Keegan Closed-End Fund Litig.*, 2010 WL 5173851, at *11

---

[1] On February 22, 2022, Pompano Beach, Dong Liu, Glenn H. Kovary, and Jubie Cho Pei Chan filed notices of non-opposition to the competing motions for lead plaintiff, each recognizing that they did not have the "largest financial interest." *See* ECF Nos. 49, 50, 51, 53, 59.  Pompano Beach, however, opposes the BLI Investor Group and has larger losses than any individual in the BLI Investor Group. See ECF 53, 59.

(W.D. Tenn. Dec. 15, 2010) (discussed at length in *Precigen* and holding that that a lead plaintiff movant "***has standing to bring an action on behalf of . . . his joint account because he has a direct ownership interest in [it].***") (Emphasis added).

Equally unavailing is the BLI Investor Group's concern that Mr. Damelio's initial motion papers failed to provide information regarding his investment experience and education. ECF No. 54 at 7-8. Mr. Damelio's provision of his place of residence (Castle Rock, Colorado) and occupation (pharmacist) was more than enough information to allow competing applicants to conduct a background check.  ECF No. 25 at MPA at 2. Tellingly, neither the BLI Investor Group nor any other movant uncovered any fact about Mr. Damelio's past bearing on his inadequacy – because there is none.  In any event, Mr. Damelio has provided a declaration detailing his educational achievements, investment experience, and decorated career in the U.S. Navy.  Damelio Reply Decl., ¶ 2. This information quashes any question regarding Mr. Damelio's ability to represent the Class. *See, e.g., Tollen v. Geron Corp.*, 2020 WL 2494570, at *4 (N.D. Cal. May 14, 2020) (holding that movant's declaration submitted on reply providing sufficient background information about the movant addressed all concerns regarding movant's adequacy).

Similarly, the BLI Investor Group makes much of the fact that Mr. Damelio's certification states that he had reviewed the complaint filed in this action even though the certification was dated two months prior to the filing the complaint that initiated this action. ECF No. 54 at 9-10. But at the time of signing his certification, Mr. Damelio understood his attorneys were conducting an investigation of investors' claims in contemplation of a complaint to be filed. After Plaintiff Ng's filing of the initial complaint, however, Mr. Damelio spoke via phone and email with counsel about that complaint and the claims asserted therein. Damelio Reply Decl., ¶ 4. After which, Mr. Damelio opted to move for lead plaintiff.  *Id*. Moreover, Mr. Damelio has attested that he has reviewed the initial complaint, is familiar with its allegations, and adopts the allegations as his own.  *Id*. Courts repeatedly hold that such minor innocent inaccuracies in certifications are not disqualifying. *Blake v. Canoo Inc.,* 2022 WL 599504, at *6 (C.D. Cal. Feb. 18, 2022) ("*Canoo*") (holding that the fact that movant signed certification stating that he had reviewed complaint, even though certification was

DAMELIO'S REPLY IN SUPPORT OF MTN. FOR APPT. LEAD PL. AND APPROVAL OF COUNSEL - 2
Case No.: 4:21-cv-09497-HSG
011048-11/1812068 V4

dated prior to the filing of the complaint that initiated the action was not disqualifying, absent evidence this error was "'done in bad faith or was intentionally misleading'") (quoting *Malriat v. QuantumScape Corp.*, 2021 WL 1550454, *5 (N.D. Cal. Apr. 20, 2021) ("Even if there were some technical violation, courts generally do not find that immaterial or clerical mistakes render a movant inadequate without more.") (collecting cases).

*Finally*, that Mr. Damelio moved for lead plaintiff on behalf of a class of those who purchased Berkeley Lights "securities," when the initial complaint defines the putative class as purchasers of Berkeley Lights "common stock" is meaningless. ECF No. 54 at 10. Berkeley Light's common stock is in fact a Berkeley Light security.  In any event, Mr. Damelio understands the current class definition and further understands that after the appointment of lead plaintiff and lead counsel, the class definition may expand to include Berkeley Lights securities other than common stock. Damelio Reply Decl., ¶ 6.

Accordingly, there is no basis, let alone evidence, showing that Mr. Damelio would not adequately represent the interests of these class members.  To the contrary, Mr. Damelio has demonstrated his knowledge, ability and commitment to vigorously prosecuting investors' claims. *See, e.g.*, Damelio Reply Decl., ¶ 5. Thus, the Court should grant the motion of Mr. Damelio in full, appoint him as Lead Plaintiff for the Class, approve of his selection of Hagens Berman as Lead Counsel, and deny the competing motions.

## II.    ARGUMENT

### A.    The BLI Investor Group Concedes that Mr. Damelio has the Largest Loss.

Pursuant to the PSLRA, the movant who asserts the largest financial interest in the case in the "presumptive lead plaintiff" and must be appointed lead unless competing movants come forward with evidence establishing that the presumptive lead plaintiff is not adequate or typical. *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Here, the BLI Investor Group concedes that Mr. Damelio has asserted the largest financial loss. *See* BLI Investor Group Opp. ECF No. 54 at 2, 7.

DAMELIO'S REPLY IN SUPPORT OF MTN. FOR APPT. LEAD PL. AND APPROVAL OF COUNSEL - 3
Case No.: 4:21-cv-09497-HSG
011048-11/1812068 V4

**B.      The BLI Investor Group's Concerns Do Not Rebut the Presumption**

The BLI Investor Group's concerns do not come close to rebutting the presumption that Mr. Damelio is incapable of adequately representing the class.

**1.      Mr. Damelio Has Standing to Assert Claims on Behalf of the Joint Account.**

*First*, in opposing Mr. Damelio's lead plaintiff motion, the BLI Investor Group baselessly speculates that Mr. Damelio does not have standing to assert claims for $31,237 of his claimed loss of $124,348.14. ECF No. 54 at 7. The purported basis for that speculation is merely because these losses arise from a joint account listed on his certification.  *Id*. (addressing See ECF No. 25-2). The BLI Investor Group's speculation is unsupported by any evidence and is incorrect on the facts and law. Nothing about the joint status of the account raises questions about Mr. Damelio's standing and, in any event, Mr. Damelio's reply declaration readily clears up any misunderstanding. *See* Damelio Reply Decl., ¶3.

The standard for rebutting a lead plaintiff presumption is high. Speculation will not suffice; there must be "'proof' sufficient to rebut that presumption." *Chupa v. Armstrong Flooring, Inc.*, 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020). This standard requires "evidence, not just argument, demonstrating how appointing the presumed lead plaintiff 'will affect the litigation' to the disadvantage of the class." *Id*. (discussing *In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 2016 WL 5930844, at *5 (N.D. Cal. Oct. 11, 2016)).

The BLI Investor Group has failed to rebut the presumption because its attack on Mr. Damelio's standing is factually and legally deficient. Mr. Damelio shares and jointly owns the joint account in question with his wife, Hoa Pham, who Mr. Damelio has been married to since 2012. *See* Damelio Reply Decl., ¶3. Mr. Damelio personally made the investment decision and placed all trades from the joint account. *Id*. Mr. Damelio is authorized to bring an action on behalf of the joint account and he has a direct ownership interest in the joint account. *Id*. Moreover, Mr. Damelio's wife fully supports his active participation in the litigation to recover losses from the joint account. *Id*.  Accordingly, it cannot seriously be disputed that Mr. Damelio has an ownership interest in his joint account or

securities claims arising from his account. Mr. Damelio's ownership interest confers the requisite standing and makes him a suitable lead plaintiff.

Indeed, this precise issue was examined in *Regions*, a case addressing a PSLRA leadership contest where one of the lead plaintiff movants asserted claims arising from a number of accounts, including a joint account. *See* 2010 WL 5173851, at *10-11. In evaluating the issue of a movant's standing, the *Regions* Court reasoned that, "for a party to suffer an injury, it must have 'legal title to, or a property interest in, the claim.'" *Id*. at *10 (citing *W.R. Huff Asset Mgmt. Co., LLC, v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008)).[2] *Regions* held that the movant at issue satisfied this standard with respect to a joint account because the movant had a "direct ownership interest" in that account. *Id*. at *11 (citing *Huff* at 108). There is no reason to depart from the straight-forward analysis of *Regions*, which applied established appellate authority. As in *Regions*, Mr. Damelio has standing to assert claims on behalf of his joint account and is an appropriate lead plaintiff.

*Precigen*, 2021 WL 1312746, the sole authority the BLI Investor Group cites in support of this challenge, further underscores the conclusion that Mr. Damelio has standing to assert claims on behalf of the joint account.  There, after reviewing the movant's declaration submitted on reply explaining the joint account in question was shared by the movant and his wife, the Court cited to *Regions* and held that the movant had standing to assert claims on behalf of the joint account. *Id*. at *3.

**2.      Mr. Damelio Has Provided Sufficient Background Information About Himself.**

***Second***, the BLI Investor Group argues that Mr. Damelio has not supplied sufficient background information about himself. ECF 54 at 7-8. But in his motion, Mr. Damelio disclosed his place of residence (Castle Rock, Colorado) and occupation (pharmacist) ECF No. 25 at MPA at 2; thus, providing sufficient information for opposing movants to investigate and confirm who he is or run a customary background check on him. Indeed, a simple Google search provides mounds of information.[3]

---

[2] The Ninth Circuit has expressed agreement with *Huff. See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015), as amended on denial of reh'g and reh'g en banc (Apr. 28, 2015).

[3] *See, e.g.*, Michael Damelio Linkedin profile at https://www.linkedin.com/in/michael-damelio-7078b61a/, last visited Mar. 1, 2022.

DAMELIO'S REPLY IN SUPPORT OF MTN. FOR APPT. LEAD PL. AND APPROVAL OF COUNSEL - 5
Case No.: 4:21-cv-09497-HSG
011048-11/1812068 V4

Specifically, the BLI Investor Group complains that Mr. Damelio has not provided information about his investment experience and education. But such information is largely irrelevant to the Ninth Circuit's tests for typicality and adequacy. For instance, what does Mr. Damelio's investment experience have to do with whether his claims are reasonably coextensive with those of the class, or with his and his counsel's ability to vigorously represent the class? The BLI Investor Group also makes no effort to explain how such information would help allay their concerns about the various unspecified and nonexistent unique defenses to Mr. Damelio's claims they are concerned that Defendants might have. Regardless, the Court is not required to peer into questions of age, state of residence, business experience, and investment experience where it otherwise finds adequacy. *Kasilingam v. Tilray, Inc.,* 2020 U.S. Dist. LEXIS 140885, at *8-9 (S.D.N.Y. Aug. 6, 2020).

In any event, Mr. Damelio has now submitted a declaration detailing his investment experience, education and occupational background. Damelio Reply Decl., ¶ 2. In particular, Mr. Damelio received a Doctor of Pharmacy degree from The University of Florida, and an undergraduate degree from the University of South Florida, graduating *magna cum laude*. *Id*. Mr. Damelio has approximately 8 years of experience in actively making his own investments. In addition, before becoming a pharmacist and investor, in the 1990s, Mr. Damelio served in the United States Navy, including a deployment in Operation Desert Storm. *Id*. During his service, Mr. Damelio received several awards and was honorably discharged. *Id*. Thus, unlike the lead plaintiff movant in *Perez v. Hexo Corp*., 2020 WL 905753, at *3 (S.D.N.Y. Feb. 20, 2020) cited in ECF No. 54 at 8, who provided no information about himself whatsoever in his initial motion and only a "vague" declaration about his background on reply, Mr. Damelio had provided sufficient background information, thereby addressing any concern as to his adequacy as lead plaintiff. *See Geron Corp*., 2020 WL 2494570, at *4 (reply declaration addressed all concerns regarding movant's adequacy).

**3.    Mr. Damelio's PSLRA Certification Does Not Render Mr. Damelio Inadequate.**

*Third*, the BLI Investor Group complains that Mr. Damelio's certification states that he had "reviewed a complaint alleging securities fraud against Berkeley Lights, and several of its officers and directors, and authorized its filing" even though the certification was dated two months prior to

DAMELIO'S REPLY IN SUPPORT OF MTN. FOR APPT. LEAD PL. AND APPROVAL OF COUNSEL - 6
Case No.: 4:21-cv-09497-HSG
011048-11/1812068 V4

Plaintiff Ng filing the complaint that initiated this action. ECF No. 54 at 9-10. But as Mr. Damelio explains in his reply declaration, at the time of signing his certification, he understood his attorneys at Hagens Berman were conducting an investigation of investors' claims in contemplation of a complaint to be filed. Damelio Reply Decl., ¶ 4. After Plaintiff Ng's filing of the initial complaint, Mr. Damelio spoke via phone and email with my attorneys at Hagens Berman Sobol Shapiro LLP about that complaint and the claims asserted therein. *Id*. After which, Mr. Damelio opted to move for lead plaintiff, rather than file a duplicative complaint. *Id*. Mr. Damelio has attested that he has reviewed the Ng complaint, is familiar with its allegations, and adopts them as his own. *Id*. Courts repeatedly hold that such innocent and minor inaccuracies in certifications are not disqualifying. *See Canoo*, 2022 WL 599504 at *6 (fact that movant signed certification representing he had reviewed complaint, even though complaint had not been filed was not disqualifying); *Niederklein v. PCS EdventuresA.com, Inc.*, 2011 WL 759553, *11 (D. Idaho Feb. 24, 2011) (noting that "minor or inadvertent mistakes made in a sworn certification do not strike at the heart of Rule 23's adequacy requirement" in a case where the movant's certification erroneously stated he "authorized" the filing of a complaint that was instead filed by another plaintiff); *see also, In re Solar City Corp. Sec. Litig.*, 2017 WL 363274, *6 (N.D. Cal. Jan. 25, 2017) (noting that despite inaccuracies regarding losses in the motion for appointment as lead plaintiff, there was "no indication that [the movant's] error was caused by anything but an oversight").

### 4.   Mr. Damelio Has Moved on Behalf of the Correct Class.

*Finally*, the BLI Investor Group argues that Damelio is inadequate because in his motion papers he moved for lead plaintiff on behalf of a class of those who purchased Berkeley Lights "securities," when the Ng complaint defined as purchasers of Berkeley Lights "common stock." ECF No. 54 at 10. But Berkeley Light's common stock is in fact a Berkeley Light security.  In any case, Mr. Damelio understands the current class definition and further understands that after the appointment of lead plaintiff and lead counsel, the Court appointed lead plaintiff and lead counsel will likely have the opportunity to file an amended complaint, which will incorporate the results of their investigation including potentially asserting claims on behalf of a broader putative class of Berkeley Lights investors, including those who invested in Berkeley Lights securities other than common stock not

currently part of the case, e.g., those who bought Berkeley Lights options, puts, calls, and possibly bonds. Damelio Reply Decl., ¶ 6. Accordingly, this challenge is baseless.

### III.   CONCLUSION

For the foregoing reasons, Mr. Damelio respectfully requests that the Court appoint him Lead Plaintiff for the Class and approve his selection of Hagens Berman as Lead Counsel for the Class.

Respectfully submitted,

Dated: March 1, 2022

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   */s/ Lucas E. Gilmore*
        LUCAS E. GILMORE

Reed R. Gilmore (139304)
Lucas E. Gilmore (250893)
Wesley A. Wong (314652)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com
wesleyw@hbsslaw.com

Steve W. Berman (*pro hac vice forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff Michael Damelio and [Proposed] Lead Counsel*