Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
        passmore@bespc.com

*Counsel for the BLI Investors
and Proposed Co-Lead Counsel for the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiff,<br><br>        vs.<br><br>BERKELEY LIGHTS, INC., ERIC D. HOBBS, SHAUN M. HOLT and KURT WOOD,<br><br>                         Defendants. | Case No. 4:21-cv-09497-HSG<br><br>CLASS ACTION<br><br>**SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**<br><br>Date:          May 26, 2022<br>Time:          2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge: Honorable Haywood S. Gilliam, Jr. |

Michael Damelio ("Damelio"), one of the three remaining lead plaintiff movants, submitted a reply brief and accompanying declaration that introduce a slew of critical new information in an attempt to cure his deficient motion – but the new information only confirms why the Court should not appoint Damelio as lead plaintiff in this case.[1]

Significantly, on reply, Damelio submitted a brief and sworn declaration in which he admits that he never reviewed any complaint in this case before signing his sworn PSLRA certification:

> *At the time of signing my certification on October 1, 2021, I understood my attorneys at Hagens Berman Sobol Shapiro LLP were conducting an investigation of investors' claims in contemplation of a complaint to be filed. Approximately two months after signing my certification, I understand that another firm filed a complaint in this Action.* Prior to seeking appointment as lead plaintiff in the Action, I spoke via phone and email with my attorneys at Hagens Berman Sobol Shapiro LLP about that complaint and the claims asserted therein. I have reviewed that complaint, am familiar with its allegations, and adopt them as my own.

ECF No. 60-2 at ¶ 4. As the BLI Investors argued on opposition and reply, Damelio's failure to review the filed complaint is fatal to his motion because it violates the PSLRA's black letter requirement that a lead plaintiff movant review the filed complaint when signing a sworn certification. ECF No. 54 at 9; ECF No. 61 at 3.

Moreover, while Damelio's PSLRA certification was signed *two months before* a complaint was filed in this case, his new declaration further concedes that he *did not even review a draft of a complaint* before signing his PSLRA certification – he only "understood [his] attorneys . . . were conducting an investigation of investors' claims in contemplation of a complaint to be filed." ECF No. 60-2 at ¶ 4. This blatantly contradicts Damelio's sworn PSLRA certification, which states that he had "reviewed a complaint alleging securities fraud against Berkeley Lights, and several of its officers and directors, and authorized its filing." ECF No. 25-2. On reply, Damelio tries to frame this as a minor error or inaccuracy, but making a blatantly false statement in a sworn certification filed with the Court is hardly a minor error or inaccuracy, and Damelio does not even claim it was an accident.

The case law Damelio relies on to supposedly justify the fatal error in his certification does no such thing and is readily distinguishable. In *Blake v. Canoo Inc.*, No. CV 21-2873 FMO (JPRx), 2022

---

[1] Otherwise undefined terms are defined in the BLI Investors' reply submission. *See* ECF No. 61.

WL 599504, at *6 (C.D. Cal. Feb. 18, 2022), the certification was dated one day prior to the filing of the complaint – not two months. Moreover, one of the attorneys in *Canoo* "filed a declaration stating that on that date, he had sent [lead plaintiff movant] a draft complaint that 'contained substantially similar allegations to the complaint that was shortly thereafter filed in the Blake action.'" *Id*. Thus, unlike Damelio, the movant in *Canoo* did review a complaint – and one very similar to the one filed shortly thereafter – when he signed his certification.[2]

The new information presented by Damelio on reply, among other things, fatally undermines his adequacy and subjects him to serious unique defenses under Rule 23 that should not burden the proposed class. Furthermore, while the purpose of the PSLRA is to avoid lawyer-driven litigation, Damelio has demonstrated that he is willing to serve his counsel, not the proposed class, including by signing whatever his counsel asks him to. Thus, if there was any question about Damelio's fitness to serve as lead plaintiff, his reply papers have definitively answered it: Damelio has not satisfied Rule 23's adequacy requirements and is subject to serious unique defenses under Rule 23 precluding his appointment as lead plaintiff. The BLI Investors remain the presumptive lead plaintiff since they have the largest financial interest of any qualified movant and have further demonstrated their adequacy by being the only movant that acted as an effective watchdog for the class by raising the serious Rule 23 deficiencies plaguing Damelio.

## CONCLUSION

For these reasons, and those stated in their earlier submissions, the BLI Investors respectfully request that the Court: (1) appoint the BLI Investors as Lead Plaintiff for the Class in the Action; (2) approve Bernstein Liebhard and BES as Co-Lead Counsel for the Class; and (3) deny all other competing motions.

Dated: March 3, 2022                              Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

---

[2] Damelio's other citations fare no better. *See Niederklein v. PCS EdventuresA.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011) (lead plaintiff movant stated he "authorized" the filing of a complaint that was instead filed by another plaintiff); *In re Solar City Corp. Sec. Litig.*, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017) (inaccuracies regarding losses deemed an oversight).

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
           passmore@bespc.com

*Counsel for the BLI Investors and Proposed*
*Co- Lead Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**


Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
           seidman@bernlieb.com

*Counsel for the BLI Investors and Proposed*
*Co- Lead Counsel for the Class*

Case No. 4:21-cv-09497-HSG
SUR-REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL