UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. NG, | Case No. 21-cv-09497-HSG |
| Plaintiff, | **ORDER GRANTING DAMELIO'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND DENYING REMAINING MOTIONS FOR APPOINTMENT** |
| v. | |
| BERKELEY LIGHTS, INC., et al., | |
| Defendants. | Re: Dkt. Nos. 25, 38 |

Pending before the Court are two competing motions for appointment of lead counsel, filed by the Berkeley Lights Investor Group ("BLI Investors")[1] and Michael Damelio. *See* Dkt. Nos. 25, 38. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** Mr. Damelio's motion. Dkt. No. 25.

## I.    BACKGROUND

On February 7, 2022, the Court received six competing motions for appointment as Lead Plaintiff in this putative securities class action. *See* Dkt. Nos. 21, 25, 26, 38, 41, 46. Only two contenders' motions remain pending: (1) BLI Investors, represented by Bragar Eagel & Squire, P.C. and Bernstein Liebhard LLP; and (2) Michael Damelio, represented by Hagens Berman Sobol Shapiro LLP. *See* Dkt. Nos. 25, 38. [2]

---

[1] BLI Investors is composed of Arsh Saini, as Director of Operations of Connectra Technologies, Inc., Sookham Singh, and Taiki Yamaguchi.
[2] Movants Jubie Cho Pei Chan, Dong Liu, Glenn Kovary, and Pompano Beach Police & Firefighters' Retirement System filed notices of non-opposition to the other competing motions. *See* Dkt. Nos. 49, 50, 51, 53.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

## II.     APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.*

### A.     Notice Requirement

Step One consists of meeting the PSLRA's notice requirement. *Id.* "The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published in *Business Wire* on the same day that the complaint was filed. *Compare* Dkt. No. 1 ("Compl."), *with* Dkt. No. 25-4, Ex. C. This complied with the PSLRA's 20-day filing deadline, and *Business Wire* is a "widely circulated [inter]national business-oriented news reporting service," as required. *See Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice specifically announced the filing of the action against Berkeley Lights, Inc.; described the asserted claims under the Securities Exchange Act of 1934; described the class as encompassing "purchasers of Berkeley Lights, Inc. (NASDAQ: BLI) common stock between July 17, 2020 and September 14, 2021, inclusive"; and notified putative class members that any motion to be appointed lead plaintiff must be filed no later than February 7, 2022. *Id.* Accordingly, Step One's requirements are met.

//

**B.    Largest Financial Stake in the Litigation**

Step Two consists of identifying the presumptive lead plaintiff.  *See Cavanaugh*, 306 F.3d at 729–30.  There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit."  *Cavanaugh*, 306 F.3d at 730.

Here, Mr. Damelio argues that he has the highest total losses:  $124,348.14.  Dkt. No. 25 at 2; *see also* Dkt. No. 25-3, Ex. B; Dkt. No. 52 at 2–3.  In their opposition brief, BLI Investors respond that Mr. Damelio overstates his losses because he includes $31,236.85 from a joint account, and he has not established that he has standing or consent to pursue claims for this account.  *See* Dkt. No. 54 at 3–4, 7; *see also* Dkt. No. 61 at 2–3.  Without the losses from the joint account, BLI Investors assert that Mr. Damelio's financial interest drops to $93,111—below that of the BLI Investors.[3]

In reply, however, Mr. Damelio clarified that he shares the joint account with his wife.  *See* Dkt. No. 60-2, Ex. A at ¶ 3.  In his accompanying declaration, Mr. Damelio also confirmed that he is authorized to bring an action on behalf of the joint account, and that his wife supports his participation in the litigation to recover losses from the account.  *See id.*  Mr. Damelio therefore argues that he has a direct ownership interest in all losses flowing from the joint account.  *See* Dkt. No. 60 at 1–2.  The Court finds that his declaration supports his ownership interest in the losses. *See Abadilla v. Precigen, Inc.*, No. 20-CV-06936-BLF, 2021 WL 1312746, at *3 (N.D. Cal. Apr. 8, 2021) (appointing movant as lead plaintiff who included losses from joint account shared with

---

[3] BLI Investors claim an aggregate loss of $117,381 (of which $76,361 is attributable to Connectra Technologies, Inc.; $7,540 is attributable to Sookham Singh; and $33,480 is attributable to Taiki Yamaguchi).  *See* Dkt. No. 38-3, Ex. 2.

United States District Court
Northern District of California

movant's wife).  BLI Investors appear to acknowledge the sufficiency of Mr. Damelio's declaration because they do not repeat this argument in their sur-reply brief.  *See generally* Dkt. No. 70.  The Court finds that Mr. Damelio has the largest financial stake, and is therefore the presumptive lead plaintiff.

### C.    Typicality and Adequacy

A presumptive lead plaintiff also has the burden of setting forth a prima facie case that he can satisfy the class representative requirements of Rule 23(a), typicality and adequacy.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730.  Competing movants can rebut this showing by submitting evidence indicating that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Mr. Damelio argues that he meets the adequacy and typicality requirements because like the rest of the proposed class, he purchased shares in BLI during the class period and suffered damages as a result of Defendants' false or misleading statements or omissions.  *See* Dkt. No. 25 at 6.  There is no indication of any conflict between Mr. Damelio and other class members.  BLI Investors nevertheless raise several arguments that Mr. Damelio cannot satisfy the adequacy requirement of Rule 23.  *See* Dkt. No. 54 at 7–10.

*First*, BLI Investors argue that Mr. Damelio has failed to provide sufficient information about his educational or investing background to establish his adequacy as lead plaintiff.  *See* Dkt. No. 54 at 7–8.  In his initial motion, Mr. Damelio explained that he is a pharmacist who resides in Castle Rock, Colorado.  *See* Dkt. No. 25 at 2.  To the extent BLI Investors claim that information was insufficient, Mr. Damelio provided additional information about himself in his reply.  *See* Dkt. No. 60-2.  He received a Bachelor of Arts degree from the University of South Florida, graduating *magna cum laude*, and a Doctor of Pharmacy degree from the University of Florida. *Id.* at ¶ 2.  Mr. Damelio also explained that he has approximately eight years of experience making his own investments.  *See id.*  The Court finds that Mr. Damelio has provided sufficient background information addressing this concern as to his adequacy as lead plaintiff.

*Second*, BLI Investors argue that Mr. Damelio is also inadequate because he moved to be

United States District Court
Northern District of California

1  lead plaintiff on behalf of the wrong class. *See* Dkt. No. 54 at 10. Although the complaint defines

2  the putative class here as purchasers of "Berkeley Lights common stock," Mr. Damelio references

3  Berkeley Lights "securities" in his motion. *Compare* Compl. at ¶¶ 1, 50, *with* Dkt. No. 25 at 2, 5–

4  6. Mr. Damelio notes, for example, that he incurred losses "in connection with Class Period

5  purchases of Berkeley Lights *securities*." *See* Dkt. No. 25 at 2 (emphasis added). The Court does

6  not find this shorthand meaningfully relevant to Mr. Damelio's adequacy. There does not appear

7  to be a question that Mr. Damelio himself purchased Berkeley Lights common stock, and he

8  confirmed in reply that he understands the scope of the putative class as currently drafted. *See*

9  Dkt. No. 60-2, Ex. A at ¶ 6.

10       *Lastly*, BLI Investors point out that Mr. Damelio signed his initial PSLRA certification

11  under 15 U.S.C. § 78u-4(a)(2) in October 2021—two months before the complaint was filed in

12  this case. *See* Dkt. No. 54 at 9–10; *see also* Dkt. No. 25-2, Ex. A (signed October 1, 2021). BLI

13  Investors reason that Mr. Damelio could not have reviewed the complaint at that time, as required

14  by the certification, because the complaint had not been filed yet. *Id.* They suggest, without any

15  explanation, that this will render him vulnerable to unique defenses. *Id.* And BLI Investors

16  further suggest that Mr. Damelio "is willing to serve his counsel, not the proposed class, including

17  by signing whatever his counsel asks him to." *See* Dkt. No. 70 at 2.

18       In response, Mr. Damelio clarified that he understood at the time that his attorneys were

19  investigating "investors' claims in contemplation of a complaint to be filed." *See* Dkt. No. 60-2,

20  Ex. A at ¶ 4. He also confirmed that he has reviewed the current complaint in this action and

21  adopts the allegations as his own. *See id.* The Court finds that Mr. Damelio has provided a

22  reasonable explanation for the phrasing of his prior certification, and has remedied any

23  outstanding question about whether he has reviewed the complaint himself. There is no basis for

24  the Court to find that this arguably less than clear statement was made intentionally or in bad

25  faith.[4] The Court finds that notwithstanding any technical errors, Mr. Damelio has met his burden

26  of establishing that he satisfies the class representative requirements of typicality and adequacy at

27

28  [4] That said, the Court suggests that Mr. Damelio and Hagens Berman focus carefully on attention to detail going forward.

5

1    this stage.

2    **III.    APPOINTMENT OF LEAD COUNSEL**

3         Mr. Damelio has moved for approval of his selection of Hagens Berman Sobol Shapiro

4    LLP as lead counsel.  Dkt. No. 25 at 7; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most

5    adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent

6    the class.").  The Court defers to Mr. Damelio's choice of lead counsel because his choice is not

7    "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious

8    doubt on [his] willingness or ability to perform the functions of lead plaintiff."  *Cavanaugh*, 306

9    F.3d at 733; *see also id.* at 739 n.11 (noting that "Congress gave the lead plaintiff, and not the

10   court, the power to select a lawyer for the class").  Hagens Berman has extensive experience as

11   counsel in securities class actions.  *See* Dkt. Nos. 25-5, Ex. D at 31–32 (firm resume).  The Court

12   thus approves Mr. Damelio's selection of counsel.

13   **IV.    CONCLUSION**

14        Accordingly, the Court **GRANTS** Mr. Damelio's motion.  Dkt. No. 25.  All pending

15   unwithdrawn motions are **DENIED**.  *See* Dkt. Nos. 21, 26, 38, 41, 46.  Mr. Damelio is appointed

16   as lead plaintiff for the putative class, and Hagens Berman is approved as lead counsel for the

17   putative class.

18        The Court further sets a telephonic initial case management conference on June 14, 2022,

19   at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

20        **Dial-In:**  888-808-6929;

21        **Passcode:**  6064255

22   For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all

23   possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and

24   submit a joint case management statement by June 7, 2022.

25        **IT IS SO ORDERED.**

26   Dated:  5/25/2022

27   _____

28   HAYWOOD S. GILLIAM, JR.
     United States District Judge

United States District Court
Northern District of California