Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
          passmore@bespc.com

*Counsel for the Berkeley Lights Investor Group*
*and Proposed Co-Lead Counsel for the Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>BERKELEY LIGHTS, INC., ERIC D. HOBBS, SHAUN M. HOLT and KURT WOOD,<br><br>            Defendants. | Case No. 4:21-cv-09497-HSG<br><br><u>CLASS ACTION</u><br><br>**NOTICE OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          June 16, 2022<br>Time:          2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge: Honorable Haywood S. Gilliam, Jr. |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that Connectra Technologies, Inc., Sookham Singh, and Taiki Yamaguchi (collectively, the "Berkeley Lights Investor Group" or the "BLI Investors") respectfully move this Court pursuant to Civil L.R. 7-9(a) for leave to file a motion for reconsideration of the Court's May 25, 2022 Order (i) appointing movant Michael Damelio ("Damelio") as Lead Plaintiff and approving Damelio's selection of counsel; and (ii) denying the competing motion of the BLI Investors (the "Order"). *See* ECF No. 81.

**SUMMARY OF ARGUMENT**

Civil L.R. 7-9(b)(3) permits a party to move for reconsideration of an interlocutory order when, *inter alia*, a court has "fail[ed] . . . to consider material facts or dispositive legal arguments which were presented to the court." Here, the Court did not consider the BLI Investors' argument (which is the law) that to be treated as the presumptive lead plaintiff, a movant must have the largest financial interest ***and demonstrate prima facie typicality and adequacy under Rule 23*** – which Damelio failed to do in the face of making a false statement to the Court in his sworn Private Securities Litigation Reform Act ("PSLRA") certification. Instead, the Court accepted Damelio's boilerplate recitation of the Rule 23 requirements and wrongfully presumed, without even considering his false statement, that Damelio was the "most adequate" plaintiff, putting the onus on the BLI Investors – who should have been the presumptive lead plaintiff – to "expla[i]n" why Damelio did not satisfy the Rule 23 requirements. Order at 5.

Had the Court properly required Damelio to make a meaningful *prima facie* Rule 23 showing, as is required, Damelio would not have been able to explain how he is typical and adequate despite filing a false PSLRA certification and admitting that he did not read any complaint before signing it in plain violation of the PSLRA. That is because the law is clear that lead plaintiff movants who make false statements to a court, and lead plaintiff movants who exhibit extreme carelessness, especially in a PSLRA certification, are considered atypical, inadequate, and subject to disqualifying unique defenses that make them ill-suited to represent a class. *See infra* at 6-9. Moreover, "a competing movant need not prove the defense at this stage of the case, but merely 'show a degree of likelihood that a unique defense might play a significant role at trial.'" *Inchen Huang v. Depomed, Inc.*, 289 F.

Supp. 3d 1050, 1055 (N.D. Cal. 2017) (citation omitted). Damelio alone faces unique defenses concerning his perjury, PSLRA violation, and carelessness, which will inevitably become a side-show that should not burden and harm the class. Though it was not their burden since Damelio was not entitled to the presumption in the first place, the BLI Investors attempted to raise these concerns in their opposition, reply, and sur-reply briefs. However, if the BLI Investors' efforts to be diplomatic failed to adequately explain the gravity of the situation, it should be perfectly clear now.

In the Order, the Court also briefly considered – again, in the context of whether the presumption was rebutted rather than whether Damelio made a *prima facie* Rule 23 showing – whether there was evidence showing Damelio's false statement was made intentionally or in bad faith. The Court's analysis, however, failed to consider that in the best-case scenario Damelio was extremely careless, and, as noted *supra*, courts nationwide routinely find that such carelessness in a PSLRA certification renders movants inadequate to represent a class. *See, e.g.*, *Stotz v. Mophie Inc.*, No. CV 16-8898-GW (FFMx), 2017 WL 11571083, at *15 (C.D. Cal. Dec. 14, 2017) (denying class certification and declining to appoint class representative where lead plaintiff signed a sworn declaration with a false statement; court noted that either "Charles gave his approval to the [complaint] despite knowing it was factually inaccurate and then deliberately signed a false declaration; or…Charles' inattention to this matter twice caused misrepresentations as to germane matters to be given to the Court"). *See also infra* at 7 & n.4. Damelio's carelessness is further compounded by the fact that his motion included the wrong class definition and failed to even identify the joint holder of his joint account until reply. *See* ECF No. 54 at 7, 10. Indeed, Damelio's carelessness at virtually every stage of his motion underscores his failure to make the required typicality and adequacy showing.

Finally, the Court failed to consider that appointing Damelio contravenes the PSLRA's very purpose, which is to avoid lawyer-driven litigation. There is no stronger proof of lawyer-driven litigation than here, where Damelio signed off on a PSLRA certification falsely stating he reviewed a complaint when he did not, and without even knowing the results of his counsel's purported investigation into Berkeley Lights, Inc. There is no mere "suggest[ion]" (Order at 5) of a lawyer-driven relationship here: Damelio has actually demonstrated that he is willing to give his attorneys *carte*

*blanche*.  A lead plaintiff is supposed to represent the interests of the proposed class, not the interests of his counsel, which presents a clear conflict of interest with other class members.

If the Court does not reconsider its Order and examine these material facts and dispositive legal arguments now under the proper framework, the class will suffer, possibly irreparably.  Defendants will inevitably have a field day attacking Damelio's typicality and adequacy at class certification – starting with his perjury or profound carelessness – unless, of course, Defendants are willing to waive those arguments now.  *Cf.* ECF No. 61 at 3 ("The PSLRA requires a lead plaintiff movant to review the filed complaint when signing his certification for a reason – to ensure that the lead plaintiff movant knows precisely what the case is about….  Defendants will inevitably seize on these issues at class certification to the detriment of the class.").

For these reasons, the BLI Investors respectfully (i) seek leave to move to reconsider the Order; (ii) request that they be appointed lead plaintiff and their choice of counsel be approved; and (iii) request that Damelio's motion be denied in its entirety.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.       STANDARDS ON MOTIONS FOR LEAVE TO RECONSIDER**

Local Rule 7-9 sets out the requirements for a motion for reconsideration.  A movant must seek leave of court and then demonstrate one of the three conditions in LR 7-9(b), which are (1) a material difference in fact or law exists from that which was presented to the Court; (2) the emergence of new material facts or a change of law occurring after the time of such order; or, as in the case here, (3) a manifest failure by the Court to ***consider material facts or dispositive legal arguments*** which were presented to the Court before such interlocutory order.  LR 7-9 (emphasis added).  *Cf. Delmonico v. Bonta*, No. 21-cv-02009-HSG, 2022 WL 1131723A, at *2 (N.D. Cal. Mar. 7, 2022).

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *Marjanian v. Allied Nev. Gold Corp*., No. 3:14-cv-0175-LRH-WGC, 2015 WL 128691, at *4 (D. Nev. Jan. 9, 2015) (citing *Smith v. Massachusetts*, 543 U.S. 462, 476 (2005)).

---

[1] The only argument against the BLI Investors was that they were an unrelated group.  As discussed in the BLI Investors' reply memorandum (ECF No. 61), that argument is bankrupt:  the BLI Investors are a small, cohesive group consisting of a married couple and one individual who submitted a detailed declaration describing how they will work together.  *See* ECF No. 61 at 1-3.

"A motion to reconsider must provide a court with valid grounds for reconsideration by: (1) showing some valid reason why the court should reconsider its prior decision, and (2) setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). *Cf. Frank v. Dana Corp.*, 237 F.R.D. 171, 172 (N.D. Ohio 2006) (reconsidering appointment of lead plaintiff under PSLRA and finding reconsideration warranted "to prevent a manifest injustice"). The BLI Investors meet these standards and demonstrate why the Court should reconsider the Order. Here, as detailed *infra*, the Court did not use the proper PSLRA standard in the Order and did not consider material facts and dispositive legal arguments showing Damelio did not meet his burden of making a *prima facie* demonstration of typicality and adequacy.

Courts have granted leave to file motions to reconsider orders appointing lead plaintiffs. *See, e.g.*, *In re Zoom Sec. Litig.*, No. 20-cv-02353-JD, 2021 WL 1375854 (N.D. Cal. Apr. 12, 2021) (granting leave to file motion to reconsider lead plaintiff appointment); *Bradford v. Voong*, No. 17-cv-04964-HSG, 2020 WL 7265627, at *4 (N.D. Cal. Dec. 10, 2020) (this Court granted leave to file motion for reconsideration); *Mandani v. Volkswagen Grp,. of Am., Inc.*, No. 17-cv-07287-HSG, 2020 WL 3961975, at *3 (N.D. Cal. July 13, 2020) (this Court granted motion for leave to file motion for reconsideration even where "Defendant notably failed to sufficiently brief [the] issue in its motion to dismiss"). The Court should do so here, particularly in light of the severity of the circumstances.

## II.   THE COURT SHOULD RECONSIDER THE ORDER

In the Order, the Court adjudicated the respective lead plaintiff motions of Damelio (ECF No. 25) and the BLI Investors (ECF No. 38). Although the Court acknowledged that "[a] presumptive lead plaintiff . . . has the burden of setting forth a *prima facie* case that he can satisfy the class representative requirements of Rule 23 (a), typicality and adequacy", the Court wrongfully put the burden on the BLI Investors to "expla[i]n" why Damelio's acts were problematic under Rule 23 rather than on Damelio to explain how he satisfied the *prima facie* adequacy and typicality requirements despite filing a false PSLRA certification and violating the PSLRA. *See* Order at 5. This was procedurally incorrect, as the Ninth Circuit has made clear. *See In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("the district court must identify which movant has the largest alleged losses ***and then determine whether that movant***

***has made a prima facie showing of adequacy and typicality***") (emphasis added).  Even though it was not their burden, and they should have been given the presumption, the BLI Investors repeatedly detailed the proper standard, as well as material facts and dispositive legal arguments showing that Damelio failed to demonstrate *prima facie* typicality and adequacy.  *See, e.g.*, ECF No. 54 at 1, 9-10 ("Under the PSLRA, the presumptive lead plaintiff is the movant or movant group with the largest financial interest in the action who has made a *prima facie* showing of…Rule 23 [] typicality and adequacy.  Here, that presumptive lead plaintiff is unmistakably the BLI Investors….  Damelio runs afoul of the PSLRA and cannot serve as lead plaintiff"); *see also* ECF No. 61 at 3; ECF No. 70 at 1-2.

The Court should reconsider the Order because it did not utilize the proper proof burden and did not consider the import of several undisputed material facts and legal arguments when finding Damelio was the presumptive lead plaintiff:  Damelio committed perjury by swearing that he read a nonexistent complaint before signing his certification for his lawyers – which he later admitted.[2]  Damelio also violated the PSLRA's express requirement that a lead plaintiff movant read a filed complaint, which Congress included in the PSLRA to impede lawyer-driven litigation and plaintiffs who do not meaningfully participate in securities fraud cases.  The PSLRA puts the burden on Damelio to demonstrate his *prima facie* typicality and adequacy before being found the presumptive lead plaintiff.  Thus, Damelio had to demonstrate to the Court that his "claims or defenses…are typical of the claims or defenses of the class" and that he "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

Though making a *prima facie* Rule 23 showing is generally not onerous, the situation here was far more complex because of the false statement made in Damelio's PSLRA certification.  But the Court did not make Damelio explain why his false statement did not subject him to unique defenses when assessing his *prima facie* adequacy; instead, it merely considered boilerplate language for

---

[2]  *See* ECF 25-2 (Damelio swore under penalty of perjury that he "reviewed a complaint alleging securities fraud against Berekeley Lights, Inc. (BLI) and various of its officers and directors, and authorized its filing"); ECF No. 60-2 (Damelio swore that "[a]t the time of signing my certification on October 1, 2021, I understood my attorneys at Hagens Berman Sobol Shapiro LLP were conducting an investigation of investors' claims in contemplation of a complaint to be filed.  Approximately two months after signing my certification, I understand that another firm filed a complaint in this Action…. I have reviewed that complaint, am familiar with its allegations, and adopt them as my own.").

NOTICE OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

adequacy and typicality, which was not enough, and gave Damelio the presumption. If the Court properly put the burden on Damelio for this step, the Court would have found that Damelio failed to satisfy Rule 23. If Damelio is appointed here – and perjury and violating the PSLRA's express requirements are not enough to render a movant decisively different than other class members, subject to patently unique defenses, and inadequate to serve under Rule 23 – then it is hard to imagine what Rule 23 impediment would preclude appointment.

The Court also did not consider the BLI Investors' argument that Damelio's actions suggested that he was apparently willing to "sign[] whatever his counsel asks him to" without attention. Order at 5. It is important to note that individual investor movants can be lawyer-driven. Congress passed the PSLRA to put investors with real skin in the game – ***and attention to the case*** – at the helm. That Congressional purpose can be undermined by an individual who simply obeys his counsel without question and without attention.

Courts in the Ninth Circuit have found at class certification that "a named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative." *Nghiem v. Dick's Sporting Goods, Inc.*, 318 F.R.D. 375, 383 (C.D. Cal. 2016). Specifically, "[a] class representative's credibility and honesty is a relevant consideration when performing the adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." *Physicians Healthsource, Inc. v. Masimo Corp.*, No. SACV 14-00001 JVS (ADSx), 2019 WL 8138043, at *11 (C.D. Cal. Nov. 21, 2019).

This is particularly the case where – as with Damelio – "the representative's credibility is questioned on issues directly ***relevant to the litigation***." *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010) (emphasis added). *See also In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2004 WL 5159061, at *7 (S.D. Cal. Dec. 31, 2003) (rejecting lead plaintiff movant Jamerica, which had been charged with, *inter alia*, misrepresentations – when Jamerica was seeking lead plaintiff role in case alleging misrepresentations); *Zemel Family Tr. v. Philips Int'l Realty Corp.*, 205 F.R.D. 434, 436 (S.D.N.Y. 2002) (plaintiff trust's trustee was not qualified to serve as a class representative in a securities fraud action where he had been significantly involved with activities that

NOTICE OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

were the subject of SEC cease and desist orders and where the subject of the orders "calls to mind the nature of the very claim that plaintiff alleges in this case").

Damelio violated the PSLRA – the very law he seeks to sue under in a representative capacity – by signing a false PSLRA certification, and he made a false statement when he is seeking to lead a case alleging Defendants made false statements. *See also id.* ("a class is not fairly and adequately represented if class members have antagonistic or conflicting claims, and a plaintiff with credibility problems may be considered to have interests antagonistic to the class").

In *Garbowski v. Tokai Pharmaceuticals, Inc.*, 302 F. Supp. 3d 441, 453, 455 (D. Mass. 2018), lead plaintiff movant Maxon, like Damelio, certified under oath that he had read the complaint, yet when the court held a hearing, the movant informed the court that he had not read anything except a notice on a website before seeking to become lead plaintiff. Although Maxon withdrew his motion for lead plaintiff, which, quite frankly, the BLI Investors believe Damelio should have done as well, the Court weighed in on this important issue nonetheless:

> [T]he court [] giv[es] the parties guidance concerning how it would have applied the PLSRA and Rule 23 standards to Maxon's motion to be appointed lead plaintiff to minimize the risk of problems in the future…. Maxon's willingness to make false statements under oath contributes to the court's conclusion that he would not have been an adequate lead plaintiff.

*Id*. at 453, 455. Here, "minimiz[ing] the risk" to the class means appointing the BLI Investors as lead plaintiff. *See id*. at 453.

Similarly, in *Shiring v. Tier Technologies, Inc.*, 244 F.R.D. 307, 316-17 (E.D. Va. 2007), the court denied class certification on the grounds that the "plaintiff is inadequate because he has not demonstrated the requisite credibility to ensure that he will act as an appropriate fiduciary." Defendants argued that the plaintiff had filed sworn lead plaintiff certifications with false statements. 244 F.R.D. at 316. The court explained that "Plaintiff's inadvertence or his indifference to the PSLRA's certification requirements demonstrates a lack of diligence and candor that, in conjunction with his other deficiencies, counsel against a finding of adequacy." *Id*. at 317.

*Shiring* is particularly significant because it shows – and courts in this circuit agree – that even if Damelio was merely indifferent or inadvertent, his typicality and adequacy under Rule 23 are still fatally impugned. *See, e.g.*, *Stotz*, 2017 WL 11571083, at *15 (either "Charles gave his approval to the

[complaint] despite knowing it was factually inaccurate and then deliberately signed a false declaration; or…Charles' inattention to this matter twice caused misrepresentations as to germane matters to be given to the Court");[3] *Camp v. Qualcomm Inc.*, No. 18-CV-1208-AB-BLM, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (lead plaintiff movant "Singh did sign under penalty of perjury that he 'reviewed the complaint and authorized its filing,' however, there was indeed no filing made on behalf of Singh…. Due to these errors in Singh's pleadings, and the questions surrounding whether he is a typical plaintiff, the Court finds these questions underscore the reliability of [his] representations… [and] Singh does not meet [Rule 23's lead plaintiff] requirements").[4]

As the BLI Investors argued in their sur-reply, Defendants will inevitably attack Damelio's typicality and adequacy at class certification, and the Court's Order at this stage cannot shield the class from such an attack. *See* ECF No. 61 at 3 ("The PSLRA requires a lead plaintiff movant to review the filed complaint when signing his certification for a reason – to ensure that the lead plaintiff movant knows precisely what the case is about…. Defendants will inevitably seize upon these issues at class certification to the detriment of the class."). It is very unlikely that Defendants will at this point waive any arguments against Damelio as defendants routinely attack class representatives by every and any means. *See, e.g.*, *Mulderrig v. Amyris, Inc.*, 340 F.R.D. 575, 581 (N.D. Cal. 2021) (defendants successfully challenged the ability of class representative under Rule 23(a)'s adequacy requirements where they "contend[ed] that Jansen . . . 'affirmatively misled this Court about his stock holdings in Amyris by omitting numerous transactions from his sworn certification'"); *In re Snap Inc. Sec. Litig.*, 334 F.R.D. 209, 229 (C.D. Cal. 2019) (defendants challenged typicality and adequacy on class

---

[3] The *Stotz* decision was a tentative ruling. The case settled before it became official.

[4] *See also Plaut v. The Goldman Sachs Grp., Inc.*, No. 18-CV-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (even clerical errors in the certification speak to a level of carelessness and cast doubt on whether the party possesses the adequacy and sophistication to serve as lead plaintiff); *Li Hong Cheng v. Canada Goose Holdings Inc.*, No. 19-CV-8204 (VSB), 2019 WL 6617981, at *6 n.7 (S.D.N.Y. Dec. 5, 2019) ("[c]ertification errors in [applicant's] submissions 'militate against appointment and render [him] inadequate to serve as lead plaintiff under Rule 23's adequacy requirement'"); *Bhojwani v. Pistiolis*, No. 06 CIV. 13761 (CM)(NKF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007) (even where movant submitted corrected certification, court found the submissions "indicate[] a certain carelessness about detail that undermines the adequacy of the [the movant] (and his associated group) as a lead plaintiff").

certification); *see also In re Mattel, Inc. Sec. Litig.*, No. 2:19-CV-10860-MCS-PLA, 2021 WL 4704578, at \*2 (C.D. Cal. Oct. 6, 2021); *SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 283-84 (N.D. Cal. 2020). There is no better place for Defendants to start than with a perjured certification. If Damelio is found atypical or inadequate at the class certification stage, the class will suffer and the case will be substantially delayed with a waste of time and resources for all parties.

At the very least, Damelio's serious vulnerabilities will cause a lengthy sideshow – which is itself sufficient to disqualify Damelio. The point of the PSLRA's Rule 23 requirements "is not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole." *In re Netflix, Inc., Sec. Litig.*, No. 12-0225 SC, 2012 WL 1496171, at \*5 (N.D. Cal. Apr. 27, 2012). Damelio cannot be appointed if the class is to be "protect[ed]." *See id*. *See also Depomed*, 289 F. Supp. 3d at 1055 ("the plaintiff with the largest losses may nonetheless be disqualified from lead plaintiff status if she 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class…. ***This is particularly so given the low bar to the raising of such defenses: a competing movant need not prove the defense at this stage of the case, but merely 'show a degree of likelihood that a unique defense might play a significant role at trial.***") (emphasis added) (citation omitted); *Camp*, 2019 WL 277360, at \*4.[5]

---

[5] The *Camp* decision was affirmed on reconsideration because "Singh never got to the rebuttable presumption stage because the Court found he failed to meet the third Rule 23 requirements." *Camp v. Qualcomm Inc.*, No. 3:18-cv-1208-AJB-BLM, 2019 WL 3554798 (S.D. Cal. Aug. 5, 2019). *See also In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623-24 & n.4 (S.D.N.Y. 2015) (rejecting movant with largest individual financial interest where movant's prior "statements would provide fodder" for class certification challenge); *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011) ("A named plaintiff who has serious credibility problems or who is likely to devote too much attention to rebutting an individual defense may not be an adequate class representative."); *Surebeam*, 2004 WL 5159061, at \*7 ("Without comment or consideration of Mr. Brown's guilt or innocence as to the underlying charges, this court finds that there is at least a potential that Jamerica will be subject to unique defenses and will not fairly and adequately protect the interests of the class."); *In re Safeguard Scis.*, 216 F.R.D. 577, 582 & n.4 (E.D. Pa. 2003) (finding presumption rebutted where "the issue of credibility" had "potential and likely adverse effect on the putative class' interests" and left the movant "vulnerable to further attacks that would impose an unnecessary disadvantage on the class"). The sideshow concerning Damelio's vulnerabilities will be compounded by the fact that his motion included the wrong class definition and failed to even identify the joint holder of his joint account ***until reply***. Damelio cited to *Abadilla v. Precigen*, No. 20-cv-06936-BLF, 2021 WL 1312746, at \*3 (N.D. Cal.

In sum, the BLI Investors respectfully submit that the Court should have put the burden on Damelio to make a *prima facie* showing of typicality and adequacy under Rule 23 before treating him as the presumptive lead plaintiff.  After falsely swearing to have read a non-existent complaint and violating the PSLRA's requirements, Damelio could not do so.  The BLI Investors believe that to have found otherwise was a "manifest injustice" (*Frank*, 237 F.R.D. at 172), and that they have shown "valid reason[s] why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure*, 256 F. Supp. 2d at 1183.

## CONCLUSION

For these reasons, the BLI Investors respectfully request that the Court grant them leave to move to reconsider the Order; appoint the BLI Investors as lead plaintiff and approve their choice of counsel; and deny Damelio's motion in its entirety.

Dated: June 3, 2022

Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ Melissa A. Fortunato
Melissa A. Fortunato (SBN #319767)
Marion C. Passmore (SBN #228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Facsimile: (212) 214-0506
Email: fortunato@bespc.com
        passmore@bespc.com

*Counsel for the BLI Investors and Proposed Co- Lead Counsel for the Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey Mceachern
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email: lhasson@bernlieb.com
        seidman@bernlieb.com

Apr. 8, 2021) on reply, but in that case the movant – unlike Damelio – disclosed that he bought shares on behalf of himself and his wife in the opening papers. *Id.*

jmceachern@bernlieb.com

*Counsel for the BLI Investors and Proposed*
*Co- Lead Counsel for the Class*

Case No. 4:21-cv-09497-HSG
NOTICE OF THE BERKELEY LIGHTS INVESTOR GROUP'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF