MUNGER, TOLLES & OLSON LLP
John W. Spiegel (SBN 78935)
Robert L. Dell Angelo (SBN 160409)
John M. Gildersleeve (SBN 284618)
Lauren C. Barnett (SBN 304301)
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
*john.spiegel@mto.com*
*robert.dellangelo@mto.com*
*john.gildersleeve@mto.com*
*lauren.barnett@mto.com*

Attorneys for Defendants Berkeley Lights, Inc., Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor Khandros, Michael Marks, Sarah Boyce, Gregory Lucier, Michael Moritz, Elizabeth Nelson, James Rothman, Ming Wu, and Makoto Shintani

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.<br><br>Defendants. | Case No.  4:21-cv-09497-HSG<br><br><u>CLASS ACTION</u><br><br>**REQUEST FOR JUDICIAL NOTICE, AND TO CONSIDER INCORPORATED DOCUMENTS, IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Filed Concurrently:<br>- Notice of Motion and Motion to Dismiss<br>- Declaration of Lauren C. Barnett<br>- [Proposed] Order<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Date:  March 16, 2023<br>Time:  2:00 p.m.<br>Ctrm:  2 |

When evaluating a complaint under the Private Securities Litigation Reform Act ("PSLRA"), the Court "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice."); *see also Wochos v. Tesla, Inc.*, 985 F.3d 1180, 1185 (9th Cir. 2021) ("We may also consider 'materials incorporated into the complaint by reference' and any 'matters of which we may take judicial notice.'").

"[A] court may take judicial notice: (1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) publicly accessible websites whose accuracy and authenticity are not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1008 (N.D. Cal. 2020) (citing *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999 (9th Cir. 2018)); *see also* Fed. R. Evid. 201. "A document may be incorporated by reference into a complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020) (Gilliam, J.) ("[T]he incorporation by reference doctrine is a judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself.").

In support of their Motion to Dismiss the Amended Complaint ("Complaint"), Defendants Berkeley Lights, Inc., Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor Khandros, Michael Marks, Sarah Boyce, Gregory Lucier, Michael Moritz, Elizabeth Nelson, James Rothman, Ming Wu, and Makoto Shintani respectfully request that the Court take judicial notice of, and/or consider as incorporated by reference, the exhibits to the Declaration of Lauren C. Barnett:

-1-

| Ex. | Description |
|---|---|
| 1 | **Am. No. 2 to Form S-1 Registration Statement** (filed July 16, 2020) (including Exhibit 4.3, Fifth Amended and Restated Investors' Rights Agreement; other exhibits omitted) |
| 2 | **Prospectus** (filed July 17, 2020) |
| 3 | **Form 8-K** (filed Aug. 25, 2020) |
| 4 | **Form 10-Q** (filed Aug. 25, 2020) (exhibits omitted) |
| 5 | **Form 8-K** (filed Nov. 12, 2020) |
| 6 | **Form 10-Q** (filed Nov. 12, 2020) (exhibits omitted) |
| 7 | **Form S-1 Registration Statement** (filed Nov. 16, 2020) (exhibits omitted) |
| 8 | **Prospectus** (filed Nov. 19, 2020) |
| 9 | **Form 8-K** (filed Feb. 25, 2021) |
| 10 | **Form 10-K** (filed Mar. 12, 2021) (exhibits omitted) |
| 11 | **Form 8-K** (filed May 11, 2021) |
| 12 | **Form 10-Q** (filed May 11, 2021) (exhibits omitted) |
| 13 | **Form 8-K** (filed Aug. 11, 2021) |
| 14 | **Form 10-Q** (filed Aug. 11, 2021) (exhibits omitted) |
| 15 | **Form 8-K** (filed Sept. 17, 2021) |
| 16 | **Form 8-K** (filed Nov. 4, 2021) |
| 17 | **Form 10-Q** (filed Nov. 4, 2021) (exhibits omitted) |
| 18 | **Form 8-K** (filed Jan. 6, 2022) |
| 19 | **Collection of Forms 4** (filed on various dates) |
| 20 | **Transcript of Earnings Call** (dated Nov. 12, 2020) |
| 21 | **Transcript of Earnings Call** (dated Feb. 25, 2021) |
| 22 | **Transcript of Earnings Call** (dated May 11, 2021) |
| 23 | **Transcript of Earnings Call** (dated Aug. 11, 2021) |
| 24 | **Transcript of Earnings Call** (dated Nov. 4, 2021) |
| 25 | **Analyst Report** by Cowen (dated Sept. 16, 2021) |
| 26 | **Analyst Report** by J.P.Morgan (dated Sept. 16, 2021) |
| 27 | **Analyst Report** by Stifel (dated Sept. 16, 2021) |
| 28 | **Analyst Report** by BTIG (dated Sept. 16, 2021) |
| 29 | **Analyst Report** by Cowen (dated Jan. 5, 2022) |

-2-

| 30 | **Analyst Report** by J.P.Morgan (dated Jan. 5, 2022) |
| 31 | **Analyst Report** by Morgan Stanley (dated Jan. 5, 2022) |
| 32 | **Analyst Report** by BTIG (dated Jan. 6, 2022) |
| 33 | **Analyst Report** by William Blair (dated Jan. 6, 2022) |
| 34 | **Nature.com Website** |
| 35 | **Share Price Data for BLI** |
| 36 | **Lead Plaintiff's Certification [ECF No. 25-2]** |

**Exhibits 1-19** are SEC filings, which are publicly available on the SEC's website. Courts in securities actions routinely take judicial notice of SEC filings. *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (judicial notice of SEC filings is "proper"); *see, e.g.*, *Facebook*, 477 F. Supp. 3d at 1009 ("Judicial notice of these exhibits is appropriate because they are public filings made by Facebook with the SEC … and are therefore matters of public record not subject to reasonable dispute."); *Kipling v. Flex Ltd.*, 2020 WL 2793463, at *7 (N.D. Cal. May 29, 2020) (judicial notice of "SEC filings such as Forms 10-K, 10-Q, and 8-K"); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *5-6 (N.D. Cal. Sept. 3, 2019) (judicial notice of 19 SEC filings); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice"). Judicial notice of Forms 4 filed with the SEC is equally routine. *See, e.g.*, *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020) (Gilliam, J.) ("The Form 4's are properly judicially noticed for their truth because they contain relevant information required for an assessment of the SAC's scienter allegations, and their authenticity is not in question."); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of Forms 4 "even when those documents were not referenced in the pleadings in order to prove that stock sales were made or were not made").

In addition, Plaintiffs rely on Exhibits 1-18 in the Complaint, so each exhibit is incorporated by reference as well. Complaint ¶¶ 1, 6-8, 10, 40, 44-45, 60, 65-67, 69, 71-73, 80-82, 211, 214-215, 258-262, 265-267, 269-273, 277-281, 283, 288-294, 296, 298, 303, 305 (Exs. 1, 2); *id.* ¶¶ 75, 84 (Ex. 3); *id.* ¶¶ 78, 85, 92 (Ex. 4); *id.* ¶¶ 75, 87 (Ex. 5); *id.* ¶¶ 75, 78, 89, 92 (Ex. 6); *id.* ¶¶ 44, 67, 77-78, 91-93 (Exs. 7, 8); *id.* ¶¶ 95, 164, 179, 205 (Ex. 9); *id.* ¶¶ 44, 60, 98-99, 166, 168 (Ex. 10); *id.*

-3-

¶¶ 101, 120, 149, 207, 223 (Ex. 11); *id.* ¶¶ 102, 120, 198, 207, 223 (Ex. 12); *id.* ¶¶ 106, 129, 149, 198, 227-228 (Ex. 13); *id.* ¶¶ 107, 129, 198, 227 (Ex. 14); *id.* ¶¶ 144-145 (Ex. 15); *id.* ¶ 113 (Ex. 16); *id.* ¶¶ 113-114, 201, 239 (Ex. 17); *id.* ¶¶ 148-150, 234-235 (Ex. 18). *See, e.g.*, *Nektar*, 2020 WL 3962004, at *7 (finding 16 documents incorporated by reference); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim." (citation omitted)); *Intel*, 2019 WL 1427660, at *11 (considering incorporated documents in holding that "relevant context undermines plaintiff's allegations of falsity").

Exhibits 20-24 are transcripts of investor earnings calls cited in the Complaint. Courts in securities actions routinely take judicial notice of such transcripts. *See, e.g.*, *Facebook*, 477 F. Supp. 3d at 1009 (judicial notice of "transcripts of Defendants' earnings calls and shareholder meetings"); *Nektar*, 2020 WL 3962004, at *7 ("The Court will consider the investor presentation transcripts and investor presentation slide decks that Plaintiffs allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market."); *Veal v. LendingClub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (judicial notice of earnings call transcripts); *Kipling*, 2020 WL 2793463, at *7 (judicial notice of "transcripts from earnings calls, investor and analyst conferences, and related presentations"); *Eventbrite*, 2020 WL 2042078, at *6-7 (judicial notice of earnings call transcripts); *Golub*, 2019 WL 4168948, at *5-6 (same).

In addition, Plaintiffs rely on Exhibits 20-24 in the Complaint, so the exhibits are incorporated by reference as well. Complaint ¶ 89 (Ex. 20); *id.* ¶¶ 47, 96, 98 (Ex. 21); *id.* ¶¶ 46, 102-104, 120, 124, 164, 166, 191, 223 (Ex. 22); *id.* ¶¶ 46, 107-111, 129-130, 133 (Ex. 23); *id.* ¶¶ 114-116, 201 (Ex. 24). *See, e.g.*, *Nektar*, 2020 WL 3962004, at *7 (incorporation by reference of "investor presentation transcripts").

Exhibits 25-33 are analyst reports about Berkeley Lights. Courts in securities actions "routinely take judicial notice of analyst reports, not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public." *In re Century Aluminum Co. Sec. Litig.*, 2011 WL 830174, at *9 (N.D. Cal. Mar. 3, 2011); *see Par*

-4-

*Inv. P'rs, L.P. v. Aruba Networks, Inc.,* 681 F. App'x 618, 620 n.1 (9th Cir. 2017) (judicial notice of analyst reports); *Yaron v. Intersect ENT, Inc.,* 2020 WL 6750568, at *4 (N.D. Cal. June 19, 2020) (same); *Costanzo v. DXC Tech. Co.*, 2020 WL 4284838, at *3-4 (N.D. Cal. July 27, 2020) (same); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) (judicial notice of analyst reports); *In re Twitter, Inc. Sec. Litig.,* 2020 WL 4187915, at *2 (N.D. Cal. Apr. 17, 2020) ("[c]ourts routinely take judicial notice" of analyst reports); *Eventbrite*, 2020 WL 2042078, at *6-7 (same); *Lopes,* 2020 WL 1465932, at *3 (same); *In re Regulus Therapeutics Inc. Sec. Litig.,* 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019) (same).  In addition, the Court should take judicial notice of these analyst reports because the Complaint relies on comparable analyst reports.  Complaint ¶¶ 70, 147; *see Zamir v. Bridgepoint Educ., Inc.*, 2016 WL 3971400, at *4-5 (S.D. Cal. July 25, 2016) (judicial notice of analyst reports where complaint quoted other analyst reports); *Reinschmidt v. Zillow, Inc.*, 2014 WL 5343668, at *3 (W.D. Wash. Oct. 20, 2014) (judicial notice of "competing analyst reports" not cited in complaint); *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1115 n.10 (C.D. Cal. 2003) (judicial notice of analyst reports "comparable in form and content to the numerous reports" cited in complaint).

Moreover, Plaintiffs rely on Exhibit 26 in the Complaint and it is incorporated by reference as well.  Complaint ¶ 147.  *See, e.g.*, *Johnson v. Costco Wholesale Corp.*, 2019 WL 6327580, at *13 (W.D. Wash. Nov. 26, 2019) (analyst reports incorporated by reference).

**Exhibit 34** is a website that Plaintiffs cite in the Complaint.  Courts in securities actions routinely take judicial notice of material on public websites.  *See, e.g.*, *Facebook*, 477 F. Supp. 3d at 1008-09 (judicial notice of "publicly available documents, available on publicly accessible websites"); *Apple*, 2020 WL 2857397, at *6 (judicial notice of website post); *Ferris v. Wynn Resorts Ltd.*, 462 F. Supp. 3d 1101, 1117 (D. Nev. 2020) (judicial notice of "publicly accessible websites").

In addition, Plaintiffs rely on Exhibit 34 in the Complaint and it is incorporated by reference as well.  Complaint ¶ 3 (same text as website).

**Exhibit 35** is a table of daily share price data for Berkeley Lights, Inc. (BLI), from July 17, 2020 to April 30, 2022, as retrieved from http://finance.yahoo.com.  Courts in securities actions routinely take judicial notice of stock prices of publicly-traded companies.  *See Metzler*, 540 F.3d

-5-

at 1064 n.7 (judicial notice of company's "reported stock price history"); *Nektar*, 2020 WL 3962004, at \*8 (stock price data is proper subject of judicial notice); *Young v. Ault*, 2019 WL 1718676, at \*3 (C.D. Cal. Feb. 25, 2019) ("[t]he Court may also take judicial notice of a company's reported stock price history"); *Patel v. Parnes*, 253 F.R.D. 531, 547-48 (C.D. Cal. 2008) (judicial notice of "historical stock prices"); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("court may take judicial notice of a company's published stock prices").

**Exhibit 36** is Lead Plaintiff's certification of his purchases of BLI's stock, ECF No. 25-2 (Certification Pursuant to Federal Securities Law), which Plaintiffs rely on in the Complaint. *See* Complaint ¶ 19. Exhibit 36 is incorporated by reference because the PSLRA requires the Lead Plaintiff's certification to be "filed with the complaint," *see* 15 U.S.C. § 77z-1(a)(2), so the certification is considered "part of the complaint." *See In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 764 (N.D. Cal. 2020) (Gilliam, J.) (granting defendants' motion for judicial notice of plaintiff's amended certification because the PSLRA "requires a plaintiff's certification to be filed with the complaint to establish standing to bring a suit under Section 11, 15 U.S.C. § 77z-1(a)(2), and thus the [certification] is appropriately considered 'part of the complaint,' such that the incorporation by reference doctrine applies."); *see also Primo v. Pac. Biosciences of Cal., Inc.*, 940 F. Supp. 2d 1105, 1115 n.1 (N.D. Cal. 2013) (taking judicial notice of plaintiffs' certifications reflecting stock purchases filed in connection with the complaint).

Dated:  November 11, 2022                    Respectfully submitted,


                                             MUNGER, TOLLES & OLSON LLP

                                             By /s/ *Lauren C. Barnett*
                                                 John W. Spiegel (SBN 78935)
                                                 Robert L. Dell Angelo (SBN 160409)
                                                 John M. Gildersleeve (SBN 284618)
                                                 Lauren C. Barnett (SBN 304301)
                                                 350 S. Grand Ave., 50th Floor
                                                 Los Angeles, CA  90071
                                                 Telephone:  (213) 683-9100
                                                 Facsimile:  (213) 687-3702

-6-

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
CASE NO. 4:21-CV-09497-HSG

*john.spiegel@mto.com*
*robert.dellangelo@mto.com*
*john.gildersleeve@mto.com*
*lauren.barnett@mto.com*

Attorneys for Defendants Berkeley Lights, Inc.,
Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor
Khandros, Michael Marks, Sarah Boyce, Gregory
Lucier, Michael Moritz, Elizabeth Nelson, James
Rothman, Ming Wu, and Makoto Shintani

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
CASE NO. 4:21-CV-09497-HSG