MORGAN, LEWIS & BOCKIUS LLP
Charlene S. Shimada, Bar No. 91407
charlene.shimada@morganlewis.com
Kevin M. Papay, Bar No. 274161
kevin.papay@morganlewis.com
Robert H. O'Leary, Bar No. 284879
bob.oleary@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendants
*J.P. Morgan Securities LLC, Morgan Stanley*
*& Co. LLC, Cowen and Company, LLC, and*
*William Blair & Company L.L.C.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BERKELEY LIGHTS, INC., et al., <br><br> Defendants. | Case No. 4:21-cv-09497-HSG <br><br> **UNDERWRITER DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT** <br><br> Date:       March 16, 2023 <br> Time:      2:00 p.m. <br> Location:  Courtroom 2, 4th Floor <br> Judge:     Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................ 1

STATEMENT OF ISSUES TO BE DECIDED .................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I.      INTRODUCTION ...................................................................................................... 2

II.     BACKGROUND ......................................................................................................... 3

III.    LEGAL STANDARDS............................................................................................... 3

IV.     ARGUMENT .............................................................................................................. 4

      A.      The Section 11 and Section 12(a)(2) Claims Should Be Dismissed Because Plaintiffs Fail to Plead Any Actionable Material Misstatement or Omission......... 4

      B.      The Section 11 and Section 12(a)(2) Claims Should Be Dismissed Because Plaintiffs' Allegations Establish a Lack of Loss Causation ................................... 5

      C.      The Section 12(a)(2) Claim Against the Underwriter Defendants Should Be Dismissed Because Plaintiffs Fail to Plead that Any Underwriter Defendant Is a Statutory Seller ............................................................................................... 5

      D.      Lead Plaintiff's Section 12(a)(2) Claim Should Be Dismissed for Lack of Standing Because Lead Plaintiff Fails to Plead that He Purchased BLI Shares in the IPO............................................................................................... 8

V.      CONCLUSION .......................................................................................................... 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

i

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 2U, Inc. Sec. Class Action*,
2021 WL 3418841 (D. Md. Aug. 5, 2021)................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)................................................................3

*Baker v. Seaworld Entm't, Inc.*,
2016 WL 2993481 (S.D. Cal. Mar. 31, 2016)................................................................6

*In re Bare Escentuals, Inc. Sec. Litig.*,
745 F. Supp. 2d 1052 (N.D. Cal. 2010)................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................3

*Brown v. Ambow Educ. Holding Ltd.*,
2014 WL 523166 (C.D. Cal. Feb. 6, 2014)................................................................5

*In re Cosi, Inc. Sec. Litig.*,
379 F. Supp. 2d 580 (S.D.N.Y. 2005)................................................................9

*In re CytRx Corp. Sec. Litig.*,
2015 WL 5031232 (C.D. Cal. July 13, 2015)................................................................8

*Farhat v. Wells Fargo Bank, N.A.*,
2019 WL 3254187 (N.D. Cal. July 19, 2019)................................................................9

*In re Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008)................................................................3

*Hertzberg v. Dignity Partners*,
191 F.3d 1076 (9th Cir. 1999)................................................................8

*Katz v. China Century Dragon Media, Inc.*,
2011 WL 6047093 (C.D. Cal. Nov. 30, 2011)................................................................4, 7

*In re Levi Strauss & Co. Sec. Litig.*,
527 F. Supp. 2d 965 (N.D. Cal. 2007)................................................................8, 9

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
2011 WL 4389689 (C.D. Cal. May 5, 2011)................................................................6

*Miller v. Thane Int'l, Inc.*,
615 F.3d 1095 (9th Cir. 2010)................................................................3

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989)................................................................6

CASE NO. 4:21-cv-09497-HSG

ii

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

*N. J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*,
  2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ................................................................ 9

*Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*,
  2016 WL 7475555 (N.D. Cal. Dec. 29, 2016) ........................................................... 8, 9

*Pinter v. Dahl*,
  486 U.S. 622 (1988) ......................................................................................................... 6

*Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*,
  714 F. Supp. 2d 475 (S.D.N.Y. 2010) ............................................................................ 9

*Rosenzweig v. Azurix Corp.*,
  332 F.3d 854 (5th Cir. 2003) ........................................................................................... 6

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
  351 F. Supp. 2d 334 (D. Md. 2004) ................................................................................ 7

*Rubke v. Capitol Bancorp Ltd.*,
  551 F.3d 1156 (9th Cir. 2009) ......................................................................................... 3

*In re Shoretel Inc., Sec. Litig.*,
  2009 WL 248326 (N.D. Cal. Feb. 2, 2009) ...................................................................... 5

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) ....................................................................................... 3, 4

*In re Velti PLC Sec. Litig.*,
  2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) ................................................................ 4, 5

*In re Vocera Commc'ns, Inc. Sec. Litig.*,
  2015 WL 603208 (N.D. Cal. Feb. 11, 2015) .................................................................... 7

*Welgus v. TriNet Grp., Inc.*,
  2017 WL 6466264 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th
  Cir. 2019) .................................................................................................................... 7, 8

*Yokell v. Draper*,
  2018 WL 3417514 (N.D. Cal. July 13, 2018) ............................................................... 3, 4

**Statutes**

Securities Act of 1933 § 11 ................................................................................................ *passim*

Securities Act of 1933 § 12(a)(2) ....................................................................................... *passim*

**Court Rules**

Fed. R. Civ. P. 9(b) ....................................................................................................... 3, 4

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

iii

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 16, 2023, at 2:00 p.m., or as soon thereafter as the matter can be heard, before the Honorable Haywood S. Gilliam, Jr., United States District Judge, Northern District of California, in the Oakland Courthouse, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendants J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Cowen and Company, LLC, and William Blair & Company L.L.C (collectively, the "Underwriter Defendants") will and hereby do move for an order dismissing with prejudice all claims against the Underwriter Defendants in the Amended Complaint (ECF No. 89, the "Complaint").  This motion is based on Plaintiffs' failure to allege a materially false or misleading statement or omission under Sections 11 and 12(a)(2) of the Securities Act of 1933 (the "Securities Act"), the absence of loss causation based on the allegations in the Complaint and judicially noticeable facts, and Plaintiffs' failure to adequately allege the statutory seller and standing elements of their Section 12(a)(2) claim.  This motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Request for Judicial Notice, and to Consider Incorporated Documents, in Support of Motion to Dismiss Amended Complaint filed by the BLI Defendants ("BLI's Request for Judicial Notice"); any papers filed in reply; the argument of counsel; all records in this action; and such additional matters that the Court may deem proper.

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether the claims under Sections 11 and 12(a)(2) of the Securities Act should be dismissed for failure to adequately plead a materially false or misleading statement or omission.

2. Whether the claims under Sections 11 and 12(a)(2) of the Securities Act should be dismissed because the absence of loss causation is apparent on the face of the Complaint.

3. Whether the claims under Section 12(a)(2) of the Securities Act should be dismissed for failure to adequately plead the statutory seller element of that claim.

4. Whether Lead Plaintiff's claim under Section 12(a)(2) of the Securities Act should be dismissed for lack of standing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

1

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs' Amended Complaint (ECF No. 89, the "Complaint") contains claims that the Underwriter Defendants violated Sections 11 and 12(a)(2) of the Securities Act based on allegedly false or misleading statements in the registration statement and prospectus (together, the "IPO Materials") for Berkeley Lights, Inc.'s July 17, 2020 initial public offering (the "IPO"). These claims should be dismissed because Plaintiffs fail to identify an actionable material misstatement or omission in the IPO Materials, which is a requirement for stating either a Section 11 or a Section 12(a)(2) claim.  *See* BLI Defendants' Notice of Motion and Motion to Dismiss Plaintiffs' Amended Complaint ("BLI's Motion to Dismiss"), Section IV (incorporating the arguments in Section III(A)).

Plaintiffs' Section 11 and Section 12(a)(2) claims should be dismissed for the additional reason that the face of the Complaint and judicially noticeable facts demonstrate that Plaintiffs cannot establish loss causation.  *See* BLI's Motion to Dismiss, Section IV (incorporating the arguments in Section III(C)); BLI's Request for Judicial Notice.

Plaintiffs' Section 12(a)(2) claim against the Underwriter Defendants should also be dismissed because Plaintiffs do not allege that any Underwriter Defendant was a statutory "seller" of BLI shares, an element of a Section 12(a)(2) claim.  15 U.S.C. § 77*l*(a)(2).  In particular, Plaintiffs fail to allege that they purchased BLI shares from any Underwriter Defendant (in the IPO or otherwise) or that any Underwriter Defendant solicited their purchase of BLI shares.

Finally, Lead Plaintiff's Section 12(a)(2) claim should be dismissed for lack of standing. The Complaint fails to allege that Lead Plaintiff purchased BLI shares in the IPO, as distinct from the secondary market.  Instead, it alleges that "Plaintiffs" and unspecified "other members of the [putative] Class" purchased BLI shares "pursuant or traceable to," "pursuant and traceable to," or "pursuant and/or traceable to" the IPO.  Courts routinely hold that such equivocal, boilerplate allegations are insufficient to establish standing to bring a Section 12(a)(2) claim.  Those allegations also contradict Lead Plaintiff's certification—incorporated by reference in the Complaint—which confirms that Lead Plaintiff did not purchase any BLI shares in the IPO.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

2

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

## II.   BACKGROUND

To avoid duplicative briefing, the Underwriter Defendants incorporate by reference the background facts set forth in Section II of BLI's Motion to Dismiss.

## III.   LEGAL STANDARDS

In order to survive a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is only facially plausible if Plaintiffs plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

To allege a Section 11 claim, Plaintiffs must show "(1) that the registration statement contained an omission or misrepresentation, and (2) that the omission or misrepresentation was material, that is, it would have misled a reasonable investor about the nature of his or her investment." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1027 (9th Cir. 2005)); *see* 15 U.S.C. § 77k(a).

To allege a Section 12(a)(2) claim, Plaintiffs must show "(1) an offer or sale of a security, (2) by the use of a means or instrumentality of interstate commerce, (3) by means of a prospectus or oral communication, (4) that includes an untrue statement of material fact or omits to state a material fact that is necessary to make the statements not misleading." *Miller v. Thane Int'l, Inc.*, 615 F.3d 1095, 1099 (9th Cir. 2010) (internal quotation omitted); *see* 15 U.S.C. § 77l(a)(2).

Securities Act claims that are "grounded in fraud" are subject to the heightened pleading standard of Rule 9(b), which requires Plaintiffs to "state with particularity the circumstances constituting the alleged fraud." *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996); Fed. R. Civ. P. 9(b).  When, as here, the Complaint uses the "same factual allegations to allege violations of section 11 as it uses to allege fraudulent conduct under section 10(b) of the Exchange Act, [the Court] can assume that it sounds in fraud," and the Securities Act claims must be pleaded with particularity.  *Rubke*, 551 F.3d at 1161; *see Yokell v. Draper*, 2018 WL 3417514,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

3

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

at *12 (N.D. Cal. July 13, 2018) (applying Rule 9(b) to Section 12(a)(2) claim where plaintiff "fail[ed] to plead a separate course of conduct and instead simply 'exclude[d] and disclaim[ed]' the allegations grounded in fraud"); *Katz v. China Century Dragon Media, Inc.*, 2011 WL 6047093, at *4-*5 (C.D. Cal. Nov. 30, 2011) (applying Rule 9(b) to Section 11 and 12(a)(2) claims sounding in fraud and dismissing both claims for, *inter alia*, plaintiffs' failure to "plead falsity with the requisite specificity").

## IV.   ARGUMENT

### A.   The Section 11 and Section 12(a)(2) Claims Should Be Dismissed Because Plaintiffs Fail to Plead Any Actionable Material Misstatement or Omission

The Underwriter Defendants join the BLI Defendants in moving to dismiss Plaintiffs' Section 11 and 12(a)(2) claims.  For the reasons set forth in Sections III(A) and IV of BLI's Motion to Dismiss, Plaintiffs fail to (and cannot) plead any materially false or misleading statement or omission of a material fact in the IPO Materials that made any statement misleading. Plaintiffs' failure to plead falsity requires dismissal of Plaintiffs' Section 11 and Section 12(a)(2) claims.  *See In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *31 (N.D. Cal. Oct. 1, 2015) (internal citation omitted) ("[t]he 'misstatement or omission' requirement under Section 12(a)(2) is materially identical to that under Section 11"); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1072-73 (N.D. Cal. 2010) (dismissing Section 12(a)(2) claim in the first instance because the complaint failed to state Section 11 claim and both claims were based on the same alleged misstatements and omissions).

Plaintiffs have failed to plead the falsity of any statement in the IPO Materials under any pleading standard, let alone under Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, which applies to claims that "sound in fraud."  *See* BLI's Motion to Dismiss, Section IV (establishing that Plaintiffs' Securities Act claims sound in fraud); *Stac Elecs.*, 89 F.3d at 1405 (affirming application of Rule 9(b)'s particularity requirement to Section 11 claim against underwriters and granting of motion to dismiss); *Bare Escentuals*, 745 F. Supp. 2d at 1068 (similar) ("it is the conduct pled that matters—not necessarily the words with which plaintiffs artfully seek to allege their claims"); *see also Yokell*, 2018 WL 3417514, at *12 (applying Rule

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

4

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

9(b) to Section 12(a)(2) claim where "the conduct underlying Plaintiff's Section 12(a)(2) claim [was] also alleged to be fraudulent under separate causes of action," notwithstanding the plaintiff's "efforts to segregate [the Section 12(a)(2)] claim from the conduct underlying the causes of action grounded in fraud").

**B.      The Section 11 and Section 12(a)(2) Claims Should Be Dismissed Because Plaintiffs' Allegations Establish a Lack of Loss Causation**

For Section 11 and Section 12(a)(2) claims, "defendants may prove as an affirmative defense that the plaintiffs' loss, or some portion thereof, was not caused by the alleged misstatements or omissions." *In re Shoretel Inc., Sec. Litig.*, 2009 WL 248326, at *4-*5 (N.D. Cal. Feb. 2, 2009) (citing 15 U.S.C. § 77k(e)); *see also* 15 U.S.C. § 77*l*(b).  As with any affirmative defense, "if the facts as alleged by plaintiffs, and documents which the court may take judicial notice of, establish the affirmative defense as a matter of law then the motion to dismiss may be granted." *Shoretel*, 2009 WL 248326, at *5-*6 (dismissing Section 11 claims for lack of loss causation where "the face of the Complaint demonstrate[d]" that the plaintiffs' claimed damages were not caused by the alleged misstatements and omissions); *see also Velti*, 2015 WL 5736589, at *28 (dismissing Section 11 claim for which it was "apparent from the face of the [complaint] and judicially noticeable facts that defendants ha[d] an absolute negative causation defense," and collecting similar cases); *Brown v. Ambow Educ. Holding Ltd.*, 2014 WL 523166, at *14-*16 (C.D. Cal. Feb. 6, 2014) (holding that plaintiffs' complaint "demonstrate[d] negative causation" where the "alleged corrective disclosures [did] not reasonably evidence the alleged misstatements or misleading omissions identified in the [r]egistration [s]tatement").

For the reasons set forth in Sections III(C) and IV of BLI's Motion to Dismiss, Plaintiffs' Section 11 and Section 12(a)(2) Claims should be dismissed because the face of the Complaint and judicially noticeable facts demonstrate a lack of loss causation.

**C.      The Section 12(a)(2) Claim Against the Underwriter Defendants Should Be Dismissed Because Plaintiffs Fail to Plead that Any Underwriter Defendant Is a Statutory Seller**

Plaintiffs' Section 12(a)(2) claim against the Underwriter Defendants suffers from an additional defect:  Plaintiffs fail to allege that any Underwriter Defendant is a statutory "seller" of

the BLI shares that they purchased.  To plead "seller" status for the purpose of bringing a Section 12(a)(2) claim, Plaintiffs must allege that the Underwriter Defendants either (i) sold securities to Plaintiffs by "actually pass[ing] title" of BLI shares to Plaintiffs or (ii) successfully solicited Plaintiffs' purchases by, "at a minimum, directly communicat[ing] with" Plaintiffs.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003); *see* 15 U.S.C. § 77*l*(a)(2) (limiting liability to claims brought by a "person [who] purchas[ed] such security *from him*" (emphasis added); *Pinter v. Dahl*, 486 U.S. 622, 643-44, n.21 (1988) ("a buyer cannot recover against his seller's seller"); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 536 (9th Cir. 1989) (holding that "*Pinter* provides the standard for determining liability as a 'seller' under section 12(2)").  Plaintiffs' Section 12(a)(2) claim fails to allege facts showing that the Underwriter Defendants did either.

First, Plaintiffs conspicuously fail to allege that *any* of the Underwriter Defendants passed title in any BLI shares to them (in the IPO or elsewhere).  If Plaintiffs had a factual basis to allege otherwise, they would have said so.  By contrast, as discussed below, Lead Plaintiff's certification confirms that he did not purchase from any Underwriter Defendant.  Similarly, the Retirement System's certification includes no indication that it purchased BLI shares from any Underwriter Defendant.  This mandates dismissal of the Section 12(a)(2) claim against the Underwriter Defendants.  *See*, e.g., *In re 2U, Inc. Sec. Class Action*, 2021 WL 3418841, at *27 (D. Md. Aug. 5, 2021) (dismissing Section 12(a)(2) claim against underwriters where plaintiff "[did] not allege that it purchased shares directly from the [underwriters], let alone from a specific one"); *Baker v. Seaworld Entm't, Inc.*, 2016 WL 2993481, at *18 (S.D. Cal. Mar. 31, 2016) (same).

Second, the Complaint does not allege that any of the Underwriter Defendants successfully (or otherwise) solicited Plaintiffs' alleged purchases of BLI shares.  This, too, is fatal to Plaintiffs' Section 12(a)(2) claim, as recognized by courts across the country.  *See, e.g.*, *Baker*, 2016 WL 2993481, at *18 (dismissing plaintiffs' Section 12(a)(2) claim for failure to plead that plaintiffs purchased shares from the underwriter defendants or to include any allegations of direct communication with them); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *10 (C.D. Cal. May 5, 2011) (plaintiffs "must include very specific allegations of solicitation, *including direct communication*" with Section 12(a)(2) defendants, to state a Section 12(a)(2)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

6

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

claim against them) (emphasis added); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 406 (D. Md. 2004) (dismissing Section 12(a)(2) claims against underwriters for failure to allege "by whom the plaintiffs were solicited" and "specific factual allegations demonstrating a direct relationship between the defendant and the plaintiff-purchaser").

It is irrelevant that Plaintiffs generically allege that each Underwriter Defendant "served as an underwriter for the July 2020 IPO" (Compl. ¶¶ 263(j)-(m), 265), and that the Underwriter Defendants "solicited the purchase of Berkeley Lights common stock through means of the IPO Materials" and "participating in the preparation of, or signing, the . . . IPO materials, and/or selling shares of stock." *Id.* ¶ 290. Such basic acts are routine in any public securities offering and insufficient to establish the direct, personal contact necessary to allege "solicitation" in a Section 12(a)(2) claim. *See, e.g.*, *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at *31 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019) (dismissing Section 12(a)(2) claims against underwriters based on "conclusory and insufficient" allegations that underwriters "helped draft and disseminate the Registration Statements" and "solicited" plaintiff, explaining that "allegations that the Underwriter Defendants merely did their job and rendered professional services to [the issuer] in connection with a transaction for securities do not amount to allegations that the underwriters are 'sellers' under § 12(a)(2)"); *In re Royal Ahold*, 351 F. Supp. 2d at 406 (dismissing Section 12(a)(2) claim against underwriters based on allegation that they prepared prospectus and orchestrated "all activities necessary to effect the sale of these securities to the investing public"). Indeed, Plaintiffs do not even allege that any or all of the Underwriter Defendants met or directly communicated with them in any way.

If any Underwriter Defendant solicited Plaintiffs' alleged purchase of BLI shares, then Plaintiffs could and should have alleged that fact in plain terms. Their failure to do so requires dismissal of their Section 12(a)(2) claim as to each Underwriter Defendant. *See In re Vocera Commc'ns, Inc. Sec. Litig.*, 2015 WL 603208, at *2 (N.D. Cal. Feb. 11, 2015) (granting motion to dismiss Section 12(a)(2) claim against underwriter defendants who were not alleged to have sold stock to the plaintiff); *Katz*, 2011 WL 6047093, at *5 (same).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

7

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

**D.      Lead Plaintiff's Section 12(a)(2) Claim Should Be Dismissed for Lack of Standing Because Lead Plaintiff Fails to Plead that He Purchased BLI Shares in the IPO**

A Section 12(a)(2) claim can only be brought by investors who purchased securities *directly in BLI's IPO*—it cannot be brought by investors who purchased securities in the secondary market (*i.e.*, transactions outside of the IPO). *See Hertzberg v. Dignity Partners*, 191 F.3d 1076, 1080–81 (9th Cir. 1999) (citing *Gustafson v. Alloyd Co.*, 513 U.S. 561, 571–72, 78 (1995))("a suit under Section 12 may only be maintained by a person who purchased the stock in the offering under the prospectus"); *Norfolk Cty. Ret. Sys. v. Solazyme, Inc.*, 2016 WL 7475555, at *4 (N.D. Cal. Dec. 29, 2016) (Gilliam, J.) (citing *Hertzberg*) ("Section 12(a)(2) requires a plaintiff to plead . . . that it purchased a security directly from the issuer as part of the initial offering, rather than in the secondary market."); *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 983 (N.D. Cal. 2007) ("§ 12(a)(2) does not extend to after market transactions").  Lead Plaintiff has not alleged such a direct purchase in the IPO.

Instead, the Complaint generically alleges that Plaintiffs (and putative class members) purchased shares of BLI's common stock issued "pursuant and/or traceable to" the IPO.  Compl. at 1:11.  The fact that the Complaint makes this boilerplate purchase allegation inconsistently— alternating between uses of "or," "and," and "and/or"—renders it even more formulaic and equivocal for purposes of Lead Plaintiff's standing.  *Compare id.* ¶ 260 ("pursuant and traceable to"), *with id.* ¶ 284 ("pursuant or traceable to"), *and id.* ¶ 296 ("pursuant or traceable to"), *and id.* ¶ 305 ("pursuant or traceable to").  These divergent recitations fall well short of alleging what Lead Plaintiff must plead to state a Section 12(a)(2) claim:  that he purchased BLI shares in the IPO, as opposed to in the secondary market (*i.e.*, after the IPO).  "[W]ishy-washy" purchase allegations "are insufficient to demonstrate that [he has] Section 12 standing—either [he] purchased shares directly from one of the Section 12 Defendants in the [ ] Offering or [he] did not." *In re CytRx Corp. Sec. Litig.*, 2015 WL 5031232, at *14 (C.D. Cal. July 13, 2015).  That is why Section 12(a)(2) claims that rely on the same equivocal purchase allegations as the Complaint are routinely dismissed for lack of standing.  *See, e.g.*, *Welgus*, 2017 WL 6466264, at *26  (dismissing Section 12(a)(2) claim against underwriters where plaintiff allegedly purchased

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

8

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

shares "pursuant to or traceable to" registration statement); *Norfolk*, 2016 WL 7475555, at *5 (similar); *Levi Strauss*, 527 F. Supp. at 983 (similar); *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co. Inc.*, 714 F. Supp. 2d 475, 484 (S.D.N.Y. 2010) (similar); *In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580, 588–89 (S.D.N.Y. 2005) (similar); *N. J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.,* 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010) (similar).

Lead Plaintiff's lack of standing is cemented by the certification that he incorporates by reference in the Complaint. Plaintiffs allege that BLI sold "shares of common stock to the public at the IPO price of $22 per share" on July 21, 2020. Compl. ¶ 8. Plaintiffs also allege that Lead Plaintiff purchased BLI shares "as set forth in the Certification, previously filed in this action." *Id.* ¶ 19 (citing ECF Nos. 25-2, 60-2). Lead Plaintiff's certification identifies *no* shares purchased by Lead Plaintiff on the IPO date at the IPO price. *See* ECF No. 25-2 at 3 (listing purchases from January 8, 2021 through September 16, 2021); BLI's RJN, Ex. 36 (same). To the contrary, Lead Plaintiff alleges that he purchased shares of BLI on and after January 8, 2021—more than *five months after* the IPO. These admissions are fatal to Lead Plaintiff's Section 12(a)(2) claim.

If Lead Plaintiff had, in fact, purchased BLI shares in the IPO, then (i) he would have alleged that he did so—rather than relying on variations of the vague "pursuant or traceable to" formulation—and (ii) his certification would have reflected that purchase—namely, a purchase of shares at the IPO price of $22.00 per share on the IPO date (July 17, 2020). Lead Plaintiff's failure to plead a purchase of BLI shares in the IPO requires the dismissal of his Section 12(a)(2) claim, and based on the admissions in Lead Plaintiff's certification, it should be dismissed with prejudice. *See Farhat v. Wells Fargo Bank, N.A.*, 2019 WL 3254187, at *2 (N.D. Cal. July 19, 2019) (Gilliam, J.) (citing *McKesson HBOC v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003)) ("dismissal without leave to amend is proper when it is clear that the complaint could not be saved by any amendment").

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' claims against the Underwriter Defendants should be dismissed in their entirety without leave to amend.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

9

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS

Dated: November 11, 2022

MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Charlene S. Shimada*
Charlene S. Shimada

Attorneys for Defendants
*J.P. Morgan Securities LLC, Morgan
Stanley & Co. LLC, Cowen and Company,
LLC, and William Blair & Company L.L.C.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

10

UNDERWRITER DEFENDANTS'
MOTION TO DISMISS