JORDAN ETH (SBN 121617)
JEth@mofo.com
CHRISTIN HILL (SBN 247522)
CHill@mofo.com
SAMUEL ISON (SBN 339688)
SIson@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-1905
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant Nikon Corp.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.,<br><br>Defendants. | Case No.   4:21-cv-09497-HSG<br><br>**DEFENDANT NIKON CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS THE AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Date:  March 16, 2023<br>Time:  2:00 p.m.<br>Ctrm:  2 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on March 16, 2023, at 2:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Haywood S. Gilliam, Jr., in Courtroom 2 of the United States District Court, located at 1301 Clay Street, Oakland, CA 94612, defendant Nikon Corp. ("Nikon"), will, and hereby does, move to dismiss Plaintiffs' Amended Complaint (the "Amended Complaint" or "AC") (Dkt. No. 89) pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion seeks dismissal of the two claims against Nikon: Count II for violations of Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Count V for violations of Section 15 of the Securities Act of 1933 (the "Securities Act"). Both claims assert "controlling person" liability against Nikon.

Nikon also hereby joins in the motion to dismiss filed by Berkeley Lights, Inc. ("BLI" or "Berkeley Lights"), Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor Khandros, Michael Marks, Sarah Boyce, Gregory Lucier, Michael Moritz, Elizabeth Nelson, James Rothman, Ming Wu, and Makoto Shintani (collectively, the "BLI Defendants").

Nikon's Motion is supported by the following Memorandum of Points and Authorities; the Request for Judicial Notice filed by the BLI Defendants; the Declaration of Lauren C. Barnett ("Barnett Decl.") and its exhibits; any Reply Memorandum; the papers and pleadings on file with the Court; and such other written or oral argument and other materials as may be presented before the Court takes this Motion under submission.

## ISSUE TO BE DECIDED

Whether the Amended Complaint adequately pleads controlling person liability against Nikon where it alleges that Nikon never owned more than 8.1% of BLI's common stock and appointed only one BLI director who served on the board for only the first day of the Class Period.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL ALLEGATIONS AGAINST NIKON ............................................... 1

    A.   Nikon's Minority Stake in BLI. ............................................................... 1

    B.   Nikon's Role in Appointing a Director on BLI's Board. ......................... 2

    C.   Nikon's Limited Distribution Agreement with BLI. ................................ 2

III. MOTION TO DISMISS STANDARD ................................................................. 3

IV.  ARGUMENT ....................................................................................................... 3

    A.   The Amended Complaint Fails to Adequately Allege a Primary Violation of the Securities Laws. ............................................................................... 4

    B.   The Amended Complaint Fails to Adequately Allege that Nikon Exercised Actual Control or Power Over BLI. ......................................................... 4

        1.   Nikon's Minority Stake in BLI and Ability to Appoint One Director Do Not Establish Control. ............................................................... 5

        2.   Nikon's Distribution Agreement with BLI Does Not Establish Control. ........................................................................................... 7

V.   CONCLUSION .................................................................................................... 8

ii

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 3

*In re Am. Apparel, Inc. S'holder Litig.*,
  No. CV 10-06352 MMM, 2013 WL 174119 (C.D. Cal. Jan. 16, 2013) ................................... 4

*Bao v. SolarCity Corp.*,
  No. 14-cv-1435-BLF, 2015 WL 1906105 (N.D. Cal. Apr. 27, 2015) ................................. 4, 6

*In re BofI Holding, Inc. Secs. Litig.*,
  No. 3:15-CV-2324-GPC-KSC, 2017 WL 2257980 (S.D. Cal. May 23, 2017) ....................... 3

*Brodsky v. Yahoo! Inc.*,
  630 F. Supp. 2d 1104 (N.D. Cal. 2009) ................................................................... 4

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
  880 F. Supp. 2d 1045 (N.D. Cal. 2012) ................................................................... 3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  308 F. Supp. 2d 249 (S.D.N.Y. 2004) ...................................................................... 6

*Fouad v. Isilon Sys., Inc.*,
  No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) ....................... 1, 5, 6

*In re Galena Biopharma, Inc. Sec. Litig.*,
  117 F. Supp. 3d 1145 (D. Or. 2015) ...................................................................... 5

*In re Glob. Crossing, Ltd. Sec. Litig.*,
  No. 02 Civ. 910 (GEL), 2005 WL 1881514 (S.D.N.Y Aug. 5, 2005) ................................. 6, 7

*Golub v. Gigamon Inc.*,
  372 F. Supp. 3d 1033 (N.D. Cal. 2019) ................................................................... 5

*Ho v. Duoyuan Glob. Water, Inc.*,
  887 F. Supp. 2d 547 (S.D.N.Y. 2012) ...................................................................... 6, 7

*Hollinger v. Titan Capital Corp.*,
  914 F.2d 1564 (9th Cir. 1990) ................................................................................ 3

*In re Homestore.com Sec. Litig.*,
  347 F. Supp. 2d 790 (C.D. Cal. 2004) ................................................................... 7

*In re Kosmos Energy Ltd. Sec. Litig.*,
  955 F. Supp. 2d 658 (N.D. Tex. 2013) ...................................................................... 7

iii

*LLDVF v. DiNicola*,
   No. 09-1280 (JLL), 2010 WL 3210613 (D.N.J. Aug. 12, 2010) ............................................ 5

*In re NVIDIA Corp. Sec. Litig.*,
   768 F.3d 1046 (9th Cir. 2014).................................................................................... 2, 4

*O'Sullivan v Trident Microsystems, Inc.*,
   No. C 93-20621 RMW (EAI), 1994 WL 124453 (N.D. Cal. Jan. 31, 1994) .......................... 6

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
   96 F.3d 1151 (9th Cir. 1996)..................................................................................... 4, 7

*In re Rigel Pharm. Sec. Litig.*,
   697 F.3d 869 (9th Cir. 2012)........................................................................................ 4

*Silsby v. Icahn*,
   17 F. Supp. 3d 348 (S.D.N.Y. 2014) .......................................................................... 6

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
   No. C 99-0109, 2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ..................................... 6

*In re Tezos Sec. Litig.*,
   No. 17-cv-06779 RS, 2018 WL 4293341 (N.D. Cal. Aug. 7, 2018) ............................... 4

*Webb v. Solarcity Corp.*,
   884 F.3d 844 (9th Cir. 2018)....................................................................................... 3

*Welgus v. TriNet Group, Inc.*,
   No. 15-cv-3625-BLF, 2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ............................... 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................. 3

Fed. R. Civ. P. 8(a)........................................................................................................ 3

Fed. R. Civ. P. 9(b) ....................................................................................................... 3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs seek to hold Nikon, a Japan-based manufacturing company, responsible for numerous allegedly misleading statements made by the BLI Defendants over the 18-month Class Period.  Plaintiffs' purported basis for doing so is that Nikon held, at most, 8.1% of BLI's common stock during the Class Period; exercised a right to nominate one BLI director (out of ten directors) who held the position for only the first day of the Class Period; and had a multi-year business relationship with BLI as a distributor of its products in a handful of countries in Asia. These facts cannot support a claim that Nikon "controlled" BLI in making the allegedly misleading statements.

The Amended Complaint fails to state a claim against Nikon for two independent reasons. First, as discussed in the BLI Defendants' motion to dismiss, the Amended Complaint does not adequately allege a primary violation of the securities laws.  Second, the Amended Complaint's allegations do not meet the standards for pleading Nikon's control person liability.  "Courts in this Circuit have held that a defendant's status as minority shareholder is insufficient to establish control person liability, even when combined with the power to appoint directors." *Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008). Thus, the fact that Nikon owned no more than 8.1% of BLI's stock is not enough to state a control person claim.  Neither is appointing one of ten directors.  Nor is having a business relationship with BLI sufficient.  And combining these inadequate allegations does not meet the standard, either.  Accordingly, the claims against Nikon should be dismissed.

### II.    FACTUAL ALLEGATIONS AGAINST NIKON[1]

#### A.    Nikon's Minority Stake in BLI.

Nikon is a Japanese corporation that specializes in optics and imaging products.  (AC ¶28).  The Amended Complaint alleges that before BLI's Initial Public Offering ("IPO") on July

---

[1] For purposes of this Motion only, Nikon treats all allegations in the Amended Complaint as true. Nikon reserves the right to dispute those allegations, and nothing in this Memorandum should be taken as an admission of any of those allegations.

17, 2020, Nikon owned 8.1% of BLI's outstanding common and preferred stock.  (AC ¶¶28; 55).

After the IPO, Nikon owned 7% of BLI's common stock.  (AC ¶58).  Four months after the IPO,

Nikon sold additional shares in a secondary offering, decreasing its ownership interest to 6.1%.

(AC ¶59).  By March 2021, less than halfway through the Class Period, Nikon had sold all of its

BLI stock.  (AC ¶180).

### B.    Nikon's Role in Appointing a Director on BLI's Board.

The Amended Complaint contains the conclusory allegation that each of the "Control

Defendants," which includes Nikon, "owned a significant direct interest in Berkeley Lights,

allowing them to appoint and control the Company's Board of Directors."  (AC ¶50; *see also* AC

¶56).  The allegations specific to Nikon contradict this assertion.  Specifically, the Amended

Complaint alleges that "Nikon had significant influence over the appointment of [the ***one***

designated Series E] director," based on Nikon's ownership of 32 percent of Series E preferred

shares.  (AC ¶54).  Plaintiffs allege that the Series E stockholder class designated Makoto

Shintani, at the time a corporate vice president at Nikon, to this seat on the Board.  *Id.*   Mr.

Shintani resigned from the Board of Directors on the same day as the IPO, which is the first day

of the 18-month Class Period.[2]  Accordingly, in all but one day of the Class Period, Nikon had no

appointee on BLI's Board.[3]

### C.    Nikon's Limited Distribution Agreement with BLI.

In January of 2018, Nikon and BLI entered into a distribution agreement that designated

Nikon as BLI's exclusive distributor of products in Japan, Singapore, Thailand, and South Korea,

---

[2] Barnett Decl., Ex. 1 at 141 (stating that Mr. Shintani would resign from BLI's Board of Directors, "effective upon the closing of this offering"). As explained in the BLI Defendants' Request for Judicial Notice, which Nikon joins, the Court may properly consider Exhibit 1— Nikon's Amendment No. 2 to Form S-1 Registration Statement filed with the SEC on July 16, 2020—under both the doctrines of judicial notice and incorporation by reference. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice.").

[3] The Amended Complaint also alleges that "the control defendants" collectively designated up to six of the eight sitting Board members at the time of the IPO.  (AC ¶56).  The Amended Complaint does not specify Nikon's role in this selection, if any.

2

and a non-exclusive distributor in China. (AC ¶28). According to the Amended Complaint, this agreement lasted from March 2019 to "at least" March 2022. (*Id*). The Amended Complaint further alleges that this distribution agreement, "provided Nikon with important insight into Berkeley Lights's placement of products in Asia, including trends in accounts receivable." (AC ¶195).

## III.    MOTION TO DISMISS STANDARD

Nikon brings this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of any count or cause of action that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain enough facts to state a claim that is not merely "conceivable" but "plausible on its face*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. In considering a motion to dismiss, a court "accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff," but the court "need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit' or 'allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1056-57 (N.D. Cal. 2012) (citation omitted) (dismissing control person claim).

## IV.    ARGUMENT

Plaintiffs seek to hold Nikon liable as a control person under Section 20(a) of the Exchange Act and Section 15 of the Securities Act for allegedly false and misleading statements made by BLI concerning its key product. To plead a control person claim, a plaintiff must establish "'(1) a primary violation of federal securities laws' and '(2) that the defendant exercised actual power or control over the primary violator.'" *Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) (citation omitted); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) ("[a]lthough § 15 is not identical to § 20(a), the controlling person analysis is the same").[4]

---

[4] There is disagreement among district courts in the Ninth Circuit as to whether a control person claim must be pleaded under Rule 8(a), or the heightened standard of Rule 9(b). *Compare In re*

Here, Plaintiffs fail to satisfy either element of a control person claim.

**A.    The Amended Complaint Fails to Adequately Allege a Primary Violation of the Securities Laws.**

For the reasons set forth in the BLI Defendants' Motion to Dismiss, which Nikon joins, Plaintiffs have not adequately alleged a primary violation of the securities laws.  Because a control person liability claim cannot be sustained without a primary violation, the Amended Complaint should be dismissed as to Nikon as well.  *See In re Rigel Pharm. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) (affirming dismissal of Section 15 claim because plaintiffs failed to plead primary violation); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1119 (N.D. Cal. 2009) (dismissing Section 20(a) claim for failure to plead primary violation).

**B.    The Amended Complaint Fails to Adequately Allege that Nikon Exercised Actual Control or Power Over BLI.**

The Amended Complaint also fails to adequately allege that Nikon "exercised actual power over the primary violator." *In re NVIDIA Corp.*, 768 F.3d at 1052 (citation omitted).  To state a control person claim, a plaintiff must allege "specific facts concerning a defendant's responsibilities within the company that demonstrate [its] involvement in the day-to-day affairs of the company or specific control over the preparation and release of the allegedly false and misleading statements." *Bao v. SolarCity Corp.*, No. 14-cv-1435-BLF, 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015).  Indeed, "[I]t is clear the Ninth Circuit requires some assertion of a defendant's 'day-to-day' interaction with a company" for a control person claim to stand.  *In re Tezos Sec. Litig.*, No. 17-cv-06779 RS, 2018 WL 4293341, at *10 (N.D. Cal. Aug. 7, 2018); *see also Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1162-63 (9th Cir. 1996) (no control person liability for a lender with a "strong hand" in a company's debenture offering because the defendant did not "exercise control over the 'management and policies'" of the

---

*Am. Apparel, Inc. S'holder Litig.*, No. CV 10-06352 MMM (JCGx), 2013 WL 174119, at *34 n.204 (C.D. Cal. Jan. 16, 2013) (applying Rule 8(a) standard to control person claim) *with In re BofI Holding, Inc. Secs. Litig.*, No. 3:15-CV-2324-GPC-KSC, 2017 WL 2257980, at *22-23 (S.D. Cal. May 23, 2017) (apply Rule 9(b) standard to control person claim).   Under either standard, the Amended Complaint fails to adequately allege a claim against Nikon.

primary violator, or "direct its day-to-day affairs").

Here, the Amended Complaint contains no allegations showing that Nikon played any role in BLI's "day-to-day" operations. Instead, the Amended Complaint mainly groups Nikon together with the other "Control Defendants" alleging that they jointly "exercise[ed] control over Berkeley Lights." (AC ¶58). This type of joint allegation fails as a matter of law. *See In re Galena Biopharma, Inc. Sec. Litig.*, 117 F. Supp. 3d 1145, 1202 (D. Or. 2015) (allegations that "lump[] together all Defendants" are "insufficient to plead control person liability."). *See also LLDVF v. DiNicola*, No. 09-1280 (JLL), 2010 WL 3210613, at *12 (D.N.J. Aug. 12, 2010) ("[E]ach defendant's control must be evaluated separately unless there is some basis on which to consider their collective action. . . . [A] contrary holding would mean that any shareholder, no matter how small, could be grouped with others to form a majority control group, even absent any allegations or facts supporting that shareholder's actual control"). In the absence of any factual allegations that could support an inference that Nikon coordinated with the other Control Defendants to control BLI, the Court should reject the "Control Defendant" allegations as a legal conclusion that cannot defeat a motion to dismiss. *See Fouad*, 2008 WL 5412397, at *13 (Without "allegations that the venture capital firms acted together to control [the company], these allegations of control by virtue of collective ownership are conclusory and unconvincing.").

The only factual allegations specific to Nikon involve (1) Nikon's ownership interest in BLI, and ability to appoint one board member; and (2) Nikon's distribution agreement with BLI, which the Amended Complaint alleges provided Nikon with "direct insight" into BLI's sales and revenue in Asian markets. These allegations fall far short of adequately pleading control under Ninth Circuit law.

### 1. Nikon's Minority Stake in BLI and Ability to Appoint One Director Do Not Establish Control.

The Amended Complaint alleges that Nikon owned up to 8.1% of BLI's outstanding common and preferred stock, and that "Nikon had significant influence over the appointment of [the one designated Series E] director." (AC ¶¶28; 54-55). These allegations fail to establish control for multiple reasons.

5

First, "holding a minority share of a company does not establish control person liability." *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1053 (N.D. Cal. 2019). Thus, courts routinely dismiss control person claims against minority shareholders with holdings larger than Nikon's 8.1% minority stake— which *decreased* to zero over the course of the Class Period. *See e.g.*, *Bao*, 2015 WL 1906105, at *5 (dismissing control person claim against 30% shareholder who was also chairman of the board); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-0109 SBA, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000) (dismissing control person claim against defendant who owned approximately 20% of company's stock); *O'Sullivan v Trident Microsystems, Inc.*, No. C 93-20621 RMW (EAI), 1994 WL 124453, at *18 (N.D. Cal. Jan. 31, 1994) (dismissing control person claim against shareholder that held 9.5% stake and appointed one director).

Second, the power to appoint directors does not establish control person liability. *See Fouad*, 2008 WL 5412397, at *13 ("Courts in this Circuit have held that a defendant's status as minority shareholder is insufficient to establish control person liability, even when combined with the power to appoint directors."). *See also Welgus v. TriNet Group, Inc.*, No. 15-cv-3625-BLF, 2017 WL 167708, at *13 (N.D. Cal. Jan. 17, 2017) (dismissing control person claims against private equity firm that appointed two representatives on the board); *Silsby v. Icahn*, 17 F. Supp. 3d 348, 371 (S.D.N.Y. 2014) (defendant's 14.8% ownership stake and nomination of two directors did not support plausible inference of control), *aff'd sub nom. Lucas v. Icahn*, 616 F. App'x 448 (2d Cir. 2015); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 308 F. Supp. 2d 249, 273–74 (S.D.N.Y. 2004) (dismissing control person claim against defendant that held 30% of shares and appointed three of nine directors); *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 557–58, 580 (S.D.N.Y. 2012) (dismissing Section 15 claim against defendant that held 20% of stock and appointed one director); *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02 Civ. 910 (GEL), 2005 WL 1881514, at *13 (S.D.N.Y Aug. 5, 2005) (dismissing Section 15 claim against two minority shareholders, each of which held 15.8% of the stock and each of which appointed one employee as a director).

Here, the Amended Complaint acknowledges that as one of several holders of Series E

6

preferred stock, Nikon had "significant influence over the appointment of [one] director," but not the unilateral authority to appoint even this one Board member.  (AC ¶54).  Moreover, the only Board appointment that Nikon is specifically alleged to have "influenced"—the appointment of Mr. Shintani—only lasted one day of the Class Period.  The IPO Registration Statement confirms that Mr. Shintani would resign from the Board, "effective upon the closing of this offering"—or July 17, 2020, the first day of the Class Period.  (Barnett Decl., Ex. 1 at 141).

Third, Plaintiffs plead no facts suggesting that Nikon controlled Mr. Shintani's activities as a BLI director, or that, through him, Nikon controlled BLI's day-to-day operations or the preparation of the alleged misstatements.  "Individual directors are not the personal representatives of the shareholders who elected them."  *2 Fletcher Cyclopedia of the Law of Corporations § 507 (2020)*.  Because a director "owe[s] fiduciary duties to . . . shareholders," allegations that a director acted under the direction of another party must allege facts that rebut "the assumption that she acted in accordance with her duties."  *Ho*, 887 F. Supp. 2d at 581 (dismissing control person claim).[5]   Here, the Amended Complaint is void of factual allegations demonstrating that Mr. Shintani—even during the one day of the Class Period when he was both a Nikon employee and a BLI director—was acting according to Nikon's direction, rather than in accordance with his fiduciary duties to BLI.  And for every other day of the Class Period, Nikon had no appointee on the BLI Board.

**2.      Nikon's Distribution Agreement with BLI Does Not Establish Control.**

Plaintiffs also allege that Nikon was a distributor of BLI products between 2019 and March 2022.  (AC ¶63).  Plaintiffs argue that this relationship gave Nikon "insight" into BLI's business.  *Id*.  These allegations are irrelevant and conclusory.

As the Ninth Circuit has explained, control turns on the "defendant's power to control

---

[5]  *See also In re Glob. Crossing*, 2005 WL 1881514, at \*13 (declining to infer that two control defendants controlled their appointees to the primary defendants' board because no allegations showed they had power over the appointees after they had exercised their power to appoint.); *see also In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 676 (N.D. Tex. 2013) (courts "cannot assume that . . . designees on the . . . Board of Directors were acting on behalf of [the control defendant] in their capacity as . . . directors").

7

corporate actions." *Paracor*, 96 F.3d at 1162.  Nikon's provision of distribution services to BLI does not establish that it controlled any of BLI's corporate actions or day-to-day activities, even where those services may have been essential to its business.  *See In re Homestore.com Sec. Litig.*, 347 F. Supp. 2d 790, 810 (C.D. Cal. 2004) (dismissing control person claim and finding that the provision of services did not establish control).  The Amended Complaint lacks factual allegations that demonstrate that Nikon's business dealings with BLI were anything other than an arm's length business relationship that, at most, provided Nikon with certain "insights" into BLI.  Absent plausible allegations of day-to-day control over BLI's business, Plaintiffs' claims against Nikon fail.

## V.    CONCLUSION

For the foregoing reasons, Nikon respectfully requests that the Court dismiss the Amended Complaint.

Dated:       November 11, 2022            By: */s/ Christin Hill*

JORDAN ETH
CHRISTIN HILL
SAMUEL ISON
MORRISON & FOERSTER LLP

*Attorneys for Defendant Nikon Corp*

8

DEFENDANT NIKON CORP.'S MOTION TO DISMISS AMENDED COMPLAINT
Case No. 4:21-cv-09497