EVAN L. SEITE, State Bar No. 274641
KEITH E. EGGLETON, State Bar No. 159842
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  eseite@wsgr.com
            keggleton@wsgr.com

*Attorneys for Defendants Celesta Capital
(f/k/a WRVI Capital), Walden Riverwood
GP, LLC, Walden Riverwood Ventures,
L.P., WIIG Communications Management
LLC, WRV-BLI LLC, WRV-BLI II, LLC,
WRV-BLI III LLC, WRV-BLI IV, LLC,
WRV GP II, LLC, and WRV II, L.P.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.,<br><br>Defendants. | CASE NO.:  4:21-cv-09497-HSG<br><br>**CELESTA DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND JOINDER TO MOTION TO DISMISS OF BLI DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  March 16, 2023<br>Time:  2:00 p.m.<br>Judge:  Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ...........................................................................................1

ISSUES TO BE DECIDED.............................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................2

INTRODUCTION...........................................................................................................................2

BACKGROUND.............................................................................................................................2

ARGUMENT ..................................................................................................................................3

CONCLUSION ...............................................................................................................................6

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ark. Teacher Ret. Sys. v. Bankrate, Inc.*,
    18 F. Supp. 3d 482 (S.D.N.Y. 2014) ........................................................................ 6

*Bao v. SolarCity Corp.*,
    No. 14-cv-01435-BLF, 2015 WL 1906105 (N.D. Cal. Apr. 27, 2015) ............................. 4

*Brodsky v. Yahoo! Inc.*,
    630 F. Supp. 2d 1104 (N.D. Cal. 2009) ........................................................................ 3

*Fouad v. Isilon Sys., Inc.*,
    No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) ......................... 4, 6

*Golub v. Gigamon Inc.*,
    372 F. Supp. 3d 1033 (N.D. Cal. 2019), *aff'd*,
    994 F.3d 1102 (9th Cir. 2021) ......................................................................... 2, 4, 5

*Ho v. Duoyuan Glob. Water, Inc.*,
    887 F. Supp. 2d 547 (S.D.N.Y. 2012) ........................................................................ 5

*Hollinger v. Titan Cap. Corp.*,
    914 F.2d 1564 (9th Cir. 1990) (en banc) .................................................................. 3

*In re BioScrip, Inc. Sec. Litig.*,
    95 F. Supp. 3d 711 (S.D.N.Y. 2015) ........................................................................ 4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    352 F. Supp. 2d 429 (S.D.N.Y. 2005) ........................................................................ 4

*In re Gupta Corp. Sec. Litig.*,
    900 F. Supp. 1217 (N.D. Cal. 1994) ........................................................................ 5

*In re Parmalat Sec. Litig.*,
    375 F. Supp. 2d 278 (S.D.N.Y. 2005) ........................................................................ 5

*In re Rigel Pharms., Inc. Sec. Litig.*,
    697 F.3d 869 (9th Cir. 2012) ................................................................................. 3

*In re Splash Tech. Holdings, Inc. Sec. Litig.*,
    No. C 99-00109 SBA, 2000 WL 1727405 (N.D. Cal. Sept. 29, 2000) ......................... 4

*In re Wells Fargo Mortg.-Backed Certificates Litig.*,
    712 F. Supp. 2d 958 (N.D. Cal. 2010) ........................................................................ 3

*In re Worlds of Wonder Sec. Litig.*, 7
    21 F. Supp. 1140 (N.D. Cal. 1989) ........................................................................ 6

*LLDVF, L.P. v. Dinicola*,
    No. 09-1280 (JLL), 2010 WL 3210613 (D.N.J. Aug. 12, 2010) ................................ 6

*Medina v. Clovis Oncology, Inc.*,
215 F. Supp. 3d 1094 (D. Colo. 2017) .................................................................................5

*Welgus v. TriNet Grp., Inc.*,
No. 15-cv-03625-BLF, 2017 WL 167708 (N.D. Cal. Jan. 17, 2017) ...........................4, 6

*Zucco Partners, LLC v. Digimarc Corp.*,
552 F.3d 981 (9th Cir. 2009).................................................................................................4

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 16, 2023, at 2:00 p.m. or as soon thereafter as counsel may be heard, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 of the United States District Court, 1301 Clay Street, Oakland, CA 94612, Defendants Celesta Capital (f/k/a WRVI Capital), Walden Riverwood GP, LLC, Walden Riverwood Ventures, L.P., WIIG Communications Management LLC, WRV-BLI LLC, WRV-BLI II, LLC, WRV-BLI III LLC, WRV-BLI IV, LLC, WRV GP II, LLC, and WRV II, L.P (collectively, the "Celesta Defendants" or "Celesta"), through their undersigned counsel, will, and hereby do, move for an order dismissing the Amended Complaint ("Complaint" or "Compl.") under Federal Rule of Civil Procedure 12(b)(6).

Celesta seeks dismissal with prejudice of Counts II and V against Celesta on the grounds that Plaintiffs have not adequately alleged a violation of Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Section 15 of the Securities Act of 1933 (the "Securities Act").  Celesta also joins in the Motions to Dismiss the Amended Complaint filed by Berkeley Lights, Inc. ("BLI" or the "Company"), Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor Khandros, Michael Marks, Sarah Boyce, Gregory Lucier, Michael Moritz, Elizabeth Nelson, James Rothman, Ming Wu, and Makoto Shintani (collectively, the "BLI Defendants"), Sequoia Capital, and Nikon Corporation, and the Request for Judicial Notice filed by the BLI Defendants. Celesta's Motion is based on this Notice and Motion, the Memorandum of Points and Authorities, any Reply Memorandum, the papers on file in this action, and such other matters as may be presented at the hearing on this Motion.

**ISSUES TO BE DECIDED**

Whether claims against Celesta in Counts II and V should be dismissed from this action because Plaintiffs have failed to plead violations of Section 20(a) of the Exchange Act and Section 15 of the Securities Act.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiffs' control person allegations against Celesta fall far short of pleading control of BLI and should be dismissed. *First*, as set forth in the Motion to Dismiss filed by the BLI Defendants, Plaintiffs fail to allege a primary violation of the securities laws. *Second*, Plaintiffs' allegations of control fail to plead sufficient facts to establish that Celesta "control[led] 'management and policies' of the [C]ompany or 'direct[ed] its day-to-day affairs.'" *E.g.*, *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1052-53 (N.D. Cal. 2019) (citation omitted), *aff'd*, 994 F.3d 1102 (9th Cir. 2021). Plaintiffs allege that Celesta is liable as a "control person" under Section 20(a) of the Exchange Act and Section 15 of the Securities Act because it was a minority shareholder of BLI, appointed a member of BLI's Board of Directors, had the right to access certain Company financial information, and purportedly acted together with three other minority shareholders to control the Company. Those allegations do not state a claim against Celesta. Courts both in this Circuit and across the country have made clear that a minority shareholder's ownership interest, ability to appoint a director, and/or access to company information are insufficient to state a claim for control person liability. And Plaintiffs' allegation that Celesta acted pursuant to a "common plan" with other minority shareholders to control the Company is based on nothing more than unsupported conjecture. The Celesta Defendants respectfully submit that they should be dismissed with prejudice.

### BACKGROUND

The Celesta Defendants are entities and funds related to Celesta Capital (formerly known as WRVI Capital), a venture capital firm focused on the technology industry. Compl. ¶ 26. Celesta was an early investor of BLI and, just like other early investors, had the right to access certain limited financial information about the Company through an Investors' Rights Agreement. *Id.* ¶ 62. Through their early investment, Celesta also had the ability to appoint one member to the Company's Board of Directors (the "Board"). *Id.* ¶ 52. Celesta appointed Michael Marks, a

founding partner of Celesta, to the Board in 2014.[1]  Compl. ¶ 53.

As Plaintiffs concede, at all relevant times, Celesta was a minority shareholder of BLI; at the time of BLI's Initial Public Offering in July 2020 (the "IPO"), Celesta owned 25.5% of the Company's outstanding stock.  *Id.* ¶ 55.  Celesta's shareholdings decreased to approximately 19% following the secondary offering in November 2020 (the "SPO").  *Id.* ¶¶ 42, 59.

Plaintiffs purport to assert control person claims against Celesta based on Celesta's "share of ownership, power to appoint directors, including through the appointment and service of . . . their managing personnel . . . as directors, and/or agreements with the Company."  Compl. ¶ 255.  Plaintiffs also allege that Celesta "act[ed] pursuant to a common plan" with three other minority shareholders (collectively referred to as the "Control Defendants") to control BLI.  *Id.* ¶ 301.

## ARGUMENT

To state a "control person" claim under Section 20(a) of the Exchange Act or Section 15 of the Securities Act,[2] Plaintiffs must allege facts sufficient to show (1) a primary violation of the federal securities laws; and (2) that the defendant exercised control over the one allegedly liable for the primary violation.  *In re Wells Fargo Mortg.-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 969 (N.D. Cal. 2010).  Plaintiffs fail to adequately plead either.

For the reasons set forth in the BLI Defendants' Motion to Dismiss (ECF No. 126), which Celesta joins, Plaintiffs have not adequately alleged a primary violation under Section 10(b) of the Exchange Act or Sections 11 or 12(a)(2) of the Securities Act.  Thus, Plaintiffs' "control person" claims against Celesta must be dismissed as a matter of law.  *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) (affirming dismissal of Section 15 claim because plaintiffs failed to plead primary violation); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1119 (N.D. Cal.

---

[1] Plaintiffs claim that Celesta "appointed several members to the Board of Directors."  Compl. ¶ 26.  Plaintiffs, however, fail to identify which directors, if any, Celesta appointed to the Board other than Michael Marks.  Plaintiffs also incorrectly allege that Celesta designated Michael Moritz to the Board.  *Id.* ¶ 53.  As Plaintiffs state elsewhere in their Complaint, Moritz was a partner of Sequoia Capital, not Celesta.  *Id.* ¶ 27.

[2] This memorandum refers to the claims under both Section 20(a) of the Exchange Act and Section 15 of the Securities Act as "control person" claims.  "Although § 15 is not identical to § 20(a), the controlling person analysis is the same."  *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990) (en banc).

2009) (dismissing Section 20(a) claim because plaintiffs failed to plead a primary violation).

Even if Plaintiffs could adequately plead the required primary violations, Plaintiffs fail to plead that Celesta was a "control person" of BLI.  To state a claim for control person liability, a plaintiff must allege that "the defendant exercised actual power or control over the primary violator."  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009) (citation omitted).  To survive dismissal, Plaintiffs "must allege *specific facts* concerning a defendant's responsibilities within the company that demonstrate [its] involvement in the day-to-day affairs of the company or specific control over the preparation and release of the allegedly false and misleading statements."  *Welgus v. TriNet Grp., Inc.*, No. 15-cv-03625-BLF, 2017 WL 167708, at *12 (N.D. Cal. Jan. 17, 2017) (emphasis added); *see also Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015) (same).  As explained below, Plaintiffs fail to state a claim based on Celesta's purported control of BLI.

***Celesta's Minority Stock Ownership Does Not Establish Control.***  Plaintiffs allege that Celesta was a "control person" by virtue of Celesta's minority ownership of BLI's stock.  *See* Compl. ¶ 255.  "[H]olding a minority share of a company does not establish control person liability."  *Golub*, 372 F. Supp. 3d at 1053.  Thus, courts routinely dismiss control person claims against minority shareholders whose shareholdings were larger than, or similar to, that of Celesta. *E.g.*,  *SolarCity*, 2015 WL 1906105, at *5 (dismissing control person claim against shareholder that "own[ed] roughly 30% of SolarCity's outstanding shares"); *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740-42 (S.D.N.Y. 2015) (dismissing control person claim against 26% shareholder); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 458 (S.D.N.Y. 2005) (dismissing control person claim against 30% shareholder); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, No. C 99-00109 SBA, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000) (no control person liability for shareholder who owned approximately 20% of company's stock).

***Celesta's Appointment of Marks Does Not Establish Control.***  Celesta's ability to appoint a director to the Board, even when coupled with its position as a minority shareholder, is insufficient to state a claim for control person liability.  *E.g.*, *Welgus*, 2017 WL 167708, at *13

(dismissing control person claims against private equity firm that appointed two representatives on the board); *Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) ("Courts in this Circuit have held that a defendant's status as minority shareholder is insufficient to establish control person liability, even when combined with the power to appoint directors."); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) (similar).

Plaintiffs' allegation that Celesta's designee to BLI's Board served on the Audit Committee similarly fails to plead control. Compl. ¶ 61. Plaintiffs do not allege that Celesta controlled Marks as a BLI director nor plead any facts that Celesta controlled the day-to-day operations of BLI through Marks. *See Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 581 (S.D.N.Y. 2012) (minority shareholder's appointment of one director was insufficient to establish control because plaintiffs failed to plead "any facts undermining the assumption that [the appointee] acted in accordance with her duties" to the company).

***Celesta's Limited Informational Rights Do Not Establish Control.*** Plaintiffs also allege that Celesta had "unique insight into the Company's operations through information rights . . . provided for in an Investors' Rights Agreement" entered into between Celesta and BLI. Compl. ¶¶ 62, 194. Specifically, Celesta had the ability to access certain limited information pertaining to BLI, such as monthly and quarterly financial statements. *See* ECF Nos. 126-2, 127, Ex. 1 at § 2.1. Such allegations of access to company information do not plead control person liability. *Golub*, 372 F. Supp. 3d at 1053 (dismissing control person claim because, *inter alia*, defendant's "access to [the company's] assets, properties, books, and records, and personnel did not grant it control over those things"); *In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 311 (S.D.N.Y. 2005) ("[T]he right to access another firm's books and records, without more, does not suggest any concomitant right to control that firm . . . ."); *Medina v. Clovis Oncology, Inc.*, 215 F. Supp. 3d 1094, 1133 (D. Colo. 2017) (similar).

***Plaintiffs' Unsupported "Common Plan" Allegation Fails.*** Recognizing that Celesta's position as a minority shareholder cannot establish control person liability, Plaintiffs offer conclusory allegations that Celesta acted "pursuant to a common plan" with other "Control

Defendants," who purportedly collectively held a majority of BLI's stock, to "designate[] at least seven (and quite possibly eight) of the ten members of Berkeley Lights's Board of Directors prior to the IPO." Compl. ¶ 56. But absent "additional allegations that the venture capital firms acted together to control [the Company], these allegations of control by virtue of collective ownership are conclusory and unconvincing." *Fouad*, 2008 WL 5412397, at *13 (dismissing control claim; rejecting theory that defendants controlled a corporation "by acting in concert" based on allegation that the defendants collectively owned a majority of stock and "comprised half" of the Board); *see also, e.g.*, *Ark. Teacher Ret. Sys. v. Bankrate, Inc.*, 18 F. Supp. 3d 482, 486 (S.D.N.Y. 2014) (dismissing control person claim where plaintiff alleged that defendants collectively held majority of company's stock and appointed four representatives on a seven-member board); *LLDVF, L.P. v. Dinicola*, No. 09-1280 (JLL), 2010 WL 3210613, at *12 (D.N.J. Aug. 12, 2010) ("[E]ach defendant's control must be evaluated separately unless there is some basis on which to consider their collective action."); *In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. 1140, 1145 (N.D. Cal. 1989) (plaintiffs did not plead securities fraud claims against a group of defendants where plaintiffs "alleged nothing which would at all suggest that these defendants acted 'collectively'"). Here, Plaintiffs do not allege any facts whatsoever to show that Celesta acted with any other defendant to control the day-to-day affairs of BLI. This requires dismissal. *Welgus*, 2017 WL 167708, at *13 (rejecting control person allegations as "too conclusory" in the absence of "any facts to show that [the defendant] had the power to and did control [the issuers'] activities").[3]

## CONCLUSION

Celesta respectfully requests that Plaintiffs' claims against it be dismissed with prejudice.

---

[3] Plaintiffs allege that BLI acknowledged control by the "Control Defendants" when it stated in the Company's IPO Prospectus that "our executive officers, directors and principal stockholders . . . . , ***if they act together***, will be able to control the management and affairs of our company." Compl. ¶¶ 65-67 (emphasis added). This statement about the ***potential*** ability of unspecified stockholders to control the Company is plainly insufficient to plead that Celesta was involved in the day-to-day affairs of BLI, as required to allege control. *See Welgus*, 2017 WL 167708, at *12.

Dated: November 11, 2022

Respectfully submitted,

By: */s/ Evan L. Seite*
Evan L. Seite, State Bar No. 274641

Wilson Sonsini Goodrich & Rosati P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  eseite@wsgr.com

*Attorneys for the Celesta Defendants*