QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harry A. Olivar, Jr. (Bar No. 143089)
  harryolivar@quinnemanuel.com
  Zoe K. Beiser (Bar No. 332155)
  zoebeiser@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

  Linda J. Brewer (Bar No. 217730)
  lindabrewer@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:    (415) 875-6600
Facsimile:    (415) 875-6700

*Attorneys for Defendant Sequoia Capital*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.,<br><br>Defendants. | Case No.  4:21-cv-09497-HSG<br><br>**DEFENDANT SEQUOIA CAPITAL'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Date:   March 16, 2023<br>Time:   2:00 p.m.<br>Ctrm:   2 |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ...........................................................................................1

ISSUES TO BE DECIDED.............................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.      RELEVANT ALLEGATIONS OF THE COMPLAINT......................................................2

II.     ARGUMENT ......................................................................................................................3

       A.      Plaintiffs Fail to Plead a Primary Violation .................................................................3

       B.      Plaintiffs Fail to Plead Control Person Liability with Respect to Sequoia ...............3

              1.      Plaintiffs Fail To Plead Sequoia Exercised Actual Control over BLI............4

              2.      Plaintiffs' Attempt To Create a Group of Controlling Shareholders
                    Fails ........................................................................................................................5

III.    CONCLUSION ....................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 3

*Bao v. SolarCity Corp.*,
  No. 14-CV-01435-BLF, 2015 WL 1906105 (N.D. Cal. Apr. 27, 2015) .................................... 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................ 3

*Fouad v. Isilon Sys., Inc.*,
  No. C07-1764 MJP, 2008 WL 5412397 (W.D. Wash. Dec. 29, 2008) .................................. 4, 5

*Golub v. Gigamon Inc.*,
  372 F. Supp. 3d 1033 (N.D. Cal. 2019) ................................................................................ 4, 5

*Hollinger v. Titan Cap. Corp.*,
  914 F.2d 1564 (9th Cir. 1990) ................................................................................................. 3

*In re Bare Escentuals, Inc. Sec. Litig.*,
  745 F. Supp. 2d 1052 (N.D. Cal. 2010) ................................................................................... 3

*In re BioScrip, Inc. Sec. Litig.*,
  95 F. Supp. 3d 711 (S.D.N.Y. 2015) ........................................................................................ 4

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
  352 F. Supp. 2d 429 (S.D.N.Y. 2005) ...................................................................................... 4

*In re Gupta Corp. Sec. Litig.*,
  900 F. Supp. 1217 (N.D. Cal. 1994) ........................................................................................ 4

*In re McKesson HBOC, Inc. Sec. Litig.*,
  126 F. Supp. 2d 1248 (N.D. Cal. 2000) ................................................................................... 3

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) ................................................................................................. 3

*In re Rigel Pharm. Sec. Litig.*,
  697 F.3d 869 (9th Cir. 2012) ................................................................................................... 3

*In re Worlds of Wonder Sec. Litig.*,
  721 F. Supp. 1140 (N.D. Cal. 1989) ........................................................................................ 5

*Kuhns v. Ledger*,
  202 F. Supp. 3d 433 (S.D.N.Y. 2016) ...................................................................................... 4

*LLDVF, L.P. v. Dinicola*,
  No. CIV.A. 09-1280 JLL, 2010 WL 3210613 (D.N.J. Aug. 12, 2010) .................................... 6

*Neo v. Marina Bros.*,
  No. C 09-00739 WHA, 2009 WL 2447923 (N.D. Cal. Aug. 7, 2009) ...................................... 5

*Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*,
    96 F.3d 1151 (9th Cir. 1996)................................................................................................ 3

*Webb v. Solarcity Corp.*,
    884 F.3d 844 (9th Cir. 2018)............................................................................................... 3

**STATUTES AND RULES**

Exchange Act of 1934, § 20(a)............................................................................................ 1, 3, 6

Fed. R. Civ. P. 12(b)(6) ...................................................................................................*passim*

Securities Act of 1933, § 15 ................................................................................................ 1, 3, 6

Case No.  4:21-cv-09497-HSG

SEQUOIA'S MOTION TO DISMISS

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 16, 2023, at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2 of the United States District Court, 1301 Clay Street, Oakland, CA 94612, Defendant Sequoia Capital ("Sequoia") will and hereby does move for an order dismissing the Amended Complaint ("AC") under Federal Rule of Civil Procedure 12(b)(6).  Sequoia also joins in arguments made in the Motions to Dismiss filed by the BLI Defendants, Celesta Capital Defendants, and Nikon.[1]  Sequoia's Motion is based on the below Memorandum of Points and Authorities, any Reply Memorandum, the complete files and records in this action, and such other matters as may be presented at or before the hearing on this Motion.

## ISSUES TO BE DECIDED

Whether Plaintiffs' control person claims against Sequoia in Counts II and V should be dismissed in light of the (i) absence of adequate allegations of underlying violations, and (ii) failure to plead facts showing Sequoia was a control person of BLI.

## MEMORANDUM OF POINTS AND AUTHORITIES

The limited factual allegations that pertain to Sequoia make clear that Sequoia is not a proper defendant in this securities class action and should be dismissed from the action with prejudice.  The Amended Complaint asserts two causes of action naming Sequoia, both of which are based on the conclusory assertion that Sequoia acted as a "controlling person" of BLI in connection with alleged primary violations: (i) a claim under section 20(a) of the Exchange Act of 1934 (the "Exchange Act") in connection with an alleged violation of Rule 10b-5, and (ii) a claim under section 15 of the Securities Act of 1933 (the "Securities Act") in connection with an alleged violation of section 11.

---

[1]  "BLI Defendants" refers to Berkeley Lights, Inc. ("BLI" or the "Company"), Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor Khandros, Michael Marks, Sarah Boyce, Gregory Lucier, Michael Moritz, Elizabeth Nelson, James Rothman, Ming Wu, and Makoto Shintani.  "Celesta Capital Defendants" refers to Celesta Capital f/k/a WRVI Capital, Walden Riverwood GP, LLC, Walden Riverwood Ventures, L.P., WIIG Communications Management LLC, WRV-BLI LLC, WRV-BLI II, LLC, WRV-BLI III LLC, WRV-BLI IV, LLC, WRV GP II, LLC, and WRV II, L.P.  "Nikon" refers to Nikon Corporation.

The claims against Sequoia are not supported by adequate factual allegations, and should be dismissed for two independent reasons.

First, as set forth in the BLI Defendants' Motion, the Amended Complaint does not adequately allege a primary securities law violation.  Second, Plaintiffs have not adequately alleged Sequoia is a "controlling person"; they fail to allege facts demonstrating Sequoia had actual power or control over BLI in connection with any alleged primary violation.  Nor can Plaintiffs assert such facts, as Sequoia was a minority shareholder with no day-to-day direction over the Company.

## I.      RELEVANT ALLEGATIONS OF THE COMPLAINT

Sequoia[2] is a venture capital firm that was an outside investor in BLI, but not a majority shareholder.  AC ¶ 27.  At the time of the IPO, Sequoia owned "15% of the Company."  *Id.*  Sequoia owned a smaller percentage of the Company's outstanding shares after the IPO.  *Id.* ¶ 181.  Sequoia was permitted to designate a member of the Company's Board of Directors, and chose Michael Moritz to serve in that capacity.  *Id.* ¶ 27.[3]

The Amended Complaint asserts control person claims against Sequoia based on allegations that lump Sequoia together with other investors: the Celesta Capital Defendants, Nikon, and Igor Khandros.  *Id.* ¶ 30.  Plaintiffs assert that "combined" these "Control Defendants" owned 62.8% of the Company at the time of the IPO.  *Id.* ¶ 55.  The Amended Complaint also alleges, without detail, that the "Control Defendants" had the collective ability to designate two additional Board members.  *Id.* ¶¶ 55-56.  Finally, Plaintiffs allege that the Board member Sequoia selected (Michael Moritz) served on the "Compensation Committee and Nominating and Corporate Governance Committee," *id.* ¶ 61, that BLI made vague public statements about "directors, officers, and principal stockholders," *id.* ¶¶ 65-67, that Sequoia distributed some shares to its partners and managers, *id.* ¶ 181, and that Sequoia, and other investors, had the ability to inspect books and records via an

---

[2]   "Sequoia Capital" is the one Sequoia entity named and served.  The Amended Complaint asserts that "Sequoia" "include[s]" a host of other entities.  AC ¶ 27.  Sequoia disputes that Plaintiffs have properly asserted allegations against, or served, any of these other entities.

[3]   The Amended Complaint states that Sequoia "appointed several members" to the BLI Board, AC ¶ 27, but the only factual allegation supporting that claim is the allegation that Sequoia designated Michael Moritz as a director.  *Id.*  The Complaint does not support its conclusory statement that Sequoia "had the ability to (and did) designate two members of the Board of Directors."  *Id.* ¶ 53.

"Investors' Rights Agreement," *id.* ¶¶ 62, 194.  Based on these allegations, Plaintiffs assert Sequoia was "act[ing] as [a] controlling person[]" of BLI, as support for Counts II and V.  *Id.* ¶¶ 255, 302.

## II.    ARGUMENT

Plaintiffs have not adequately pleaded that Sequoia qualifies as a "control person" under either section 20(a) of the Exchange Act or section 15 of the Securities Act.[4]  To state a claim for control person liability, Plaintiffs must plausibly allege "'(1) a primary violation of federal securities laws' and '(2) that the defendant exercised actual power or control over the primary violator.'" *Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) (citation omitted).  The Court should dismiss Sequoia from this action because Plaintiffs do not sufficiently allege either element.

### A.    Plaintiffs Fail to Plead a Primary Violation

For the reasons set forth in the BLI Defendants' Motion to Dismiss, which Sequoia joins, Plaintiffs have not adequately alleged a primary violation of the securities laws.  For this reason, the control person claims against Sequoia fail as a matter of law.  *In re Rigel Pharm. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012) (affirming dismissal of control person claim absent primary violation); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1082 (N.D. Cal. 2010) (same).

### B.    Plaintiffs Fail to Plead Control Person Liability with Respect to Sequoia

Plaintiffs are required to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To plead an adequate control person claim, Plaintiffs must include facts showing that Sequoia "exercised actual power over the primary violator." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) (citation omitted); *see also Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1163 (9th Cir. 1996) (no control person liability where defendant did not "exercise control over the 'management and policies'" of primary violator, or "direct its day-to-day affairs"); *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248, 1277 (N.D. Cal. 2000) ("[P]laintiffs must still plead . . . that defendants exercised a 'significant degree of day-to-day operational control [over the primary violator], amounting to the power to

---

[4]  "Although § 15 is not identical to § 20(a), the controlling person analysis is the same." *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990).

dictate another party's conduct or operations.'") (citation omitted).

### 1. Plaintiffs Fail To Plead Sequoia Exercised Actual Control over BLI

Plaintiffs fail to include the requisite facts. First, Sequoia's status as an outside, minority shareholder of BLI is legally insufficient. "Courts in this Circuit have held that a defendant's status as minority shareholder is insufficient to establish control person liability, even when combined with the power to appoint directors." *Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at \*13 (W.D. Wash. Dec. 29, 2008) (citing cases); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) ("[P]osition as a minority shareholder . . . with an agent on the board does not establish control person liability."); *see also Kuhns v. Ledger*, 202 F. Supp. 3d 433, 440-41 (S.D.N.Y. 2016) (dismissing control person claim against shareholder with 47% ownership, because "a minority equity stake is insufficient to demonstrate actual control"). Here, the Amended Complaint alleges that at the time of the IPO, Sequoia owned a minority interest, 15%, of BLI. *See* AC ¶ 27. Courts regularly dismiss control allegations against defendants with minority holdings, even when the amount of the minority holding is greater than Sequoia's. *See, e.g.*, *Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2015 WL 1906105, at \*5 (N.D. Cal. Apr. 27, 2015) (dismissing 30% shareholder who was also board chairman); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1053 (N.D. Cal. 2019) (15.3% equity interest insufficient to establish control).

Second, the power to appoint one member[5] of a ten-member Board of Directors does not suffice for control. *See Golub*, 372 F Supp. 3d at 1053 (no control person liability where the allegations did not show control "over the 'management and policies' of [the primary violator] or the power to 'direct its day-to-day affairs'"); *see also In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740-41 (S.D.N.Y. 2015) (dismissing control person claim against 26% shareholder who had right to designate two of eight directors, finding "that alone does not rise to the level of actual control"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 458 (S.D.N.Y. 2005)

---

[5] The Amended Complaint suggests that Sequoia, with other "Control Defendants" "collectively had the ability to (and did) designate at least two additional members of the Board of Directors," AC ¶ 55. But there are no plausible allegations that would allow Plaintiffs to lump the Defendants together in this way, and, even accepting Plaintiffs' conclusory allegation, Sequoia would have had the ability to participate in the appointment of at most three members of the ten-person Board prior to the IPO (or of the eight sitting Board members when the Company went public). *See id.* ¶ 56.

(dismissing claim against 30% shareholder with right to appoint three of nine board members).

The remaining allegations do not move the needle. Plaintiffs allege that the Sequoia-designated Board member Mr. Moritz sat on the "Compensation Committee and Nominating and Corporate Governance Committee," AC ¶ 61, but do not allege facts supporting a conclusion that Sequoia had actual power or control over the Company's operations or management. Nor does the allegation that Sequoia had the ability to inspect books and records via an "Investors' Rights Agreement," suffice to establish control. *Id.* ¶¶ 62, 194. Informational access does not equate to the ability to control the company's affairs. *See Golub*, 372 F. Supp. 3d at 1052-53 (no control person liability based on defendants' ability to access company's books and records, among other things, because that did not "grant [the defendants] control over those things"). Plaintiffs ask the Court to infer control by Sequoia based on vague and cherry-picked statements from the Company's IPO Prospectus regarding the voting power of unnamed "directors, officers, and principal stockholders," "*if they act together*." AC ¶¶ 65-67 (emphasis added). There is no mention of Sequoia in the statements, and vague allegations about the potential for stockholders to vote together do not support Sequoia's "actual power and control" over BLI. *Neo v. Marina Bros.*, No. C 09-00739 WHA, 2009 WL 2447923, at *1 (N.D. Cal. Aug. 7, 2009) ("In order to defeat a Rule 12(b)(6) motion to dismiss . . . speculative inferences do not suffice.").

2.    Plaintiffs' Attempt To Create a Group of Controlling Shareholders Fails

Perhaps recognizing there is no basis for control person liability as against Sequoia itself, Plaintiffs attempt to link Sequoia with other investors by combining their ownership shares and number of appointed Board members, and by making a conclusory "common plan" allegation, *e.g.*, AC ¶¶ 30, 56, 302. Yet no factual allegations support an inference the "Control Defendants" worked together (or separately) to manage the Company's day-to-day affairs, or otherwise acted in concert to exert control. Without "allegations that the venture capital firms acted together to control [the company], these allegations of control by virtue of collective ownership are conclusory and unconvincing." *Fouad*, 2008 WL 5412397, at *13; *see also In re Worlds of Wonder Sec. Litig.*, 721 F. Supp. 1140, 1145 (N.D. Cal. 1989) (plaintiffs insufficiently pleaded securities fraud claims against a group of defendants where plaintiffs "alleged nothing which would at all suggest that these

defendants acted 'collectively'"); *LLDVF, L.P. v. Dinicola*, No. CIV.A. 09-1280 JLL, 2010 WL 3210613, at *12 (D.N.J. Aug. 12, 2010) ("[E]ach defendant's control must be evaluated separately unless there is some basis on which to consider their collective action.").

Here, the Amended Complaint does not allege, for instance, any concerted investor action to control or manage BLI, any agreement to vote a certain way, or that the "Control Defendants" jointly controlled their respective Board members to manage the Company's operations. Instead, the factual allegations suggest the opposite – that Sequoia did *not* act together with the "Control Defendants." Indeed, the Amended Complaint alleges that several defendants sold their stock in a secondary offering of stock, referred to as the "SPO," in which Sequoia did not participate, which is consistent with Sequoia not coordinating its activities with these other investors. *See* AC ¶¶ 42, 160.[6] Without plausible allegations of day-to-day control over BLI's business, Plaintiffs' claims against Sequoia fail.

## III.    CONCLUSION

For the foregoing reasons, Sequoia respectfully requests that the Court grant its Motion to Dismiss with prejudice.

DATED:  November 11, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _____/s/ Harry A. Olivar, Jr._____
HARRY A. OLIVAR, JR.
*Attorneys for Defendant Sequoia Capital*

_____

[6]  Plaintiffs allege that Sequoia distributed some of its stock to its partners and managers. AC ¶ 181. This allegation is irrelevant to and does not support Plaintiffs' section 20(a) and section 15 claims.