Case 4:21-cv-09497-HSG   Document 139   Filed 02/17/23   Page 1 of 6

MUNGER, TOLLES & OLSON LLP
John W. Spiegel (SBN 78935)
John M. Gildersleeve (SBN 284618)
Lauren C. Barnett (SBN 304301)
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702
*john.spiegel@mto.com*
*john.gildersleeve@mto.com*
*lauren.barnett@mto.com*

Attorneys for Defendants Berkeley Lights,
Inc., Eric D. Hobbs, Shaun M. Holt, Kurt
Wood, Igor Khandros, Michael Marks,
Sarah Boyce, Gregory Lucier, Michael
Moritz, Elizabeth Nelson, James Rothman,
Ming Wu, and Makoto Shintani

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.<br><br>Defendants. | Case No.  4:21-cv-09497-HSG<br><br>CLASS ACTION<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND TO CONSIDER INCORPORATED DOCUMENTS**<br><br>Filed concurrently:<br><br>- Reply in Support of Motion to Dismiss Amended Complaint<br><br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Date:  March 16, 2023<br>Time:  2:00 p.m.<br>Ctrm:  2 |

Plaintiffs' "Opposition to Judicial Notice," *see* Opp. 55-60, attempts to create a dispute in a well-settled area of law by mischaracterizing the purposes for which Defendants seek judicial notice and consideration of documents as incorporated by reference.  The Complaint should be dismissed regardless of whether the Court grants Defendants' Request.  Nonetheless, the Court should reject Plaintiffs' effort to bypass the ample authority from securities cases in the Ninth Circuit making clear that the Court should consider Exhibits 1-36:  "[I]n assessing securities fraud claims, 'courts ***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, ***in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice***.'"  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (emphasis added) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).[1]

Plaintiffs ignore a wealth of decisions in securities class actions granting indistinguishable requests for judicial notice and/or incorporation by reference, including several orders of this Court.  *See* Request 1, 4, 6 (citing *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020)); *id.* 3 (citing *Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020)); *id.* 6 (citing *In re Lyft Inc. Sec. Litig.*, 484 F. Supp. 3d 758, 764 (N.D. Cal. 2020)).  Instead, Plaintiffs cite inapt cases, nearly all of which are outside the securities context.  Opp. 56-57 (citing *Limaco v. Wynn*, 2023 WL 154965 (9th Cir. 2023) [RICO claim], *Mills v. Molina Healthcare, Inc.*, 2022 WL 17825534, at *6 (C.D. Cal. Dec. 8, 2022) [ERISA fiduciary duty claims], *Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, 2021 WL 4133858, at *2 (N.D. Cal. Sept. 10, 2021) [trade secrets case], *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) [trademark case], *Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) [unfair competition, false advertising, and warranty claims]).

Nor do Plaintiffs' references to *Khoja* change anything.  Opp. 3, 46, 55-58.  Contrary to Plaintiffs' implication, courts in securities cases after *Khoja* continue to take judicial notice of and incorporate documents exactly like those here.  *See, e.g.*, *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL

---

[1] Plaintiffs "do not object to the RJN as to Exhibits 34-36."  Opp. 56 n.33.

-1-

2042078, at *7 (N.D. Cal. Apr. 28, 2020) (stating that "Plaintiffs oversimplify *Khoja*" and taking judicial notice of SEC filings, analyst reports, shareholder letters, and earnings call transcripts); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (rejecting reliance on *Khoja* as "merely restat[ing] the rule that notice is only proper when facts are not subject to reasonable dispute"); *see also* Request 3-6 (citing 17 decisions in shareholder cases post-dating *Khoja*). Indeed, the Ninth Circuit recently confirmed that *Khoja* did not change the following rules governing what the Court should consider at the pleading stage in securities cases: "When a general conclusion in a complaint contradicts specific facts retold in a document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, *those specific facts are controlling*. Similarly, where a complaint incorrectly summarizes or characterizes a legally operative document attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice, *the document itself is controlling*." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1052 n.1 (9th Cir. 2023) (emphasis added).

**Exhibits 1-36 Are Subject to Judicial Notice**

Plaintiffs do not dispute that SEC filings, investor call transcripts, analyst reports, and stock price data are materials courts "routinely" consider on motions to dismiss in securities cases. *E.g.*, *Mauss v. NuVasive, Inc.*, 2015 WL 10857519, at *6 (S.D. Cal. Aug. 28, 2015) ("In securities cases, courts routinely take judicial notice of SEC filings, press releases, and other publicly available financial documents."). Nor do Plaintiffs dispute that Exhibits 1-36 are publicly available materials whose accuracy can be readily determined. Fed. R. Evid. 201; *see* Opp. 56 ("the existence of the documents Defendants seek noticed is not in dispute"). Defendants have "supplied the necessary information" about the documents and "judicial notice *must* therefore be taken." *Boston Ret. Sys. v. Uber Techs., Inc.*, 2020 WL 4569846, at *3 (N.D. Cal. Aug. 7, 2020). Plaintiffs generically fault Defendants for submitting "thirty-six documents spanning approximately 300 pages [*sic*]," Opp. 55, but Plaintiffs omit that the vast majority of pages submitted are the lengthy SEC filings upon which Plaintiffs base their allegations, and the contents of all of these documents are alleged in the lengthy, 310-paragraph Complaint.

Contrary to Plaintiffs' argument, which rests on authority from outside the securities context,

the Request does state the fact of which Defendants seek judicial notice—namely, that the exhibits reflect statements that were made publicly to the market. *See* Request 2 (Exhibits 1-19 [SEC filings] were "public filings made by [BLI] with the SEC"); *id.* 4 (Exhibits 20-24 [investor call transcripts] show "what was disclosed to the market"); *id.* (Exhibits 25-33 [analyst reports] show "what may or may not have been disclosed to the public").[2] The fact that information was disclosed to the market is regularly the subject of judicial notice in securities cases. *See, e.g.*, *Iron Workers Loc. 580 Joint Funds v. Nvidia Corp.*, 2020 WL 1244936, at *5 (N.D. Cal. Mar. 16, 2020) (Gilliam, J.) ("The Court will consider the SEC filings, conference presentations, earnings call transcripts, and articles that Plaintiffs allege contain false and/or misleading statements for the purpose of determining what was disclosed to the market."); *In re Silver Wheaton Corp. Sec. Litig.*, 2019 WL 1512269, at *8 (C.D. Cal. Mar. 25, 2019) (taking judicial notice of SEC filings "for the fact that those filings contained certain disclosures").

As for the analyst reports at Exhibits 25-33, Plaintiffs do not dispute that it is appropriate to take judicial notice of documents, *including analyst reports*, "to show what was disclosed to the public." Opp. 59; *see In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016) ("While the Court may take judicial record of matters of public record, '[s]uch documents as analyst reports, however, may only be considered when they are submitted to establish "whether and when certain information was provided to the market" not the truth of the matters asserted in the reports.'"); *see also In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020) ("courts routinely take judicial notice of analyst reports") (citation omitted); Request 4-5 (citing cases). Instead, Plaintiffs mischaracterize the Request, arguing that the Court should not notice the analyst reports "for the purported truth of their assertions" or to show "the analysts . . . are correct on the merits." Opp. 59-60. The Request makes plain that Defendants seek judicial notice of the documents "*not* in order to take notice of the truth of the matters asserted therein." Request 4 (emphasis added). It is undisputed that the Court may consider the documents "to determine what may or may not have been disclosed to the public." *Id.*

---

[2] Exhibit 19, Forms 4 filed with the SEC, also "prove[s] that stock sales were made or were not made." Request 2. *See, e.g.*, *Hampton*, 2020 WL 6710096, at *4.

-3-

The BLI Defendants' Motion to Dismiss cites the analyst reports for an entirely permissible purpose, namely, to show that statements by analysts were made publicly and therefore known to the market. For example, the analyst reports show what information existed in the market about the criticisms raised in the Scorpion report. Plaintiffs do not claim the reports are "subject to varying interpretations" as to what they reveal about what information was publicly available. *Khoja*, 899 F.3d at 1000. The Court therefore may notice the reports for the "limited purpose of determining what information was disclosed to the public during the class period." *Par Inv. Partners, L.P. v. Aruba Networks, Inc.*, 681 F. App'x 618, 620 n.1 (9th Cir. 2017); *see Dresner v. Silverback Therapeutics, Inc.*, 2022 WL 16716165, at *5 (W.D. Wash. Nov. 4, 2022) ("Courts have regularly taken judicial notice of analyst reports, not for the truth of the matter asserted, but 'for the purpose of showing that particular information was available to the stock market.'").

**Exhibits 1-18, 20-24, 26, 34, and 36 Are Incorporated by Reference**

In addition, the Court may consider Exhibits 1-18, 20-24, 26, 34, and 36 because the Complaint incorporates them by reference. Plaintiffs argue that the Request "does not address [the] requirement at all" that a document is incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Opp. 57 (citing *Khoja*, 899 F.3d at 1002). Plaintiffs appear to have missed that the Request meticulously identifies each of the many paragraphs of the Complaint referring to each of Exhibits 1-18, 20-24, 26, 34, and 36. *See* Request 3:25-4:3, 4:21-23, 5:16-17, 5:24-25, 6:8-10. That Defendants did not "cite" certain exhibits in their briefing (because Plaintiffs challenge the same alleged misstatements across multiple SEC filings) is irrelevant and does not change that they are incorporated by reference in *the Complaint*.

Plaintiffs concede that "incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents." Opp. 58 (citing *Khoja*, 899 F.3d at 1014). The Court therefore may consider Exhibits 1-18, 20-24, 26, 34, and 36 for their truth in evaluating Plaintiffs' allegations. *See In re Finjan Holdings, Inc.*, 58 F.4th at 1052 n.1; *Lopes v. Fitbit, Inc.*, 2020 WL 1465932, at *2 (N.D. Cal. Mar. 23, 2020) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim.") (citation omitted);

-4-

*Okla. Firefighters Pension & Ret. Sys. v. IXIA*, 2015 WL 1775221, at *14 (C.D. Cal. Apr. 14, 2015) (if document is incorporated by reference, court "can consider the entire document, not simply the portion on which plaintiffs rely").  The Court may consider Exhibits 1-18, 20-24, 26, 34, and 36 to the extent that the context provided by the documents contradicts Plaintiffs' *conclusory* allegations. *See Eventbrite*, 2020 WL 2042078, at *7 ("*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiffs' *conclusory* allegations.").

Dated:  February 17, 2023

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

By /s/ *Lauren C. Barnett*
    John W. Spiegel (SBN 78935)
    John M. Gildersleeve (SBN 284618)
    Lauren C. Barnett (SBN 304301)
    350 S. Grand Ave., 50th Floor
    Los Angeles, CA  90071
    Telephone:  (213) 683-9100
    Facsimile:  (213) 687-3702
    *john.spiegel@mto.com*
    *john.gildersleeve@mto.com*
    *lauren.barnett@mto.com*

Attorneys for Defendants Berkeley Lights, Inc., Eric D. Hobbs, Shaun M. Holt, Kurt Wood, Igor Khandros, Michael Marks, Sarah Boyce, Gregory Lucier, Michael Moritz, Elizabeth Nelson, James Rothman, Ming Wu, and Makoto Shintani