MORGAN, LEWIS & BOCKIUS LLP
Charlene S. Shimada, Bar No. 91407
charlene.shimada@morganlewis.com
Kevin M. Papay, Bar No. 274161
kevin.papay@morganlewis.com
Robert H. O'Leary, Bar No. 284879
bob.oleary@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendants
*J.P. Morgan Securities LLC, Morgan Stanley*
*& Co. LLC, Cowen and Company, LLC, and*
*William Blair & Company L.L.C.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.,<br><br>Defendants. | Case No. 4:21-cv-09497-HSG<br><br>**REPLY BRIEF IN SUPPORT OF UNDERWRITER DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Date:        March 16, 2023<br>Time:       2:00 p.m.<br>Location:  Courtroom 2, 4th Floor<br>Judge:      Hon. Haywood S. Gilliam, Jr. |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.    Plaintiffs Fail to Plead Any Actionable Material Misstatement or Omission......... 2

    B.    Plaintiffs Fail to Plead that Any Underwriter Defendant Is a Statutory Seller ................................................................................................................... 2

        1.    Plaintiffs Do Not Allege that Any Underwriter Defendant Passed Title to BLI Shares to Plaintiffs ................................................................. 3

        2.    Plaintiffs Do Not Allege that Any Underwriter Defendant Solicited Plaintiffs' Purchase of BLI Shares ........................................................... 5

    C.    Lead Plaintiff Lacks Standing to Bring a Section 12(a)(2) Claim ......................... 7

III.  CONCLUSION ........................................................................................................ 9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

i

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 2U, Inc. Sec. Class Action*,
  2021 WL 3418841 (D. Md. Aug. 5, 2021)...................................................................... 4, 5

*Baker v. Seaworld Entm't, Inc.*,
  2016 WL 2993481 (S.D. Cal. Mar. 31, 2016) ................................................................ 4, 5

*In re Bare Escentuals, Inc. Sec. Litig.*,
  745 F. Supp. 2d 1052 (N.D. Cal. 2010) ............................................................................ 2

*In re DDi Corp. Sec. Litig.*,
  2005 WL 3090882 (C.D. Cal. July 21, 2005) ................................................................... 9

*Farhat v. Wells Fargo Bank, N.A.*,
  2019 WL 3254187 (N.D. Cal. July 19, 2019) ................................................................... 8

*Feyko v. Yuhe Int'l, Inc.*,
  2013 WL 816409 (C.D. Cal. Mar. 5, 2013) ...................................................................... 8

*Flynn v. Sientra*,
  2016 WL 3360676 (C.D. Cal. June 9, 2016) .............................................................. 3, 4, 7

*Hertzberg v. Dignity Partners Inc.*,
  191 F.3d 1076 (9th Cir. 1999)........................................................................................... 4

*Katz v. China Century Dragon Media, Inc.*,
  2011 WL 6047093 (C.D. Cal. Nov. 30, 2011).................................................................. 8

*McKesson HBOC v. N.Y. State Common Ret. Fund, Inc.*,
  339 F.3d 1087 (9th Cir. 2003)........................................................................................... 8

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531 (9th Cir. 1989).............................................................................................. 3

*Opperman v. Path, Inc.*,
  87 F. Supp. 3d 1018 (N.D. Cal. 2014) .............................................................................. 9

*Pino v. Cardone Capital, LLC*,
  55 F.4th 1253 (9th. Cir. 2022)........................................................................................... 6

*Pinter v. Dahl*,
  486 U.S. 622 (1988) .............................................................................................. 3, 4, 5, 6

*Rosenzweig v. Azurix Corp.*,
  332 F.3d 854 (5th Cir. 2003)............................................................................................. 3

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

ii

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

*In re Royal Ahold N.V. Sec. & ERISA Litig.*,
    351 F. Supp. 2d 334 (D. Md. 2004) ................................................................................. 7

*In re Ubiquitti Networks, Inc. Sec. Litig.*,
    33 F. Supp. 3d 1107 (N.D. Cal. 2014) ............................................................................ 9

*In re Velti PLC Sec. Litig.*,
    2015 WL 5736589 (N.D. Cal. Oct. 1, 2015) .................................................................... 2

*Welgus v. TriNet Grp., Inc.*,
    2017 WL 6466264 (N.D. Cal. Dec. 18, 2017),
    *aff'd*, 765 F. App'x 239 (9th Cir. 2019) ..................................................................... 6, 7

**Statutes**

Securities Act of 1933 § 11 ................................................................................................ *passim*

Securities Act of 1933 § 12(a)(2) ...................................................................................... *passim*

**Court Rules**

Fed. R. Civ. P. 8 ..................................................................................................................... 2

Fed. R. Civ. P. 9(b) ............................................................................................................... 2

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

iii

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss ("Opposition," ECF No. 137) mischaracterizes Plaintiffs' own allegations, relies on inapposite case law, and fails to rebut the reasoned arguments and legal authority requiring dismissal of Plaintiffs' Section 11 and Section 12(a)(2) claims against the Underwriter Defendants.

As discussed in the BLI Defendants' motion to dismiss ("BLI's Motion," ECF No. 126) and reply brief ("BLI's Reply"), which the Underwriter Defendants join in and incorporate by reference, Plaintiffs have not identified an actionable material misstatement or omission in the BLI IPO registration statement and prospectus ("IPO Materials").  Plaintiffs merely challenge statements of puffery, opinion statements, and forward-looking statements in the Amended Complaint (the "Complaint," ECF No. 89).  Plaintiffs also use unreliable criticism from a short-seller report as an improper substitute for well-pleaded allegations of falsity.  None of these statements can support a claim under Section 11 or Section 12(a)(2) of the Securities Act of 1933.

In addition, the Underwriter Defendants are not statutory "sellers" against whom Plaintiffs may bring Section 12(a)(2) claims.  Contrary to their Opposition arguments, allegations that the Underwriter Defendants performed routine tasks to facilitate the underwriting of BLI's IPO are not enough.  A long line of well-reasoned cases holds that conclusory and generic allegations regarding the underwriters' involvement in an IPO, like those alleged here, are insufficient to meet Section 12(a)(2)'s statutory seller requirement.  Thus, Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants must be dismissed.

Finally, Plaintiffs effectively concede that Lead Plaintiff Michael Damelio ("Lead Plaintiff") lacks standing to bring a Section 12(a)(2) claim.  He did not purchase shares directly in the IPO, as required to state a Section 12(a)(2) claim.  This defect cannot be cured by relying on the standing of a *different* named plaintiff, Pompano Beach Police & Firefighters' Retirement System ("Retirement System"), to confer standing on Lead Plaintiff.  No authority supports that position.

For these reasons, Plaintiffs' Section 11 and Section 12(a)(2) claims against the Underwriter Defendants should be dismissed in their entirety.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

1

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

## II.    ARGUMENT

### A.    Plaintiffs Fail to Plead Any Actionable Material Misstatement or Omission

As set forth in Section III of BLI's Reply, Plaintiffs fail to plead any materially false or misleading statement, or omission of a material fact in the IPO Materials that made any statement misleading.  The alleged misstatements in the IPO Materials are a combination of puffery, opinion statements, and forward-looking statements, none of which is actionable for the reasons discussed in Section II(A)(2) of BLI's Reply.  Moreover, Plaintiffs improperly seek to establish falsity based on criticism from a short-seller report, which courts in the Ninth Circuit have rejected as an insufficient, unreliable substitute for well-pleaded factual allegations.  *See* BLI's Reply, Section II(A)(1).

As discussed in Section III of BLI's Reply, Plaintiffs fail to plead falsity in the IPO Materials under either the Rule 8 or Rule 9(b) pleading standard.  The latter standard applies here because Plaintiffs cannot credibly dispute that their Securities Act of 1933 claims are based on the same allegations as their Securities Exchange Act of 1934 claims and therefore "sound in fraud." Plaintiffs' failure to plead falsity requires dismissal of their Section 11 *and* Section 12(a)(2) claims, which are based on the same alleged misstatements and omissions, against all the Defendants, including the Underwriter Defendants.  *See* Underwriter Defendants' Motion to Dismiss ("Motion," ECF No. 128) at 4 (citing *In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *31 (N.D. Cal. Oct. 1, 2015) and *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1072-73 (N.D. Cal. 2010)).[1]

### B.    Plaintiffs Fail to Plead that Any Underwriter Defendant Is a Statutory Seller

Plaintiffs' Section 12(a)(2) claims against the Underwriter Defendants should be dismissed for the additional reason that Plaintiffs cannot establish that any of the Underwriter Defendants are statutory sellers, as required by Section 12(a)(2).  To meet this requirement, Plaintiffs must allege well-pled facts establishing that *each* Section 12(a)(2) defendant either (i) passed title to BLI shares to Plaintiffs; or (ii) successfully solicited Plaintiffs' purchase of BLI

---

[1] As set forth in Section III of BLI's Reply, Plaintiffs' Section 11 and Section 12(a)(2) claims should be dismissed for the additional reason that the Complaint and judicially noticeable facts establish an absolute negative causation defense.

shares. *See* Motion at 66 (citing *Pinter v. Dahl*, 486 U.S. 622, 643-44, n.21, 647 (1988); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 871 (5th Cir. 2003); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 536 (9th Cir. 1989)). Plaintiffs have not done so for any of the Underwriter Defendants. Plaintiffs' Opposition tries, and fails, to mask their pleading failure by exaggerating the significance of a few generic and conclusory allegations in the Complaint about the routine roles played by underwriters in a public offering. As set forth below, well-reasoned cases routinely reject such allegations as insufficient to satisfy Section 12(a)(2)'s statutory seller requirement.

### 1. Plaintiffs Do Not Allege that Any Underwriter Defendant Passed Title to BLI Shares to Plaintiffs

Plaintiffs' Opposition does not identify any allegations in the Complaint establishing that any of the Underwriter Defendants passed title to BLI shares to Plaintiffs. Indeed, Plaintiffs do not dispute that Lead Plaintiff's certification establishes that he did *not* purchase BLI shares from any Underwriter Defendant. *See* Motion at 6. Nor do they dispute that the certification filed by Retirement System and incorporated into the Complaint lacks any indicia that it purchased BLI shares from any Underwriter Defendant. *See id.*

Lacking such facts, Plaintiffs only offer a vague, conclusory allegation that the Underwriter Defendants "were sellers, offerors, and/or solicitors of [unspecified] purchasers of Berkeley Lights common stock." Opp. at 34 (citing Compl. ¶ 290).[2] Plaintiffs contend that "[n]othing more is required" to satisfy the statutory seller requirement, citing a single, non-binding, unreported decision. Opp. at 34-35 (citing *Flynn v. Sientra*, 2016 WL 3360676, at *18 (C.D. Cal. June 9, 2016)). The *Sientra* court, however, seemingly applied the wrong standard for Section 12(a)(2)'s statutory seller requirement. It rejected the underwriter defendants' "standing" challenge because the named plaintiff alleged that it had purchased shares in the offering and the underwriters sold shares in the offering. *See id.* In doing so, the court ignored the statute, which provides that a seller who passes title to shares in an offering that gives rise to a Section 12(a)(2)

---

[2] Plaintiffs use the same generic, conclusory allegation regarding BLI and the Director Defendants against whom they assert Section 12 claims. *See* Compl. ¶¶ 289-290.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

3

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

claim is only liable "to the person purchasing such security *from him*."  15 U.S.C. § 77*l*(a)(2) (emphasis added).  The Ninth Circuit has explained that Congress intended for Section 12(a)(2) to be narrower in scope than Section 11, which allows plaintiffs who can trace their shares to the offering to assert a claim.  *See Hertzberg v. Dignity Partners Inc.*, 191 F.3d 1076, 1081 (9th Cir. 1999).  While Section 11 claims may be brought by "purchasers in the aftermarket," claims under Section 12(a)(2) can only be brought by "a plaintiff [who] purchased the security *directly from the issuer of the prospectus.*"  *Id.* (emphasis added).  Section 12(a)(2) therefore "imposes liability on only *the buyer's immediate seller . . . .*"  *Pinter*, 486 U.S. at 644 n. 21 (emphasis added).

Here, it is undisputed that Plaintiffs do *not* allege the purchase of any BLI shares directly from any Underwriter Defendant.  The Complaint merely alleges that one named plaintiff, Retirement System, purchased shares in BLI's IPO and that the Underwriter Defendants collectively were "sellers" of BLI shares.  Cases better reasoned than *Sientra* closely examine the statutory seller requirement, including the cases cited in the Underwriter Defendants' opening brief (which Plaintiffs do not address), and consistently come out the other way.  Those cases dismiss Section 12(a)(2) claims based on conclusory "seller" allegations like those in the Complaint.  *See, e.g., In re 2U, Inc. Sec. Class Action*, 2021 WL 3418841, at *27 (D. Md. Aug. 5, 2021) (dismissing Section 12(a)(2) claim against underwriters where plaintiff "[did] not allege that it purchased shares directly from the [underwriters], let alone from a specific one"); *Baker v. Seaworld Entm't, Inc.*, 2016 WL 2993481, at *18 (S.D. Cal. Mar. 31, 2016) (same).

Because Plaintiffs fail to allege that any Underwriter Defendant passed title to any BLI shares to them, they argue that the passage of title criterion should be satisfied because BLI's IPO was conducted through a "firm commitment" underwriting.  In a firm commitment underwriting, underwriters typically agree to purchase all the securities offered for sale by the issuer, regardless of whether the shares are ultimately sold to investors.  Opp. at 35-36.  This common feature of public offerings has no bearing on Plaintiffs' pleading obligations under Section 12(a)(2).[3]  Even "in the case of the typical firm commitment underwriting, the ultimate investor can recover only

---

[3] The Complaint does not even allege that the IPO was a firm commitment offering.  On that basis alone, Plaintiffs' arguments regarding this issue carry no weight for this motion.

from the dealer who sold *to him or her*." *Baker*, 2016 WL 2993481, at *18 (internal citation omitted; emphasis added). In other words, merely averring that a plaintiff purchased shares in an IPO conducted through a firm commitment underwriting—*without* alleging from whom plaintiff purchased those shares—is not sufficient to allege that any or all of the Underwriter Defendants are statutory sellers. "[E]ven in a firm commitment underwriting, it is possible that the underwriters sold to a broker who may have actually passed the title to Plaintiffs." *Id.* (internal citation omitted); *see In re 2U*, 2021 WL 3418841, at *27 (same). Therefore, regardless of whether BLI's IPO was a firm commitment offering, Plaintiffs must allege that they purchased their stock *directly* from the Underwriter Defendant(s) against whom they seek to bring a claim under Section 12(a)(2) in order to satisfy Section 12(a)(2)'s statutory seller requirement through the "passage of title" criterion. Plaintiffs do no such thing.

### 2. Plaintiffs Do Not Allege that Any Underwriter Defendant Solicited Plaintiffs' Purchase of BLI Shares

The Complaint includes no well-pled facts establishing that any Underwriter Defendant successfully solicited Plaintiffs' purchases of BLI shares. Instead, it merely presents a few generic allegations regarding the routine duties performed by the Underwriter Defendants in BLI's IPO and characterizes such performance as "solicitation" under *Pinter*. Established case law rejects that approach.

As Plaintiffs admit, their purported "solicitation" allegations are limited to the following: (i) the Underwriter Defendants served as underwriters of BLI's IPO; (ii) they exercised their over-allotment option; (iii) they were allegedly responsible for the contents and dissemination of the offering materials; and (iv) "[a]cts of solicitation" were performed by unspecified defendants, including the Underwriter Defendants and the Director Defendants, which allegedly "included participating in the preparation of, or signing, the [allegedly] false and misleading IPO Materials, and/or selling shares of stock pursuant to the [allegedly] false and misleading IPO Materials." *See* Opp. at 35 (citing Compl. ¶¶ 8, 40, 278, 290).

Courts routinely hold that conclusory allegations of this kind—that the Underwriter Defendants "merely did their job and rendered professional services to [the issuer] in connection

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

5

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

with a transaction for securities"—are insufficient to satisfy Section 12(a)(2)'s statutory seller requirement. *Welgus v. TriNet Grp., Inc.*, 2017 WL 6466264, at \*31 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765 F. App'x 239 (9th Cir. 2019). Underwriters "generally [are] not considered sellers within the meaning of Section 12 'unless they *actively participate* in the negotiations with the plaintiff/purchaser.'" *Id.* at \*31 (emphasis in original). Under *Pinter*, the necessary inquiry "focuses on the defendant's relationship with the plaintiff-purchaser," not "the defendant's degree of involvement in the securities transaction and its surrounding circumstances." 486 U.S. at 651.

Plaintiffs fail to distinguish these cases and cite no binding authority to the contrary. For example, they cite the Ninth Circuit's recent decision in *Pino v. Cardone Capital, LLC*, 55 F.4th 1253 (9th. Cir. 2022), which is wholly inapposite. *Pino* has nothing to do with whether underwriters' performance of routine actions during an IPO constitutes acts of "solicitation" under Section 12(a)(2). In fact, *Pino* does not even concern a public offering of registered securities; it concerns a real estate property management company and its CEO's solicitation of investments in their real estate investment fund through Instagram posts and YouTube videos. *See id.* at 1255-56. There were also no underwriters or broker-dealers at all in *Pino*; rather, defendants Cardone and his company, Cardone Capital, created and managed the Cardone Equity Funds, which they allegedly misleadingly direct-marketed to the public via mass communications over social media, as well as to plaintiff specifically at the "Breakthrough Wealth Summit" that plaintiff attended before investing. *Id.* at 1256. The "only issue" decided in *Pino* was whether those defendants qualified as statutory sellers "based on their *social media communications* to prospective investors." *Id.* at 1257 (emphasis added). On those allegations, the court could find that Cardone qualified as "the person who successfully solicit[ed] the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Id.* at 1259 (quoting *Pinter*, 386 U.S. at 647); *see id.* at 1260 (holding that "a person can solicit a purchase, within the meaning of the Securities Act, by promoting the sale of a security in a mass communication."). Of course, nothing of the sort is alleged in the Complaint here.

Moreover, *Pino* did not even address, much less purport to overturn, the line of cases explicitly holding that allegations of underwriters' participation in the routine aspects of a public

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

6

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

securities offering (such as those in Complaint ¶¶ 8, 40, 278, 290) are insufficient to plead the actions necessary to constitute "solicitation." *See, e.g.*, *Welgus*, 2017 WL 6466264, at *31 (dismissing Section 12(a)(2) claims against underwriters based on "conclusory and insufficient" allegations regarding the tasks performed by underwriters in connection with a public offering); *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 351 F. Supp. 2d 334, 406 (D. Md. 2004) (dismissing Section 12(a)(2) claim against underwriters based on allegation that they prepared prospectus and orchestrated "all activities necessary to effect the sale of these securities to the investing public").

If any Underwriter Defendant solicited Plaintiffs' alleged purchase of BLI shares—as distinct from merely performing the expected duties of an underwriter in a typical IPO—then Plaintiffs would have alleged those facts in plain terms. The Complaint includes no such allegations. Where, as here, the Complaint lacks adequate "passage of title" or "solicitation" allegations as to the Underwriter Defendants, Plaintiffs' Section 12(a)(2) claims must be dismissed as to all of them.

### C.  Lead Plaintiff Lacks Standing to Bring a Section 12(a)(2) Claim

As set forth in Section IV(D) of the Motion, a Section 12(a)(2) claim can only be brought by investors who purchased securities directly in BLI's IPO, as distinct from the secondary market. Plaintiffs do not dispute that standing requirement. Nor do they dispute that Lead Plaintiff fails to—and cannot—allege that he purchased BLI shares in the IPO. Thus, Plaintiffs concede that Lead Plaintiff lacks standing to bring a Section 12(a)(2) claim.

While they maintain that the other named plaintiff, Retirement System, does have standing to allege a Section 12(a)(2) claim,[4] this allegation does not confer on Lead Plaintiff standing to pursue his claim. Plaintiffs' reliance on *Sientra* is misplaced. The *Sientra* court held that a specific plaintiff, Quad, had standing to assert a Section 12(a)(2) claim because the complaint alleged that—unlike Lead Plaintiff here—Quad had purchased shares in the offering. 2016 WL 3360676, at *18. There is nothing remarkable about that holding. Contrary to the misleading parenthetical in Plaintiffs' Opposition, the court in *Sientra* did ***not*** hold that one

---

[4] The Underwriter Defendant's challenge to Plaintiffs' inability to satisfy Section 12(a)(2)'s "statutory seller" requirement is an *independent* basis for challenging the Section 12(a)(2) claim brought by *both* named plaintiffs against all of the Underwriter Defendants.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

7

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

named plaintiff's alleged purchase of shares in the IPO somehow confers standing on other named co-plaintiffs to assert a Section 12(a)(2) claim.

Plaintiffs' other cited case, *Feyko v. Yuhe Int'l, Inc.*, 2013 WL 816409 (C.D. Cal. Mar. 5, 2013), actually *supports* the Underwriter Defendants' argument. Plaintiffs quote the *Feyko* court's ruling that the lead plaintiff "stated a [Section 12(a)(2)] claim on behalf of *itself and all class members who purchased pursuant to the offering.*" *Id.* at *9 (emphasis added). But Plaintiffs conspicuously omit the next sentence of the *Feyko* decision, which held that "to the extent members of the subclass hold shares that are only *traceable to* the second offering,"—i.e., to the extent that any named plaintiffs or putative class members cannot establish that *they* purchased shares *in* the offering—"their [Section 12(a)(2)] claims are *dismissed with prejudice.*" *Id.* (emphasis added). The same outcome is required here, where Lead Plaintiff does not—and, as evidenced by his certification, cannot—allege that he purchased shares in the BLI offering.

Neither case law nor any well-pled allegations in the Complaint lend credence to Plaintiffs' contention that "*both* [Lead Plaintiff] Damelio and the Retirement System alike . . . have standing to pursue Section 12(a)(2) claims against the Underwriter Defendants," or *any* defendant for that matter. Opp. at 37. Here, Lead Plaintiff fails to allege that he purchased BLI shares in the IPO. That requires dismissal of his Section 12(a)(2) claim with prejudice, regardless of whether Plaintiff Retirement System has standing to bring a Section 12(a)(2) claim. *See Farhat v. Wells Fargo Bank, N.A.*, 2019 WL 3254187, at *2 (N.D. Cal. July 19, 2019) (Gilliam, J.) (citing *McKesson HBOC v. N.Y. State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003)) ("dismissal without leave to amend is proper when it is clear that the complaint could not be saved by any amendment").

Plaintiffs wrongly claim that there is no precedent "to dismiss Lead Plaintiff's claim while allowing the Retirement System to proceed." For example, in *Katz v. China Century Dragon Media, Inc.*, 2011 WL 6047093, at *5 (C.D. Cal. Nov. 30, 2011), the court held that one named plaintiff had standing to bring a Section 12(a)(2) claim because he alleged that he had purchased IPO shares from one of the underwriters. The claims of two other named plaintiffs were dismissed, however, because they did *not* have standing to bring a Section 12(a)(2) claim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG
8
UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS

inasmuch as they failed to plead that they had purchased their shares in the IPO. *See also Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018, 1036–37 (N.D. Cal. 2014) ("[I]n a class action . . . each named plaintiff must meet the standing requirements . . . ."). Even a cursory review of the two cases that Plaintiffs cite, *In re DDi Corp. Sec. Litig.*, 2005 WL 3090882 (C.D. Cal. July 21, 2005) and *In re Ubiquitti Networks, Inc. Sec. Litig.*, 33 F. Supp. 3d 1107 (N.D. Cal. 2014), shows that neither stands for the proposition that anything prevents the court from dismissing one named plaintiff's Section 12(a)(2) claim for lack of standing. Where, as here, Lead Plaintiff does not allege that he purchased directly in BLI's IPO, he lacks standing to bring a Section 12(a)(2) claim against any defendant. Lead Plaintiff's Section 12(a)(2) claim should be dismissed with prejudice, regardless of whether Retirement System has standing to bring such a claim.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' claims against the Underwriter Defendants should be dismissed in their entirety without leave to amend.

Dated: February 17, 2023

MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Charlene S. Shimada*
Charlene S. Shimada

Attorneys for Defendants
*J.P. Morgan Securities LLC, Morgan Stanley & Co. LLC, Cowen and Company, LLC, and William Blair & Company L.L.C.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CASE NO. 4:21-cv-09497-HSG

9

UNDERWRITER DEFENDANTS'
REPLY IN SUPPORT OF MOTION TO DISMISS