EVAN L. SEITE, State Bar No. 274641
KEITH E. EGGLETON, State Bar No. 159842
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email:  eseite@wsgr.com
          keggleton@wsgr.com

*Attorneys for Defendants Celesta Capital
(f/k/a WRVI Capital), Walden Riverwood
GP, LLC, Walden Riverwood Ventures,
L.P., WIIG Communications Management
LLC, WRV-BLI LLC, WRV-BLI II, LLC,
WRV-BLI III LLC, WRV-BLI IV, LLC,
WRV GP II, LLC, and WRV II, L.P.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BERKELEY LIGHTS, INC., et al., <br><br> Defendants. | CASE NO.:  4:21-cv-09497-HSG <br><br> **CELESTA DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** <br><br> Date:  March 16, 2023 <br> Time:  2:00 p.m. <br> Judge:  Haywood S. Gilliam, Jr. |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................2

    Plaintiffs Need to Plead Actual Control of Celesta Over BLI ...........................................2

    Celesta's Minority Stock Ownership Does Not Plead Control ..........................................3

    Celesta's Appointment of One Director to the Board Does Not Plead Control ..................4

    Celesta's Limited Access to Certain Company Information Does Not Plead Control .......5

    Plaintiffs Fail to Plead Collective Control .......................................................................5

CONCLUSION .....................................................................................................................7

**INTRODUCTION[1]**

Plaintiffs' Opposition does nothing to save their control person claim against Celesta. As Celesta demonstrated in its Motion, Plaintiffs were required, but failed, to plead that Celesta was active in the day-to-day operations of BLI or that Celesta was involved in the issuance of the alleged misstatements. Plaintiffs dance around this requirement and insist that they only need to plead some "control relationship" between Celesta and BLI. Opp. at 47-48. However, Plaintiffs' own authorities make clear that Plaintiffs must plead specific facts that Celesta directed the day-to-day affairs of the Company or that it exercised specific control over the preparation and release of the alleged misstatements. *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1067 n.13 (9th Cir. 2000) (cited in Opp. at 47-48). Plaintiffs' hodgepodge of allegations fails to plead Celesta's control.

*First*, Celesta showed that courts in this District have repeatedly held that a defendant's ability to appoint one director to the board, minority stock ownership, and limited rights to certain company information—either considered individually or together—are insufficient to plead control over a company. Plaintiffs fail to respond to Celesta's arguments and authorities and simply repeat their insufficient allegations. *Second*, Plaintiffs' allegations of "collective control" fall short because they fail to plead how Celesta acted together with other defendants to control BLI. The Company's statement indicating the ability of unnamed officers, directors, or stockholders to control BLI if acting together, at best, pleads only a potential "general level of control," which the Ninth Circuit has held to be insufficient. *Id.* at 1067. And Plaintiffs'

---

[1] References to "Motion" or "Mtn." mean the Celesta Defendants' Motion to Dismiss Amended Complaint and Joinder to Motion to Dismiss of BLI Defendants and Memorandum of Points and Authorities in Support Thereof (ECF No. 131); "Opposition" or "Opp." means the Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss (ECF No. 137); "Compl." means the Amended Complaint (ECF No. 89); "Celesta" or "Celesta Defendants" means Celesta Capital (f/k/a WRVI Capital), Walden Riverwood GP, LLC, Walden Riverwood Ventures, L.P., WIIG Communications Management LLC, WRV-BLI LLC, WRV-BLI II, LLC, WRV-BLI III LLC, WRV-BLI IV, LLC, WRV GP II, LLC, and WRV II, L.P; and "BLI" or the "Company" means Berkeley Lights, Inc.

For the reasons set forth in the BLI Defendants' Reply In Support of the Motion to Dismiss, which Celesta joins, the control person claims against Celesta should be dismissed for Plaintiffs' failure to allege a primary violation of the securities laws. *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012). Celesta also joins in the control person arguments made by Sequoia Capital and Nikon Corporation.

allegation that Celesta "forced" the Company to conduct the Secondary Public Offering in November 2020 (the "SPO") is based on nothing more than unsupported speculation.

**ARGUMENT**

***Plaintiffs Need to Plead Actual Control of Celesta Over BLI.*** In its Motion, Celesta showed that Plaintiffs must, but failed to, "allege specific facts concerning [Celesta's] responsibilities within the company that demonstrate [its] involvement in the day-to-day affairs of the company or specific control over the preparation and release of the allegedly false and misleading statements" to survive dismissal. *Welgus v. TriNet Grp., Inc.*, No. 15-cv-03625-BLF, 2017 WL 167708, at *12 (N.D. Cal. Jan. 17, 2017); *see* Mtn. at 4. Plaintiffs ignore the numerous authorities that require such allegations to plead a control person claim and argue that "the only inquiry is whether the plaintiff has alleged a *control relationship* between the defendant and a primary violator." Opp. at 47 (emphasis original). However, Plaintiffs' own authority from the Ninth Circuit held that a "general level of control" is insufficient to state a control person claim. *Howard*, 228 F.3d at 1067 (cited in Opp. at 47-48). Instead, the court made clear that Plaintiffs must plead facts showing that Celesta "was active in the day-to-day affairs of [BLI] or that [it] exercised any specific control over the preparation and release" of the alleged misstatements. *Id.* at 1067 n.13; *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1162-63 (9th Cir. 1996) (allegation that defendant "exercise[d] control over the 'management and policies' of [the company]" or that it "direct[ed] its day-to-day affairs" "is a necessary element of 'controlling person' liability"); *see also Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1052-53 (N.D. Cal. 2019) ("[A] Section 20(a) defendant must control 'management and policies' of the company or 'direct its day-to-day affairs.'"), *aff'd*, 994 F.3d 1102 (9th Cir. 2021); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015) (similar).

Plaintiffs also repeatedly suggest that a control person claim is "fact intensive" and cannot be decided at the motion to dismiss stage. Opp. at 48, 53 n.31. Courts in this District have frequently dismissed control person claims because plaintiffs failed to sufficiently plead control. *E.g.*, *SolarCity*, 2015 WL 1906105, at *5; *Golub*, 372 F. Supp. 3d at 1053; *In re Splash Tech.*

*Holdings, Inc. Sec. Litig.*, No. C 99-00109 SBA, 2000 WL 1727405, at *16 (N.D. Cal. Sept. 29, 2000).

Finally, although Plaintiffs claim that "the heightened pleading standard of Rule 9(b) does not apply to §§ 15 or 20(a) claims" (Opp. at 48), there is ample authority within this district supporting a particularity requirement. *See, e.g.*, *In re Atmel Corp. Derivative Litig.*, No. C 06-4592 JF (HRL), 2008 WL 2561957, at *11 (N.D. Cal. June 25, 2008) (applying heightened pleading standard to control person claim); *Splash*, 2000 WL 1727405, at *15 (same). In any event, Plaintiffs' control person claim against Celesta fails even under the more liberal Rule 8(a) standard.

***Celesta's Minority Stock Ownership Does Not Plead Control.*** Celesta demonstrated that courts in this District have held—and the Ninth Circuit has affirmed—that "holding a minority share of a company does not establish control person liability." *Golub*, 372 F. Supp. 3d at 1053; Mtn. at 4-5. Plaintiffs ignore Celesta's authorities. Instead, Plaintiffs selectively quote from cases decided outside of this District to argue that Celesta's position as minority shareholder is enough to state a control person claim. Opp. at 52-53. But Plaintiffs' own authority recognizes that "the court cannot find that a control person claim is adequately pled on [minority interest] alone." *In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-06352 MMM (JCGx), 2013 WL 174119, at *36, *34 (C.D. Cal. Jan. 16, 2013) ("The fact that a company has representatives on another company's board, and that it holds a minority stock interest are also insufficient to establish control person liability.") (cited in Opp. at 52).[2] Plaintiffs fall back on their allegation that the Control Defendants collectively owned a majority of BLI's outstanding stock. Opp. at 53. However, as discussed below, Plaintiffs fail to plead how Celesta acted in concert with other defendants to purportedly control the Company. *See infra* pp. 6-7.

---

[2] While relying on a string of out-of-circuit cases, Plaintiffs argue that "business relationships, interlocking directors, family relationships and a myriad of other factors" may establish control in the absence of a majority shareholding. Opp. at 53 n.31 (quoting *One Longhorn Land I, L.P. v. FF Arabian, LLC*, No. 4:15cv203-RC-CMC, 2015 WL 7432360, at *3 (E.D. Tex. Nov. 23, 2015)). Plaintiffs, however, do not plead any business or familial relationship between Celesta and BLI or other Control Defendants to be the basis of Celesta's control.

***Celesta's Appointment of One Director to the Board Does Not Plead Control.***  Celesta showed that its ability to appoint one director to the Board, even coupled with its minority shareholdings, is insufficient to plead a control person claim.  Mtn. at 4-5.  Plaintiffs continue to argue that Celesta "had the power to, and did, appoint numerous BLI board members."  Opp. at 52, 48.  But Plaintiffs still do not (and cannot) name any Board member who Celesta appointed other than Defendant Marks.  *Id.*; *see* Mtn. at 3 n.1.

Celesta also demonstrated that its appointment of Defendant Marks to the Board does not plead control because "Plaintiffs do not allege that Celesta controlled Marks as a BLI director nor plead any facts that Celesta controlled the day-to-day operations of BLI through Marks."  Mtn. at 5 (citing authorities).  In their Opposition, Plaintiffs argue that a control person claim can be pleaded "by virtue of [a defendant's] executive and managerial positions."  Opp. at 47-48; *see also id.* at 50-52.  Even if this were sufficient—and it is not[3]—Plaintiffs' argument is irrelevant because Celesta, as an entity, did not hold any executive or managerial position at BLI and Plaintiffs do not allege that Celesta controlled any BLI officer or director to direct the Company's affairs.  *See Welgus*, 2017 WL 167708, at *13 (rejecting plaintiff's "assertion that General Atlantic exercised control over the Company through its two representatives on TriNet's Board" because plaintiff failed to plead "any facts to show that General Atlantic actually had the power to and did control TriNet's activities or direct how [the two Board members] controlled those activities");

---

[3] As Plaintiffs admit (Opp. at 52), the Ninth Circuit has held that a "director 'is not automatically liable as a controlling person.  There must be some showing of actual participation in the corporation's operation or some influence before the consequences of control may be imposed.'"  *Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984); *compare id.* (directors who were "uninvolved in [the company's] day to day operations" were not control persons) *and Howard*, 228 F.3d at 1067 n.13 (director not control person because no allegations that he "had the requisite actual authority over the preparation of the financial statements necessary to find him a control person."), *with Cylink*, 178 F. Supp. 2d at 1089 (CEO, CFO, and VP of Sales were control persons because they "had the power to control and influence [Cylink], which they exercised." (cited in Opp. at 47-48)), *Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 1070116, at *14 (N.D. Cal. Feb. 27, 2018) (certain officers and directors were control persons because they "participated in the drafting, preparation and/or approval of" the alleged misstatements and the director defendants sat on board committees that "had the power and ability to control the Company's conduct, reputation and disclosures." (cited in Opp. at 51)), *and In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-00265-EMC, 2016 WL 324150, at *25-26 (N.D. Cal. Jan. 27, 2016) (company's CEO was control person because he "ran the day-to-day operations" (cited in Opp. at 47)).

*Energy Recovery*, 2016 WL 324150, at *26 (cited in Opp. at 47) (dismissing control person claim when there was "no allegation that [defendant] directed or exercised control over [CEO] who allegedly made the false and misleading statements").

**Celesta's Limited Access to Certain Company Information Does Not Plead Control.** In its Motion, Celesta showed that limited access to company information does not state a control person claim. Mtn. at 5. Without responding to Celesta's authorities, Plaintiffs only repeat their conclusory claim that Celesta's limited information rights plead that it was "involved in or had unique insight into the day-to-day operations of BLI, and thus, the underlying fraud." Opp. at 53. The right to receive certain Company information does not plead that Celesta "was active in the day-to-day affairs of [the Company] or that [it] exercised any specific control over the preparation and release of the [alleged misstatements]" and is insufficient to plead control. *Howard*, 228 F.3d at 1067 n.13.

**Plaintiffs Fail to Plead Collective Control.** Celesta showed that Plaintiffs do not plead collective control by lumping unrelated "Control Defendants" together because they fail to allege that Celesta acted with any other defendant(s) to control BLI. Mtn. at 5-6; *see also Shankar v. Zymergen Inc.*, No. 21-cv-06028-VC, 2022 WL 17259057, at *3 (N.D. Cal. Nov. 29, 2022) (dismissing control person claim because plaintiff "has not offered sufficient allegations to suggest that the 'Controlling Stockholders' acted in concert."). Plaintiffs try to remedy their failure by claiming that BLI "acknowledged that the Control Defendants had the ability to control the Company" in the Company's IPO Prospectus (Opp. at 50) and that the Control Defendants "forced" BLI to conduct the SPO (*id.* at 52). Both allegations fail.

*First*, the Company did not admit to control. The IPO Prospectus states that "our executive officers, directors and principal stockholders . . . , **if they act together**, will be able to control the management and affairs of our company." Compl. ¶ 66 (emphasis added). This statement that **unspecified** officers, directors, and shareholders **could** control BLI through collective action is not an admission that the specific Control Defendants exercised actual control over BLI. *See* Mtn. at 6 n.3. Even if it is read to mean that the Control Defendants had the **potential** ability to control the

Company, the statement—at the very most—pleads a "general level of control," which the Ninth Circuit has held to be insufficient to state a control person claim. *Howard*, 228 F.3d at 1067 (requiring "specific indication that [defendant] supervised or had any responsibility for the preparation of the financial statements" to plead control person claim); *cf. Golub*, 372 F. Supp. 3d at 1053 (holding that statement in merger agreement that Gigamon must "refrain from changing the operation of its business or engaging in a variety of activities without the express written consent of" the Defendants was "boilerplate language that is insufficient to give the . . . Defendants control over Gigamon").

*Second*, Plaintiffs' claim that the Control Defendants "convince[d] the Company to undergo" the SPO is unsupported by any factual allegations. Opp. at 52. Plaintiffs allege that the "SPO was unusual" due to its timing and "also because the underwriters for the IPO agreed to allow the selling stockholders to exit their IPO lockup agreements early." Compl. ¶ 42. However, nothing in the Complaint supports Plaintiffs' claim that Celesta, alone or with other defendants, forced BLI (or the underwriters) to undergo the SPO.[4] Such conclusory allegations, which are based on nothing more than speculation, cannot state a control person claim against Celesta or the Control Defendants. *See SolarCity*, 2015 WL 1906105, at *5 (allegation that defendant controlled SolarCity through CEO because the CEO was defendant's cousin was "speculation based upon [defendant's] familial relationship with [CEO] and not a reasonable inference supported by any facts indicating that [defendant] actually had the power to control SolarCity's activities or to direct how [the CEO] controlled those activities."); *see also Welgus*, 2017 WL 167708, at *13 (dismissing control person claim because "the fact that General Atlantic was a controlling shareholder and had to approve TriNet's two share offerings does not indicate that General Atlantic participated in the Company's day-to-day oversight or was authorized to control the preparation of financial statements.").

Finally, throughout their Opposition, Plaintiffs conflate the court's duty to consider

---

[4] Plaintiffs' speculative inference is especially unconvincing given that Sequoia Capital—an alleged "Control Defendant"—did not participate in the SPO. *See* Compl. ¶¶ 42, 76.

Plaintiffs' allegations holistically with Plaintiffs' burden to plead "collective control." Opp. at 54-55. But even considering Plaintiffs' allegations "holistically," Plaintiffs still need to plead that Celesta acted together with the Control Defendants to control BLI. *See Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) (absent "additional allegations that the venture capital firms acted together to control [the company], these allegations of control by virtue of collective ownership are conclusory and unconvincing."). Plaintiffs' conclusory allegations, considered either individually or in its entirety, do not plead that Celesta, alone or with the other purported Control Defendants, exercised actual control over the Company.

## CONCLUSION

The Celesta Defendants respectfully submit that they should be dismissed from this action with prejudice.

Dated: February 17, 2023

Respectfully submitted,

By: */s/ Evan L. Seite*
Evan L. Seite, State Bar No. 274641

Wilson Sonsini Goodrich & Rosati P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: eseite@wsgr.com

*Attorneys for the Celesta Defendants*