QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Harry A. Olivar, Jr. (Bar No. 143089)
  harryolivar@quinnemanuel.com
  Zoe K. Beiser (Bar No. 332155)
  zoebeiser@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:     (213) 443-3000
Facsimile:     (213) 443-3100

  Linda J. Brewer (Bar No. 217730)
  lindabrewer@quinnemanuel.com
  Victoria B. Parker (Bar No. 290862)
  vickiparker@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

*Attorneys for Defendant Sequoia Capital*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| VICTOR J. NG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY LIGHTS, INC., et al.,<br><br>Defendants. | Case No.  4:21-cv-09497-HSG<br><br>**DEFENDANT SEQUOIA CAPITAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Judge:  Hon. Haywood S. Gilliam, Jr.<br>Date:   March 16, 2023<br>Time:   2:00 p.m.<br>Ctrm:   2 |

Plaintiffs' opposition makes clear that Plaintiffs have not alleged sufficient facts to establish control person claims against Sequoia.[1]  The Amended Complaint attempts to group Sequoia with unrelated companies, the Celesta Capital Defendants and Nikon, and with BLI's co-founder, Igor Khandros, to create a controlling shareholder in the aggregate where no controlling shareholder exists.  Plaintiffs' arguments in support of this tactic should be rejected.  The law provides that a defendant's status as a minority shareholder, with a director on the board, is insufficient to establish control person liability.  Under relevant Ninth Circuit case law, Plaintiffs' claims under Section 20(a) of the Exchange Act and Section 15 of the Securities Act against Sequoia should be dismissed. *Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1163 (9th Cir. 1996).

As an initial matter, for the reasons stated in the BLI Defendants' Motion to Dismiss and Reply (which Sequoia joins and incorporates), Plaintiffs have failed to allege a primary violation of the securities laws.  Plaintiffs' control person claims thus fail.  *See In re Rigel Pharm. Sec. Litig.*, 697 F.3d 869, 886 (9th Cir. 2012); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1082 (N.D. Cal. 2010).

Further, Plaintiffs have failed to allege facts that support control person claims against Sequoia.  Among other things Plaintiffs have failed to allege facts showing that Sequoia "exercised actual power or control" over BLI.  *Webb v. Solarcity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018) (citation omitted); *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1065 (9th Cir. 2000) (same); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) ("[A] plaintiff must . . . show that the defendant exercised actual power over the primary violator.").[2]  Although Plaintiffs agree that exercise of "actual power or control" is required, (Opp. at 47), they nevertheless argue elsewhere that they need not allege "the exercise of actual power" and that just the "potential ability" to exert control is sufficient.  Opp. at 47, 51.  But that is an incorrect statement of Ninth Circuit law.

---

[1]  Capitalized terms not otherwise defined have the meaning stated in Sequoia's Motion to Dismiss ("Mot.") (ECF No. 132).  "Opposition" or "Opp." refers to Plaintiffs' Omnibus Opposition to Defendants' Motions to Dismiss (ECF No. 137).

[2]  Sequoia also joins in the control person arguments advanced by the Celesta Capital Defendants and Nikon.

Plaintiffs rely on *Howard*, but the language on which they rely pertained to whether there must be actual participation in or the exercise of power over the particular securities law violation at issue. *See Howard*, 228 F.3d at 1065. This is clear from the discussion in *Howard*, which discussed the holding in *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1575 (9th Cir. 1990), that a plaintiff is no longer required to show culpable participation in the particular violation at issue. *Howard*, 228 F.3d at 1065. But that does not excuse the "exercised actual power or control" requirement made clear in *In re NVIDIA Corporation Securities Litigation* and other recent cases.

Plaintiffs also cite *In re Cylink Securities Litigation*, 178 F. Supp. 2d 1077, 1089 (N.D. Cal. 2001), but there, the district court concluded that a control person claim was alleged against individual defendants that had managerial power, based on allegations that through their "executive and managerial positions had the power to control and influence [Cylink], which they exercised." *Id.* Nothing like that is alleged as to Sequoia here.

Even applying Plaintiffs' incorrect standard, that they must plead only "the 'power to direct' . . . in the absence of the actual exercise of that power," (Opp. at 47), Plaintiffs have failed to state a control person claim against Sequoia. Sequoia was an outside minority shareholder that appointed a board member (AC ¶ 27); Plaintiffs have not plausibly alleged Sequoia had the power to direct or control the Company in any respect. *See Paracor Fin., Inc.*, 96 F.3d at 1163 (no control person liability where the defendant did not "exercise control over the 'management and policies' of [the company], nor did it direct its day-to-day affairs in any sense"); *Golub v. Gigamon Inc.*, 372 F. Supp. 3d 1033, 1052-53 (N.D. Cal. 2019) ("[A] Section 20(a) defendant must control 'management and policies' of the company or 'direct its day-to-day affairs.'") (citation omitted).

Plaintiffs point to their allegation that various "Control Defendants had enormous equity positions in BLI" and that they sold these positions during a Secondary Public Offering (Opp. at 51-52). But not only is this allegation regarding selling shares in the Company irrelevant to showing that a particular defendant exercised "actual power or control," but it does not apply to Sequoia. Sequoia did *not participate* in the SPO. AC ¶¶ 42, 76, 160. In fact, Plaintiffs' focus on this allegation demonstrates that Sequoia was not "acting together" with the other shareholder defendants.

Plaintiffs' contention that Sequoia's appointment of a director to BLI's board, who sat on two committees, is sufficient to state a claim against Sequoia is similarly incorrect under the law. Opp. at 52. Mere ability to appoint a director is not sufficient for control person status. Plaintiffs cite case law considering whether *individual director or manager defendants* (not appointing shareholders) were alleged to have sufficient power or control over a company based on those individuals' managerial positions and authority. In *In re Energy Recovery Inc. Securities Litigation*, the court concluded there were sufficient control person allegations against *the company's Chief Executive Officer* that "ran the day-to-day operations" of the company (but not against the company's Chief Marketing Officer, because there were no allegations that she "directed or exercised control over [the CEO] who allegedly made the false and misleading statements"). *In re Energy Recovery Inc. Sec. Litig.*, No. 15-cv-00265-EMC, 2016 WL 324150, at *25-26 (N.D. Cal. Jan. 27, 2016); *see also Arthur Children's Trust v. Keim*, 994 F.2d 1390, 1397 (9th Cir. 1993) (considering whether individual defendant who was a member of the "Management Committee" whose "decisions . . . were binding" on the joint venture and was a "vocal and active participant in the management of the venture" exercised sufficient control over its management).

Plaintiffs cite no case law that supports their argument that an outside shareholder's ability to elect a director is sufficient to demonstrate actual power or control, and cases in fact hold the opposite. *See, e.g.*, Mot. at 4-5; *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. 1217, 1243 (N.D. Cal. 1994) ("[P]osition as a minority shareholder . . . with an agent on the board does not establish control person liability."). Plaintiffs allege that the director that Sequoia appointed "served on the Compensation Committee and Nominating and Corporate Governance Committee," (AC ¶ 61) but do not allege that the committee seat gave the director, let alone Sequoia, power to manage the corporation's affairs.[3] Similarly, Plaintiffs argue that Sequoia "had information rights" and "unique insight," (Opp. at 54), but nowhere explain how that translated into exercise of "actual power or control." *See Golub*, 372 F. Supp. 3d at 1053 (no control person liability based on defendants'

---

[3] Notably, courts have found that a director signing a registration statement or other SEC filings does *not* equate to the shareholder who appointed the director performing those functions. *See, e.g.*, *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 264 (S.D.N.Y. 2020).

-3-

ability to access company's books and records, among other things, because that did not "grant [the defendants] control over those things"); *Paracor Fin., Inc.*, 96 F.3d at 1163.  It does not.

Trying to salvage their claims, Plaintiffs argue that minority ownership alone does not defeat a control person claim.  But the case they cite is again distinguishable – far more was alleged to support a control person claim in that case.  Opp. at 52-53.  In *In re Refco, Inc. Securities Litigation*, 503 F. Supp. 2d 611 (S.D.N.Y. 2007), the court held that a control person claim was sufficiently alleged based on allegations of involvement in day-to-day management against certain defendants, including the company's Executive Vice President and General Counsel, who was alleged to be "directly involved in [the company's] day-to-day operations, including financial reporting and accounting."  *Id.* at 638; *see also In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at *36 (C.D. Cal. Jan. 16, 2013) ("[T]he court cannot find that a control person claim is adequately pled on that basis alone [that the entity held a minority interest in the company].").  Again, that does not apply to Sequoia.

Plaintiffs attempt to lump Sequoia with the other, unrelated "Control Defendants," to combine each of those shareholders' equity stakes, and argue that statements in the IPO Prospectus that various "directors, officers, and principal stockholders have significant voting power" and "may take actions that may not be in the best interests of our stockholder" are sufficient to establish control liability.  AC ¶ 65; Opp. at 50-55.  These statements in the prospectus do not evidence "actual power" to direct the management of the company by Sequoia.  Plaintiffs' only citation in support, *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 1070116, at *14 (N.D. Cal. Feb. 27, 2018), concerned officer and director defendants that held various executive and managerial positions – not minority shareholders.  Opp. at 50-51.  Moreover, Plaintiffs do not point to *any* allegations in the Amended Complaint that plausibly allege the various shareholders were acting collectively to exercise "actual power or control" over BLI.  Particularly without such allegations, Plaintiffs cannot combine various individual shareholders to create a "control person."  *See Fouad v. Isilon Sys., Inc.*, No. C07-1764 MJP, 2008 WL 5412397, at *13 (W.D. Wash. Dec. 29, 2008) (rejecting control person claims where plaintiffs, "[w]ithout alleging that the Venture Capital Defendants controlled [the company] by acting in concert, Plaintiffs combine the three venture

capital groups" to allege their collective beneficial ownership and appointed directors); *Shankar v. Zymergen Inc.*, No. 21-CV-06028-VC, 2022 WL 17259057, at *3 (N.D. Cal. Nov. 29, 2022) (dismissing control person claims against shareholders where there were not "sufficient allegations to suggest that the 'Controlling Stockholders' acted in concert").

Plaintiffs cite *In re Cobalt International Energy, Inc.*, No. CV H-14-3428, 2016 WL 215476 (S.D. Tex. Jan. 19, 2016), but there, applying the Fifth Circuit's "'relaxed' and 'lenient' pleading standard" for evaluating control person liability, the court concluded there were allegations that the defendants had exercised control over the management of the company based on facts about those defendants' control or influence including, among other things, a stockholder agreement. *Id.* at *11.[4] Here, even if the defendant shareholders could be lumped together (they cannot), Plaintiffs have not alleged Sequoia and the other defendants, individually or collectively, had control over the day-to-day affairs or management of the company. *See Paracor Fin., Inc.*, 96 F.3d at 1163.

Finally, although Plaintiffs argue that the question whether exercise of power to control is sufficiently alleged "presents 'a complex question of fact,'" (Opp. at 48), courts have not hesitated to dismiss control person liability claims against outside shareholder defendants in circumstances similar to these. *See, e.g.*, *Fouad*, 2008 WL 5412397, at *13 (dismissing control person claims against Sequoia and two venture capital firms that were each "minority shareholders with one appointed member" on the board); *In re Gupta Corp. Sec. Litig.*, 900 F. Supp. at 1243 (dismissing control person claim against minority shareholder with agent on the board); *Bao v. SolarCity Corp.*,

---

[4]  In a footnote, Plaintiffs cite various cases from the Fifth (not the Ninth) Circuit to argue that "[i]ndirect means of discipline or influence . . . . may arise from *business relationships, interlocking directors, family relationships and a myriad of other factors*." Opp. at 53 n.31. But the Amended Complaint does not even include such factual allegations of influence or control by Sequoia. For instance, *One Longhorn Land I, L.P. v. FF Arabian, LLC*, 2015 WL 7432360 (E.D. Tex. Nov. 23, 2015), involved an individual defendant's "continuously and systematically exert[ing] paternal and financial influence and control over [his son] Brian Presley in order to direct or cause the direction of Brian Presley's actions relating to" management of the company, among other things. *Id.* at *3 (quotation mark omitted). In *Hill York Corp. v. American International Franchises, Inc.*, 448 F.2d 680, 694 (5th Cir. 1971), the alleged control defendants, among other things, "told [the primary violators] how to organize the corporation, how to solicit additional capital, and supplied them tangible paraphernalia for executing the scheme." Such allegations are a far cry from the scant allegations against Sequoia here.

No. 14-CV-01435-BLF, 2015 WL 1906105, at *5 (N.D. Cal. Apr. 27, 2015) (dismissing 30% shareholder who was also board chairman); *Golub*, 372 F. Supp. 3d at 1053 (dismissing control person claim against minority shareholder); *Shankar*, 2022 WL 17259057, at *3 (dismissing control person claim against minority shareholders); *O'Sullivan v. Trident Microsystems*, No. C 93–20621 RMW (EAI), 1994 WL 124453, at *18 (N.D. Cal. 1994) (dismissing control person claim against minority shareholder with agent on the board).

For the foregoing reasons, Sequoia respectfully requests that the Court grant its Motion to Dismiss with prejudice.

DATED:  February 17, 2023

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By _____ */s/ Harry A. Olivar, Jr.* _____
HARRY A. OLIVAR, JR.
*Attorneys for Defendant Sequoia Capital*